IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:16-cr-26 (TMR) |
| | : | |
| v. | : | |
| | : | |
| ROBERT JONES | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
AMENDED MOTION TO SUPPRESS**

The United States of America, by and through its attorney, Benjamin C.
Glassman, United States Attorney for the Southern District of Ohio, and the
undersigned Assistant United States Attorney, respectfully submits the following
supplemental response in opposition to Defendant Robert Jones' Amended Motion
to Suppress ("Am. Mot.") (R. 53, Am. Mot., 743-760). For the reasons below and the
reasons previously advanced by the government in its original opposition (R. 40,
Govt. Resp. to Mot. to Suppress, 422-467), Jones' motion to suppress should be
denied.

## ARGUMENT[1]

### A. The magistrate judge was authorized under Rule 41 to issue the NIT Warrant.

In his amended motion, Jones renews his argument that the magistrate judge in the Eastern District of Virginia who authorized the NIT Warrant lacked the authority to do so. (*Compare* R. 53, Am. Mot.,746-750 *with* R. 33, Motion to Suppress ("Mot."), 116-119.) Jones advances no new arguments in his amended motion, but simply declares (as he did previously) that the magistrate lacked jurisdiction under Rule 41 to authorize the NIT Warrant and therefore it was void *ab initio*. The government responded to this argument in its prior filing and incorporates those arguments by reference. (R. 40, Govt. Resp. to Mot.to Suppress, 445-448.) Since the government's original response, nine additional decisions have been issued (for a total of eleven decisions) holding that the NIT Warrant was properly authorized under the pre-amended version of Rule 41:[2]

---

[1] The background of the case, including specifics about the NIT Warrant's execution, is detailed in the government's original response.

[2] On December 1, 2016, the amendments to Rule 41 took effect that, among other things, clarified that magistrate judges had authority to issue NIT-like warrants. *See* Fed. R. Crim. P. 41(b)(6)(A) ("a magistrate judge with authority in any district where activities related to a crime may have occurred has authority to issue a warrant to use remote access to search electronic storage media and to seize or copy electronically stored information located within or outside that district if . . . the district where the media or information is located has been concealed through technological means"); *see also* June 20, 2016 Blog Posting by Assistant Attorney General Leslie R. Caldwell, United States Department of Justice Blogs ("The amendments would not authorize the government to undertake any search or seizure or use any remote search technique, whether inside or outside the United States, that is not already permitted under current law.  The use of remote searches is not new and warrants for remote searches are currently issued under Rule 41."), *available at* https://www.justice.gov/opa/blog/rule-41-changes-ensure-judge-may-

| Case | Holding/Relevant Language |
|---|---|
| *United States v. Darby*, No. 2:16-cr-16, 2016 U.S. Dist. LEXIS 74960 (E.D.Va. June 3, 2016) (cited in government's original response) | Explaining that Rule 41(b) already "gave magistrate authority to issue NIT Warrant" and that the amendments to Rule 41 that took effect December 1, 2016 merely "clarified" rather than expanded the scope of the rule. *Darby*, 2016 U.S. Dist. LEXIS 74960, at **36-37. |
| *United States v. Matish*, No. 4:16-cr-16, 2016 U.S. Dist. LEXIS 82279 (E.D. Va. June 23, 2016) (cited in government's original response) | Magistrate judge has authority under Rule 41(b)(4) to issue NIT warrant. *Matish*, 2016 U.S. Dist LEXIS 82279, at **53-61. |
| *United States v. Eure*, No. 2:16-cr-43, 2016 U.S. Dist. LEXIS 99168 (E.D. Va. July 28, 2016) | Following *Darby* and re-affirming that "Rule 41(b) allowed the magistrate judge to issue the NIT warrant." *Eure*, 2016 U.S. Dist. LEXIS 99168, at *28 (citation omitted). |
| *United States v. Jean*, 2016 U.S. Dist. LEXIS 123869 (W.D. Ark. Sept. 13, 2016) | "[T]his Court is persuaded that the investigative technique comports with Rule 41(b)(4)'s tracking exception. First, the NIT is an 'electronic device' within the meaning of 18 U.S.C. §3117(b), because it is an investigative tool consisting of computer code transmitted electronically over the internet. Second, the purpose of the NIT was to track the movement of 'property' – which in this case consisted of intangible 'information,' something expressly contemplated by the definition in Rule |

consider-warrants-certain-remote-searches (last accessed Dec. 23, 2016); December 12, 2014 Memorandum from David Bitkower, Deputy Assistant Attorney General, to The Honorable Reena Raggi, Chair, Advisory Committee on Criminal Rules re: DOJ's Response to Comments Concerning Proposed Amendment 41 ("The propos[ed amendment] . . . clarif[ies] Rule 41's current venue provisions in . . . two circumstances. The proposal would not authorize the government to undertake any search or seizure or use any remote search technique not already permitted under current law."), *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/1672786/rule-41-doj-memo-12-22-2014.pdf (last accessed Dec. 23, 2016)

| Case | Holding/Relevant Language |
|---|---|
| | 41(a)(2)(A)." *Jean*, 2016 U.S. Dist. LEXIS 123869, \*53; *see also id.* \*\*49-56 (court's complete Rule 41(b)(4) analysis) |
| *United States v. Smith*, No. 15-cr-467, R. 41, Opinion and Order Denying Motion to Suppress (S.D. Tex. Sept. 28, 2016) | "These facts about how the NIT functioned are more than enough to convince the Court that the warrant was justified, at the very least, under Rule 41(b)(4)." *Smith*, No.15-cr-467, Slip. Op. at 15 (S.D. Tex. Sept. 28, 2016) (attached as Exhibit A). |
| *United States v. Dzwonczyk*, No. 15-cr-3134, 2016 U.S. Dist. LEXIS 141297 (D. Neb. Oct. 5, 2016) | "[T]he officers acted pursuant to a warrant issued by a magistrate judge acting within the territorial boundaries of her authority under Fed. R. Crim. P. 41(b)(4)." *Dzwonczyk*, 2016 U.S. Dist. LEXIS 141297, at \*20. |
| *United States v. Johnson*, No. 15-cr-340, 2016 U.S. Dist. LEXIS 145180 (W.D. Mo. Oct. 20, 2016) | *Johnson*, 2016 U.S. Dist. LEXIS 145180, at \*\*12-19 (holding that NIT Warrant was an authorized tracking warrant under Rule 41) (following *Jean*, 2016 U.S. Dist. LEXIS 123869). |
| *United States v. Mascetti*, No. 16-cr-308 (M.D.N.C. Oct. 24, 2016) | Minute Entry noting that Mascetti's motion to suppress has been orally denied. |
| *United States v. Kienast*, No. 16-cr-103, 2016 U.S. Dist. LEXIS 157154 (E.D. Wis. Nov. 14, 2016) | "[I]t is reasonably arguable that the NIT was essentially a tracking device [under Rule 41] that the Virginia magistrate judge authorized the FBI to install on data retrieved from Website A by users across the country and around the world. The NIT was then carried back to the user's computer with the contraband data and transmitted, much like a traditional tracking device, the address to which it was taken." *Kienast*, 2016 U.S. Dist. LEXIS, at \*13 (citation omitted). |

| Case | Holding/Relevant Language |
|---|---|
| *United States v. Lough*, No. 16-cr-18, 2016 U.S. Dist. LEXIS 159907 (N.D. W.Va. Nov. 18, 2016) | "[T]he NIT is analogous to a tracking device in both function and effect, the magistrate judge was authorized under Rule 41(b)(4) to issue a warrant for its use." *Lough*, 2016 U.S. Dist. LEXIS 159907, at *13; *see also id.* **12-16 (providing comprehensive explanation why the NIT operated like a GPS tracker). |
| *United States v. McLamb*, No. 16-cr-92, 2016 U.S. Dist. LEXIS 163990 (E.D.Va. Nov. 28, 2016) | *McLamb*, 2016 U.S. Dist. LEXIS 163990, at **19-20 (NIT Warrant akin to tracking warrant and authorized under Federal Rule of Criminal Procedure 41(b)(4)).[3] |

## B. The majority of district courts have declined to suppress the NIT Warrant.

Jones has never argued – either in his original motion or supplemental motion – that the NIT Warrant lacked probable cause or was not sufficiently particular. His lone argument in favor of suppression is that the magistrate judge in the Eastern District of Virginia lacked jurisdiction to issue in the NIT Warrant in the first place. Jones' supplemental motion again fails to address that even if the

---

[3] The government notes that a few courts have held that the warrant here was not only unauthorized under Rule 41, but suppression was the appropriate remedy. *See United States v. Levin*, No. 15-cr-10271, 2016 U.S. Dist. LEXIS 52907, at **11-17 (D. Mass. Apr. 20, 2016) (conclusory holding that NIT Warrant not authorized under Rule 41(b)(4)); *United States v. Arterbury*, No. 15-cr-182, 2016 U.S. Dist. LEXIS 67091, at **21-22 (N.D. Okla. May 17, 2016); *United States v. Workman*, No. 15-cr-397, 2016 U.S. Dist. LEXIS 133782, at **11-12 (D. Col. Sept. 6, 2016); *United States v. Croghan, United States v. Horton* (consolidated), Nos. 15-cr-48, 15-cr-51, 2016 U.S. Dist. LEXIS 127479, at **13-17 (S.D. Iowa Sept. 19, 2016) (NIT Warrant not authorized despite plain language of Rule 41(b)(4) because it "stretches the rule too far") (citations omitted). As noted in the main text (and the government's original filing), the vast majority of courts have concluded that regardless of any Rule 41 violation, suppression is not the appropriate remedy.

magistrate judge lacked authority to issue the warrant under Rule 41, suppression is not the appropriate remedy because there is no evidence that he was prejudiced by the purported Rule 41 violation or that there was evidence of intentional and deliberate disregard of the rule. *See United States v. Chaar*, 137 F.3d 359, 362 (6th Cir. 1998); *see also* R. 40, Govt. Resp. to Mot. to Suppress, 448-450.

Jones' supplemental motion also fails to acknowledge that under *United States v. Master*, 614 F.3d 236 (6th Cir. 2010), suppression is not appropriate here under *Leon*'s good faith exception. (*See* R. 40, Govt. Resp. to Mot. to Suppress, 450-455 (explaining that under *Leon*'s good faith exception to the exclusionary rule evidence is not to be suppressed where an officer acts in "objectively reasonable reliance" of a warrant later found to be invalid).) The Sixth Circuit specifically held in *Master* that the good faith exception applies even where a judge lacked jurisdiction to issue a warrant. 614 F.3d at 241-43. In other words, under *Master*, the good faith exception applies where an agent, as in this case, mistakenly obtains a warrant from a judge who lacks statutory authority to issue the warrant. This is because applying the exclusionary rule makes little sense when it was the *magistrate*, not the agent, who determined she had jurisdiction. (*See also* R. 40, Govt. Resp. to Mot. to Suppress, 452-455 (discussing applicability of *Master* at length).) In short, this Court should not suppress the NIT Warrant regardless of whether the magistrate judge was authorized under Rule 41 to issue it.[4]

---

[4] The government is requesting permission to provide, if necessary, a declaration from the affiant for the NIT Warrant in support of the government's good faith argument. It is the government's understanding that the affiant is presently outside

The government's position has been followed by the majority courts that have considered motions to suppress the NIT Warrant. As of this filing (summarized in the table below), nearly three dozen courts have declined to suppress the NIT Warrant regardless of whether the warrant was authorized under Rule 41.

| | Case | Basis for Denying Suppression |
|---|---|---|
| 1 | *United States v. Michaud*, 15-cr-05351, 2016 U.S. Dist. LEXIS 11033 (W.D. Wash. Jan. 28, 2016) | Finding any Rule 41 violation of not constitutional magnitude (and noting that any violation is "technical" in nature; upholding warrant under good faith exception. |
| 2 | *United States v. Stamper*, No. 15-cr-109, R. 48, Order Denying Mot. to Suppress, 274-296 (S.D. Ohio Feb. 19, 2016) (Barrett, J.) (not available on Lexis, but available at 2016 WL 695660) | Finding technical Rule 41 violation, but upholding warrant under good faith exception. |
| 3 | *United States v. Epich*, 15-cr-163, 2016 U.S. Dist. LEXIS 32459 (E.D. Wis. Mar. 14, 2016) | Adopting report and recommendation of magistrate judge and noting that any technical Rule 41 violation did not warrant suppression. |
| 4 | *United States v. Werdene*, No. 15-cr-434, 2016 U.S. Dist. LEXIS 66311 (E.D. Pa. May 18, 2016) | Finding any Rule 41 violation of not constitutional magnitude; upholding warrant under good faith exception |
| 5 | *United States v. Darby*, No. 2:16-cr-16, 2016 U.S. Dist. LEXIS 74960 (E.D. Va. June 3, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |

---

of the United States but scheduled to return before the end of December 2016. The government can thereafter provide a declaration to the Court and Jones.

|    | **Case** | **Basis for Denying Suppression** |
|----|----------|-----------------------------------|
| 6  | *United States v. Matish*, No. 4:16-cr-16, 2016 U.S. Dist. LEXIS 82279 (E.D. Va. June 23, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| 7  | *United States v. Eure*, No. 2:16-cr-43, 2016 U.S. Dist. LEXIS 99168 (E.D. Va. July 28, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| 8  | *United States v. Rivera*, No. 2:15-cr-266 (E.D. La. Jul. 20, 2016) (not available on LEXIS) | Upholding warrant under good faith exception. |
| 9  | *United States v. Acevedo-Lemus*, No. 15-cr-137, 2016 U.S. Dist. LEXIS 105195 (C.D. Cal. Aug. 8, 2016) | Upholding warrant under good faith exception. |
| 10 | *United States v. Adams*, No. 6:16-cr-11, 2016 U.S. Dist. LEXIS 105471 (M.D. Fl. Aug. 10, 2016) | Upholding warrant under good faith exception. |
| 11 | *United States v. Henderson*, No. 3:15-cr-565, 2016 U.S. Dist. LEXIS 118608 (N.D. Cal. Sept. 1, 2016) | Noting that the question of whether the issuance of the NIT warrant under Rule 41 is a "close question," and upholding warrant under good faith exception. |
| 12 | *United States v. Torres*, No. 16-cr-285, 2016 U.S. Dist. LEXIS 122086 (W.D. Tex. Sept. 9, 2016) | Noting technical violation of Rule 41 and upholding warrant under good faith exception. |
| 13 | *United States v. Jean*, 2016 U.S. Dist. LEXIS 123869 (W.D. Ark. Sept. 13, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| 14 | *United States v. Knowles*, No. 15-cr-875, 2016 U.S. Dist. LEXIS 171854 (D.S.C. Sept. 14, 2016) | Upholding warrant under good faith and exigent circumstances exceptions. |

| | Case | Basis for Denying Suppression |
|---|---|---|
| **15** | *United States v. Ammons*, No. 3:16-cr-11, 2016 U.S. Dist. LEXIS 124503 (W.D. Ky. Sept. 14, 2016) | Citing *United States v. Master*, 614 F.3d 236 (6th Cir. 2010), and upholding warrant under good faith exception. |
| **16** | *United States v. Broy*, No. 16-cr-10030, 2016 U.S. Dist. LEXIS 128616 (C.D. Ill. Sept. 21, 2016) | Upholding warrant under good faith exception. |
| **17** | *United States v. Anzalone*, No. 15-cr-10347, 2016 U.S. Dist. LEXIS 129735 (D. Mass. Sept. 22, 2016) | Upholding warrant under good faith exception. |
| **18** | *United States v. Smith*, No. 15-cr-467 (S.D. Tex. Sept. 28, 2016) | Upholding warrant as authorized under Rule 41; |
| **19** | *United States v. Allain*, No. 15-cr-10251, 2016 U.S. Dist. LEXIS 134605 (D. Mass. Sept. 29, 2016) | Upholding warrant under good faith exception. |
| **20** | *United States v. Dzwonczyk*, No. 15-cr-3134, 2016 U.S. Dist. LEXIS 141297 (D. Neb. Oct. 5, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| **21** | *United States v. Scarbrough*, No. 3:16-cr-35 2016 U.S. Dist. LEXIS 140549 (E.D. Tenn. Oct. 11, 2016), *adopting R&R*, 2016 U.S. Dist. LEXIS 141373 (E.D. Tenn. Aug. 26, 2016). | Adopting report and recommendation of magistrate judge and upholding warrant under good faith exception. |
| **22** | *United States v. Libbey-Tipton*, No. 16-cr-236, R. 19, Order Denying Mot. to Suppress, 164-176 (N.D. Ohio Oct. 19, 2016) (not available on LEXIS) | Following *Master* and upholding warrant under good faith exception. |
| **23** | *United States v. Johnson*, No. 15-cr-340, 2016 U.S. Dist. LEXIS 145180 (W.D. Mo. Oct. 20, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| **24** | *United States v. Mascetti*, No. 16-cr-308 (M.D.N.C. Oct. 24, 2016) | Minute Entry noting that Mascetti's motion to suppress has been orally denied. |
| **25** | *United States v. Stepus*, No. 3:15-cr-30028, 2016 U.S. Dist. LEXIS 154503 (D. Mass. Oct. 28, 2016) | Upholding warrant under good faith exception. |

|    | **Case** | **Basis for Denying Suppression** |
|----|----------|-----------------------------------|
| 26 | *United States v. Kienast*, No. 16-cr-103, 2016 U.S. Dist. LEXIS 157154 (E.D. Wis. Nov. 14, 2016) | Upholding warrant as authorized under Rule 41 and noting that suppression would not be appropriate because it is a drastic remedy that carries heavy costs (citing *Leon*). |
| 27 | *United States v. Lough*, No. 16-cr-18, 2016 U.S. Dist. LEXIS 159907 (N.D. W.Va. Nov. 18, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| 28 | *United States v. McLamb*, No. 16-cr-92, 2016 U.S. Dist. LEXIS 163990 (E.D.Va. Nov. 28, 2016) | Upholding warrant under Rule 41(b)(4), but holding that even if Rule 41 was violated, suppression unwarranted under good faith exception. |
| 29 | *United States v. Tippens*, No. 16-cr-5110 (W.D. Wa. Nov. 30, 2016) | Upholding warrant under good faith exception. |
| 30 | *United States v. Owens*, No. 16-cr-38 2016 U.S. Dist. LEXIS 167555 (E.D. Wis. Dec. 5, 2016) | Assuming that Rule 41 was technically violated, upholding warrant under good faith exception (though noting that there are "many cogent reasons why the NIT Warrant was authorized under Rule 41(b)(4)). |
| 31 | *United States v. Duncan*, No. 15-cr-414, 2016 U.S. Dist. LEXIS 168365 (D. Or. Dec. 6, 2016) | Upholding warrant under good faith exception. |
| 32 | *United States v. Vortman*, No. 16-cr-210, 2016 U.S. Dist. LEXIS 175235 (N.D. Cal. Dec. 16, 2016) | Upholding warrant under good faith exception and finding no deliberate violation of Rule 41 by the government. |

**C. The search warrant of Jones' residence was supported by probable cause.**

Jones renews his argument that the search warrant for his residence should be suppressed. (R. 53, Am. Mot., 750-756.) The government previously detailed why the affidavit to search or Jones' residence at 307 Anna Street contained sufficient probable cause. (R. 40, Govt. Resp. to Mot.to Suppress, 455-458.) Jones now raises three additional arguments in support of his motion to suppress: (1) there were no allegations Jones committed a crime; (2) the affidavit contained stale information; and (3) there was an insufficient nexus between Jones and the Anna street residence. None of these arguments have merit.

*First*, the affidavit was for a *search warrant* not an arrest warrant. The affidavit expressly stated that the agent was requesting a warrant to search and seize "contraband and evidence of a crime, fruits of a crime, and[/or] instrumentalities of violations" of certain child pornography crimes. (R. 40-2, Govt. Resp. to Mot.to Suppress, Ex. B., Search Warrant for 307 South Second Street, Anna, Ohio ¶ 2, 516-517.) As the government explained at length previously, evidence that an individual accessed a website dedicated to child pornography (*i.e.*, Playpen), which required a user login and was only accessible only through the TOR network provides probable cause that evidence of child pornography crimes would be found on the user's computers and electronic media. *See, e.g, United States v. Hinojosa*, 606 F.3d 875, 885 (6th Cir. 2010). It is true that the affidavit alleged that Jones was most likely the user of the "billypedo" account on the Playpen website, but this was based on the fact that he was living at a location from which the

Playpen website was accessed, it was accessed from a computer with a hostname that was the same as his girlfriend's (Dulaney), and he was a registered sex offender.

*Second*, the information regarding the IP address was not stale. The affidavit stated that the Playpen website was accessed from an IP address that was linked to Jones in late February 2015 – approximately seven months before the search was executed at his Anna, Ohio residence. (R. 40-2, Govt. Resp. to Mot.to Suppress, Ex. B., Search Warrant for 307 South Second Street, Anna, Ohio ¶¶ 27(a), 30, 536, 539.) Though not entirely clear, Jones appears to argue that because he may have had a different IP address in August 2015, the information relating to earlier access from an IP address linked to him somehow stale. The search warrant was not premised on Jones having the same IP address in August 2015 as in February 2015. Rather, the information relating to the IP address helped agents identify the physical address from which Playpen was accessed in February 2015 and subscriber information associated with that address. The Sixth Circuit has repeatedly upheld warrants that rely, in part, on months old IP information because "child pornography 'is not a fleeting crime' . . . [and] files containing child pornography 'can be easily duplicated and kept indefinitely.'" *United States v. Gilman*, 432 Fed. Appx. 513, 515 (6th Cir. 2011) (quoting *United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009)); *see also United States v. Hampton,* 504 Fed. Appx. 402 (6th Cir. 2012) (probable cause not stale where warrant was executed over 10 months after authorities observed child pornography shared through specific IP address); *United*

*States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010) (warrant not stale in child pornography investigation where it relied on seven month old IP information); *United States v. Lapsins*, 570 F.3d 758, 767 (6th Cir. 2009) (warrant relying on nine-month old IP information not stale); *United States v. Terry*, 522 F.3d 645, 650 n.2 (6th Cir. 2008) (not stale after five months). Under these precedents, the IP information relied upon in the search warrant was not stale because only seven months had elapsed between when Playpen was accessed from an IP address linked to Jones and when the agents executed the search on his residence.[5]

*Third*, there was a fair probability that evidence of a crime, fruits of a crime, and/or instrumentalities of violations of certain child pornography offenses would be found at the Anna Street address. The affidavit detailed that Jones and Dulaney lived together at the address (2368 Collins Drive, Sidney, Ohio) from which the Playpen website was accessed in February 2015. (R. 40-2, Govt. Resp. to Mot.to Suppress, Ex. B., Search Warrant for 307 South Second Street, Anna, Ohio ¶¶ 30, 32,539-540.) The affidavit stated that the subscriber for the Internet service at the Collins Drive address was Jones at the time the Playpen website was accessed (*id.* ¶ 30, 539), and that the hostname of the computer used to access Playpen was Dulaney—the same name as Jones' girlfriend. (*Id.*, ¶¶ 29, 32, 539-540.) A review of records from the Shelby and Miami Counties' Sheriffs' Office detailed Jones' move from 2368 Collins Drive to an address in Piqua in late June 2015 and then to 307

---

[5] Jones suggests that the affidavit was somehow deficient because it did not "explain . . . how IP addresses work." (R. 53, Am. Mot., 755.) It is not clear why that fact would be relevant to probable cause determination.

South Second Street in July 2015. During those moves, however, Jones provided
Dulaney's phone number as a point of contact (the same number that Dulaney had
provided previously to the Sheriff's Office in the sex offender paperwork). (*Id.* ¶ 33,
540.) Given this information, and the nature of child pornography offenses and
electronic data, there is a fair probability that computers (or other electronic media)
would be at the Anna Street location that would contain child pornography (or
evidence of accessing and/or downloading child pornography). In *United States v.
Elbe*, 774 F.3d 885 (6th Cir. 2014), the Sixth Circuit upheld a search warrant under
similar circumstances. In *Elbe*, the court concluded that a search warrant
established a sufficient nexus with a defendant's residence, even though the
evidence of downloading child pornography had occurred at different locations,
because law enforcement was able to tie the defendant to the locations where the
child pornography had been downloaded. *Id.* at 889-890. Likewise, the affidavit here
tied Jones to the location where the Playpen website was accessed.[6]

### D. None of the warrants contained intentional false statements or contained material omissions and regardless Jones has not made a substantial preliminary showing to warrant a *Franks* hearing.

Under *Franks v. Delaware*, 438 U.S. 154 (1978), "a search warrant is invalid
when the supporting affidavit contains a statement, necessary to the finding of
probable cause, that is later demonstrated to be false and included by an affiant

---

[6] The government previously argued that if the Court were to conclude the August
2015 search warrant for the 307 Anna Street location lacked probable cause (or was
otherwise deficient), the evidence seized from that location should not be suppressed
under *Leon*, because the agents acted "in objectively reasonable reliance" on the
warrant. The government maintains that position.

knowingly and intentionally, or with a reckless disregard for the truth." *United States v. Duval*, 742 F.3d 246, 250-51 (6th Cir. 2014). Phrased differently, to void a search warrant under *Franks*, the evidence must demonstrate that: (1) the affiant intentionally, or with a reckless disregard for the truth, included a false statement in the affidavit; *and* (2) after excising the intentionally or recklessly made false statement from that affidavit, the warrant now lacks probable cause. *See United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011).[7] Under this standard, negligent or inadvertent false statements prove insufficient to undermine the validity of a warrant. *See Franks*, 438 U.S. at 171. Nor will the fruits of a search be suppressed if, stripped of the allegedly deliberate false statements, the affidavit still contains the facts necessary to "provide[] the magistrate judge with a basis for finding that there was a fair probability that contraband or evidence of a crime would be found" at the search location. *Poulsen*, 655 F.3d at 505.

A defendant is not entitled to an evidentiary hearing (*i.e.*, "*Franks* hearing"), however, by merely alleging that an affidavit contains false information. Rather, the defendant must make a *substantial* preliminary showing that the affiant's statements in the affidavit were deliberately false or demonstrated a reckless

---

[7] For purposes of *Franks*, a false statement evinces recklessness if, when the allegation was made, the affiant subjectively "entertain[ed] serious doubts as to [its] truth." *United States v. Cican*, 63 Fed. Appx. 832, 835 (6th Cir. 2003). Focusing solely on the subjective intentions of the affiant, "reckless conduct is not measured by a reasonably prudent man standard." Id. (internal brackets from original omitted). A fact finder, however, "may infer such recklessness from circumstances evincing obvious reasons to doubt the veracity of the allegations." Id. at 836 (internal quotes omitted).

disregard for the truth, and that that the alleged false statements were necessary for the magistrate's determination of probable cause. *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). Because Jones has failed to make either showing, he is not entitled to a *Franks* hearing.

Jones appears to claim that there was single inaccuracy in the NIT Warrant – namely that the Playpen website "did not appear . . . in August of 2014" as it was described in the Affidavit. (R. 53, Am. Mot., 757.) This alleged deficiency in the NIT Warrant is not only vague, but it makes no sense. The NIT Warrant provided a description of the Playpen website as it existed in *February 2015*. (*See* R. 40-1, Govt. Resp. to Mot.to Suppress, Ex. A., NIT Warrant ¶¶ 11-12, 486-487.) Indeed, it isn't even clear what Jones' complaint is with respect to the appearance of the Playpen website. Nor is it clear why its appearance was material to the probable cause determination.[8]

---

[8] In his amended motion, which for the first time included a request for a *Franks* hearing, Jones literally identifies not a single false sentence or clause in the NIT Warrant that he believes the affiant "intentionally or with a reckless disregard for the truth" included in the affidavit. To the extent that Jones' argument can be generously construed as a complaint that the affidavit did not accurately describe Playpen's homepage at the time the warrant was obtained, the government notes that no court has granted a defendant a *Franks* hearing on that basis (or any other for that matter with respect to the NIT Warrant). *See, e.g., United States v. McLamb*, No. 16-cr-92, 2016 U.S. Dist. LEXIS 163990, at **15-16 & n.4 (E.D. Va. Nov. 28, 2016); *United States v. Allain*, No. 15-cr-10251, 2016 U.S. Dist. LEXIS 134605, at **19-24 (D. Mass. Sept. 29, 2016) (denying *Franks* hearing because even if affidavit inaccurately described homepage, that information was not necessary to establish probable cause); *United States v. Darby*, No. 2:16-cr-16, 2016 U.S. Dist. LEXIS 74960, at **28-31 (E.D. Va. June 3, 2016) ("Defendant has failed to make a substantial preliminary showing that the inaccuracies regarding the Playpen homepage were made knowingly or with reckless disregard for the truth."); *United*

Jones also alleges that "Affiant omitted material information regarding IP addresses." (R. 53, Am. Mot., 757.) This allegation is impossible to follow. Jones has identified neither who or in which affidavit this alleged "material information" was omitted from. Nor does he identify what supposed material information was omitted. Jones has offered nothing other than a conclusory allegation, lacking any specifics. Indeed, a claim that an affidavit contains a material omission seldom justifies a *Franks* hearing, "except in the very rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause . . . ." *Mays v. City of Dayton*, 134 F.3d 809, 916 (6th Cir. 1998) (emphasis in original). This is not that case.

Lastly, Jones alleges (again without specifying which affidavit) that Jones' girlfriend, Heather Dulaney, never "executed paperwork confirming she lives with Jones." (R. 53, Am. Mot., 757.) This is wrong. Assuming Jones is referring to the affidavit in support of the August 2015 search of his residence in Anna, Ohio, FBI Special Agent ("SA") Andrea Kinzig stated (among many other things) that she had obtained sex offender records for Jones from the Shelby County (OH) Sheriff's Office and those records included paperwork completed by Dulaney "in July 2014 stating that she was . . . Jones' girlfriend and that they lived together." (R. 40-2, Govt. Resp. to Mot.to Suppress, Ex. B., Search Warrant for 307 South Second Street, Anna,

---

*States v. Michaud*, 15-cr-05351, 2016 U.S. Dist. LEXIS 11033 (W.D. Wash. Jan. 28, 2016).

Ohio ¶ 32, 540.) The document (attached to this filing as Exhibit A) that provided the factual basis for SA Kinzig's statement that Dulaney had prepared certain paperwork was provided by the government in discovery in *May 2016*. It is inexplicable that Jones would allege in *November 2016* that SA Kinzig intentionally included a false statement in her affidavit when a cursory review of the government's discovery would have revealed she had a good faith basis to do so.[9]

---

[9] Jones also speculates that the government exceeded the scope of the NIT Warrant. (R. 53, Am. Mot., 757-758.) He has not, however, identified any information that the government seized that was not authorized by the NIT Warrant but used to obtain any subsequent warrants in this case. The NIT Warrant expressly permitted the government to capture the IP address (including date and time), type of operating system, and the user computer's Host Name, active operating system and MAC address. (*See* R. 40-1, Govt. Resp. to Mot.to Suppress, Ex. A., NIT Warrant, Attachment B, 506.) The government subsequently used the IP address and computer Host Name to prepare a search warrant affidavit in this case. This was entirely proper. Accordingly, even if deploying the NIT resulted in the government seizing information beyond that authorized by the warrant, there is nothing to suppress here because that (entirely hypothetical) information was never used in any fashion.

## CONCLUSION

The Court should deny Jones' motion to suppress.

Respectfully submitted,
BENJAMIN C. GLASSMAN
United States Attorney

/s/Alex R. Sistla
ALEX R. SISTLA (241760 CA)
Assistant United States Attorney
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
Telephone: (937) 225-2910
Fax: (937) 225-2564
Dated: December 23, 2016                    alex.sistla@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 23th day of December 2016, on all counsel of record via the Court's ECF system.

/s/Alex R. Sistla
ALEX R. SISTLA (241760 CA)

# EXHIBIT A

## SHELBY COUNTY SHERIFF'S OFFICE
### 555 GEARHART ROAD, SIDNEY, OHIO 45365

## STATEMENT OF:

| Name: Heather Dulaney | D.O.B.: | Incident No: |
| | | S.S.N.: |
| Address: 2368 Collins Dr Sidney, OH | | Phone: |

Robert Jones moved in with me June 2, 2014. I picked him up in Cayuga, IN. When we first lived together we lived at 504 Tamala in Anna. We moved to 2368 Collins Dr in Sidney, July 11th. During the entire time I've known him I didn't know he was a sex offender in any state. When we met I did a search on him but never found anything. He has lived with me the entire time he's been in Ohio but had access to the internet & my car when I worked a few times.

WITNESS: _____

DATE: 7-23-14

SIGNATURE: Heather Dulaney

TIME: 12 25 pm

Page 1 of 1