UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:16-cr-26 |
| | : | |
| Plaintiff, | : | **OPPOSITION TO** |
| | : | **DEFENDANT'S MOTION TO** |
| vs. | : | **APPOINT NATHAN J.** |
| | : | **STUCKEY AS CJA COUNSEL** |
| **ROBERT S. JONES,** | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------

1. <u>Introduction and Background</u>.

Upon the defendant's arrest and initial appearance before this Court on November 4, 2015, this Court appointed the Federal Public Defender to represent the defendant. (Minute Entry 11/4/15, noting that "Attorney Cheryll A Bennett is appointed for Robert Steven Jones"; R. 6, Order Appointing Federal Public Defender.) A month later, Ms. Bennett moved to withdraw, and this Court appointed Richard Edwin Mayhall to represent the defendant in her place. (R. 13, Motion to Withdraw; R. 14, CJA 20 as to Robert Steven Jones: Appointment of Attorney Richard Edwin Mayhall.) Another month later, Mr. Mayhall moved to withdraw in light of the defendant having retained private counsel, namely, Nathan Stuckey and Jon Paul Rion, both of whom entered their appearances. (R. 25, Motion to Withdraw; R. 22, Notice of Appearance of Jon Paul Rion; R. 24, Notice of Appearance of Nathaniel Stuckey.) This Court granted Mr. Mayhall's request, and

1

the case proceeded with Mr. Rion and Mr. Stuckey jointly representing the defendant as privately retained counsel.  (Notation Order 3/17/16.)

In September 2016, the defendant asked to have Mr. Rion appointed as counsel under the CJA, pointing to a lack of funds.  (R. 48, Motion to Appoint Jon Paul Rion; Exh. 1 to Motion to Appoint Jon Paul Rion (Financial Affidavit).)  This Court granted the motion and appointed Mr. Rion as counsel for the defendant under the CJA.  (R. 49, Order Appointing Counsel Under the Criminal Justice Act.)

Now, approximately five months later, the defendant asks to have Mr. Stuckey appointed under the CJA as well.  The request should be denied.  The defendant already has appointed counsel, namely, Mr. Rion.  Mr. Rion is an experienced and well respected member of the criminal defense bar in this community.  As evidenced by his vigorous advocacy in this matter since his retention (and subsequent appointment as CJA counsel), Mr. Rion is more than capable.  This is not a capital case (such that the provisions of 18 U.S.C. § 3005, which mandate appointment of two attorneys upon a capital defendant's request, apply), nor is it sufficiently complex to warrant appointment of a *second* law firm.  To the extent Mr. Rion needs assistance, he is permitted under his existing CJA appointment to call upon partners and associates within his own firm (akin to how the U.S. Attorney's Office has staffed this case, i.e., with a primary AUSA and another AUSA from within the same "firm" assisting from time to time).  CJA funds are not unlimited.  The motion should be denied.

2.    <u>The defendant's motion for appointment of a second CJA counsel should be denied</u>.

Appointment of counsel for indigent defendants is governed by 18 U.S.C. § 3006A.  It provides that "[e]ach United States district court, with the approval of the judicial counsel of the district, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section," and that "[r]epresentation under each plan shall include counsel …"  "Counsel" is not defined in 18 U.S.C. § 3006A, and whether it is singular in nature or encompasses multiple lawyers from the same or other law firms is not answered by the text of 18 U.S.C. § 3006A itself.

Guidelines promulgated by the Judicial Conference provide some insight. Section 230.53.10(a) of the Guidelines for Administering the CJA and Related Statutes ("CJA Guidelines"), provides that "[u]nless separately appointed in accordance with § 230.53.20(b) or Guide, Vol 7A, § 620.10, co-counsel or associate attorneys may not be compensated under the CJA."[1]  Allowance, however, is made for "services furnished by a partner or associate or, with prior authorization by the court, counsel who is not a partner or associate," although the overall compensation for all attorneys combined is capped at the "maximum compensation allowed by the

---

[1] The CJA Guidelines are available on the U.S. Courts' website (last visited February 9, 2017):  http://www.uscourts.gov/rules-policies/judiciary-policies/criminal-justice-act-cja-guidelines

CJA," and the provider of services must be separately identified. CJA Guidelines, § 230.53.10(b).[2] Another allowance is found in § 230.53.20(a) of the CJA Guidelines, which provides:

> In an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the CJA.

This District's CJA Plan incorporates the same concept, in that under the Plan, "[m]ore than one attorney may be appointed in any case determined by the Court to be complex." *See* CJA Plan for the United States District Court for the Southern District of Ohio, § IV.C.1.[3]

As explained in *United States v. Clark*, 717 F.3d 790, 811 (10th Cir. 2013) (upholding denial of additional CJA counsel in "pump and dump" securities fraud case, notwithstanding "voluminous, finance-related discovery," where defendant was already represented by experienced counsel), the burden of establishing the need for *additional* appointed counsel due to complexity is a high one. Complexity in this context is not the same as in the Speedy Trial (*id*. at 813) or interim billing

---

2 *See United States v. Romero-Gallardo*, 245 F.3d 1159, 1160 fn. 1 (10th Cir. 2001) ("The guidelines do, however, allow appointed counsel to seek compensation on his or her own voucher for professional assistance provided by a partner or associate from the same law firm."), citing VII Guide to Judiciary Policies and Procedures, Ch. II, § 2.11(A).

3 This District's CJA Plan is available on this Court's website (last visited February 9, 2017): http://www.ohsd.uscourts.gov/sites/ohsd/files/DistCourt%20CJA%20Plan%20Approved%20by%20Judicial%20Council%202014.0221.pdf

arenas.  *United States v. Ledbetter*, 107 F.Supp.3d 849, 857-58 (S.D. Ohio June 1, 2015), citing *United States v. Kott*, No. 3:07-cr-56, 2011 U.S. Dist. LEXIS 62620, 2011 WL 2357508, at *1-4 (D. Alaska June 13, 2011).  Whereas the defendant has the right to spend his own money "*ad infinitum* on counsel of his choosing," he does not enjoy a similar right to have the public spend their money *ad infinitum* on appointed counsel.  *United States v. Clark*, 717 F.3d at 811, citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) and *United States v. Kennedy*, 64 F.3d 1465, 1473-74 (10th Cir 1995) ("An indigent defendant is not entitled to all the assistance that a wealthier counterpart might buy, but rather only to the basic and integral tools.").  The appointment of counsel for indigent defendants is "geared toward the goal of ensuring constitutionally *adequate* representation." *United States v. Clark*, 717 F.3d at 811-12 (emphasis original).  The defendant seeking additional appointed counsel must thus convince the court that the case is so complex such "that the [additional] services are 'necessary to an adequate defense.'" *Id*. at 811 (bracket original) (citations omitted.)  The defendant has not even attempted to make such a showing.

Instead, the defendant simply requested appointment of additional counsel "for the reasons set forth in" a five-month old financial affidavit.  (R. 61, Motion to Appoint; Exh. 1 to Motion to Appoint.)  The financial affidavit, in turn, does not set forth any purported "reasons" at all; it simply sets forth the defendant's financial situation (as of September 2016).  While the affidavit shows minimal assets, it does

5

not show or explain why appointment of additional CJA counsel is necessary to the defendant's defense.

This is not a capital case, for which additional appointed counsel is required under 18 U.S.C. § 3005 upon a defendant's request, nor is this a former capital case involving allegations of multiple murders, such as in *United States v. Ledbetter*, 107 F.Supp.3d at 859-60, where the court granted some defendants additional CJA counsel but rejected the request of others. This is a relatively straightforward, albeit serious, child exploitation case. The defendant's existing appointed counsel and his law firm are more than capable to meet the defendant's representational needs.

Finally, even if appointment of additional CJA counsel was necessary, an impediment exists as to the appointment of Mr. Stuckey specifically (assuming, as is the United States' understanding, he is not a CJA Panel member). Title 18, United States Code, Section 3006A provides that counsel appointed under the CJA "shall be selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the plan." 18 U.S.C. § 3006A(b). Though the CJA Guidelines contemplate the appointment of non-CJA panel attorneys *pro hac vice* "in exceptional circumstances" (*see* CJA Guidelines, § 210.30.30(b)), this District did not adopt that approach in its CJA Plan. This District's CJA Plan specifically addresses the "[a]ppointment of non-Panel members" and provides that "[a]ll

6

appointments of counsel in CJA cases are to be made from the list of attorneys who comprise the CJA Panel in each Seat of Court." CJA Plan, § VI.A.10.

3. <u>Conclusion</u>.

The defendant's motion should be denied.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        <u>s/Vipal J. Patel</u>
        Vipal J. Patel (156212 CA)
        First Assistant United States Attorney
        Andrew J. Hunt (0073698 OH)
        200 West Second Street, 6th Floor
        Dayton, OH  45402
        Tel: (937) 225-2910
        Fax: (937) 225-2564
        vipal.patel@usdoj.gov
        andrew.hunt@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that this pleading was filed with this Court on this 10th day of February 2017, a process which automatically provides an electronic copy to all counsel of record.

            <u>s/Vipal J. Patel</u>
            VIPAL J. PATEL (156212 CA)
            First Assistant United States Attorney