# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

United States of America,

        *Plaintiff,*

                                                   **Case No. 3:16-cr-026**

v.                                                      **Judge Thomas M. Rose**

Robert S. Jones,

        *Defendant.*

---

**DECISION AND ENTRY GRANTING MOTION TO STRIKE "NOTICE OF INSANITY DEFENSE" AND TO EXCLUDE EVIDENCE. ECF 79.**

---

## I      FACTS

Between September of 2014 and February 3, 2015, Special Agents employed by the Maryland Federal Bureau of Investigation acquired control of a website that they believed contained illicit material that included child pornography. The government began to operate the website from their facility located in Virginia, which continued to distribute pornography and bulletin boards which posted messages, images, videos and other miscellaneous material. *Id.*

On February 20, 2015, Special Agent Macfarlane applied for a search warrant permitting the use of Network Investigative Techniques ("NIT"). Affidavit, Paragraph 27, PageID 15-17. The government's purpose of the NIT was to identify any potential users that accessed the website between February 20, 2015 and March 4, 2015. The NIT would deploy from the government-controlled network to the accessing computer and search that computer in order to

obtain its IP address, user ID, password and host name. Affidavit, Paragraph 27. Then, the NIT would communicate the information found in its search back to the government-operated server. *Id.* Once the government had the computer's identification information, the government would obtain a warrant to search the person's computer, home, and other electronic devices associated with the IP address. ECF 3, Affidavit, Paragraph 27, PageID 15-17.

On February 11, 2015, the NIT identified the user "billypedo." ECF 72, Report of Tami L. Loehrs, PageID 856. Government records show that this account was created on February 11, 2015. *Id.* According to the NIT, between February 20, 2015 and March 2, 2015, "billypedo" accessed the website and the posts on discussion threads on it. *Id.* The posts included several hyperlinks to websites and image files. *Id.* The NIT collected the hostname, the computer log-on name, the IP address, and the computer name, "Dulaney-HP."[1] ECF 3, Affidavit, Paragraph 29, PageID 17. Using this information, law enforcement determined that Time Warner Cable was the service provider linked to the IP address. *Id.*

In March 2015, law enforcement issued an administrative subpoena to Time Warner Cable for the subscriber information pertaining to the IP address for user "billypedo," for the time frame in question. Time Warner Cable reported to the government that the IP address in question was subscribed to Robert Jones. ECF 72, Loehrs report, PageID 872.

Based on this information, a search warrant was obtained for Jones's residence in Anna, Ohio to seize his computers, storage media, electronic devices and records. ECF 3, Affidavit, Paragraph 28-33. On August 21, 2015, the FBI and the Anna Police Department executed the

---

1 "Dulaney" was the surname of Jones then-girlfriend, with whom he cohabitated.

warrant at Jones's residence and seized, among other things, a Dell Inspiron 11" laptop, and an All-In-One HP computer Model 310-1020.

On November 2, 2015, United States Magistrate Judge Sharon Ovington signed and approved a Criminal Complaint, filed in the United States District Court for the Southern District of Ohio, charging Jones for information described as being discovered on the two computers.

Jones was arrested on November 4, 2015. On February 25, 2016, a federal grand jury in the Southern District of Ohio returned an indictment charging Jones with child-exploitation offenses, including coercion and enticement of minor females that Jones had solicited online for sexual activities or nude photographs and videos and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. (ECF 20, Indictment, 79-88.)

Jones was arrested on November 4, 2015, pursuant to a criminal complaint. At the time of his arrest, the usual pretrial services report was prepared. In it, an entire section was devoted to Jones's mental health. On February 25, 2016, a federal grand jury in the Southern District of Ohio returned an indictment charging Jones with a number of child-exploitation offenses, including coercing and enticing minor females to provide sexual activities or nude photographs and videos as well as committing a felony offense involving a minor while being required by federal or other law to register as a sex offender, in violation 18 U.S.C. § 2260A. (ECF20, Indictment, 79-88.) The Court scheduled trial for April 24, 2016, and set a deadline for filing motions of April 15, 2016. (ECF27, Preliminary Pretrial Order.) On April 21, 2016, the Court extended the motion filing deadline to May 20, 2016, and later to June 3, 2016. (Docket Entries 4/21/16 and 5/23/16.)

On May 3, 2016, May 4, 2016, and June 6, 2016, the government conveyed various

discovery items to Jones's counsel accompanied by a cover letter. In each of the cover letters, the government requested reciprocal discovery and notice of defenses. On May 23, 2016, Jones filed a motion to suppress. (ECF33, Motion to Suppress.)

The United States filed its opposition brief on July 6, 2016. (ECF40, Opposition.) On July 14, 2016, the grand jury returned its Superseding Indictment. (ECF43, Superseding Indictment.) The next day, July 15, 2016, Jones moved to continue the hearing on his motion to suppress and amend his motion to suppress, based in large part on his asserted need to consult with a computer expert. (ECF44, Motion to Continue at 703-704.) The hearing was initially scheduled for July 25, 2016, and then later November 1, 2016. (Notices of Hearing 7/18/16; Minute Entry 7/25/16.) On October 19, 2016, Jones sought another continuance, once again pointing to the need for an expert to review discovery. (ECF50, Motion to Continue at 715.) The hearing was continued until December 15, 2016. (Minute Entry 11/1/6.) Then, on November 21, 2016, Jones filed an Amended Motion to Suppress, in which he renewed certain arguments and asserted new ones, including, for the first time, a request for a *Franks* hearing. (ECF53, Amended Motion to Suppress at 743-760.)

The United States filed its response to Jones's Amended Motion to Suppress on December 24, 2016. (ECF56, Response to Amended Motion to Suppress.) On February 2, 2017, this Court denied the bulk of Jones's Motion to Suppress and Amended Motion to Suppress. (ECF60, Entry and Order.) The Court did allow for an evidentiary hearing on Jones's motion to the extent it sought to suppress Jones's statements (id.), although Jones later withdrew this part of his motion (Minute Entry 4/17/17; Notation Order 5/4/17), and thus, Jones's Motion to Suppress and Amended Motion to Suppress had been completely adjudicated, namely, denied. However, Jones requested an opportunity to file additional, specified motions, namely, another motion for a *Franks*

hearing and a motion for discovery. On April 17, 2017, the Court granted Jones an opportunity and extended the motion filing cutoff date to June 1, 2017, to allow Jones to file these additional motions. (Minute Entry, 4/17/17.) Trial was set for September 18, 2017. (Id.) The motion cutoff was later extended to June 12, 2017, at Jones's request. (ECF66, Motion to Continue; 6/1/17 Notation Order and Docket Entry.)

On June 12, 2017, Jones filed what he entitled his second Motion for a *Franks* Hearing (ECF68, "First" Motion for *Franks* Hearing), along with a Motion to Compel Discovery (ECF67, Motion to Compel). After briefing, the Court denied both motions. (ECF76, Decision and Entries denying motion for *Franks* hearing and ECF77, Decision and Entry denying motion to compel discovery.)

As before, defense counsel continued to advise government counsel that Jones intended to plead guilty and did not wish for a trial. The parties proceeded to negotiate regarding the terms of a plea agreement. On the evening of August 29, 2017, defense counsel for the first time advised government counsel that he was instead considering a Not Guilty by Reason of Insanity defense. On the morning of August 30, 2017, Jones filed a Notice of Insanity Defense. (ECF78, Notice.) The Government countered with a Motion to Strike "Notice of Insanity Defense" and to Exclude Evidence. (ECF 79.) A hearing was held September 5, 2017. (ECF 80.)

## II    ANALYSIS

Rule 12.2(a) of the Federal Rules of Criminal Procedure provides:

> A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the

> notice later, grant additional trial preparation time, or make other
> appropriate orders.

Fed. R. Crim. P. 12.2(a).   The deadline for filing pretrial motions in this case was June 3, 2016;

Jones filed a notice of insanity defense August 30, 2017. (ECF 78.)

Earlier this year, Jones sought leave to file two motions: a motion for a *Franks* hearing and

a motion to compel discovery.   The Court granted leave up to June 12, 2017.   Jones filed his two

motions that day, which the Court subsequently denied following briefing.   Jones's Notice of

Insanity Defense filed August 30, 2017, was filed approximately two and one-half weeks prior to

trial.   Jones has been in custody in this case since November 2015.   This case is approaching its

two-year anniversary.   A delay at this juncture to have Jones examined under 18 U.S.C. § 4242,

would entail a significant and substantial delay.   As such, it is untimely.

Jones did not seek leave to file his Notice of Insanity Defense out of time.   Thus, the Court

has not set a "later time" as these terms are used in Rule 12.2(a).

Rule 12.2(a) recognizes the discretion to "excuse" tardy filings for good cause shown.

Jones's Notice states that "[t]his notice was filed as soon as was practicable–undersigned counsel

acted with all due haste once the information giving rise to this defense was learned then verified

through a third party."   Nothing else is provided in terms of setting forth facts to establish good

cause.

A vague and general statement is insufficient to establish good cause.   There is no

indication that Jones has not been aware of his own mental condition.   Jones and his counsel have

had notice of Jones's mental history since the time of Jones's arrest in November 2015, when the

U.S. Pretrial Services Office's pretrial services report included an entire section devoted to the

subject.   The government has repeatedly requested notice of defenses each time it conveyed

discovery to Jones.   In short, the notice is too late and will be stricken.

In this context, "cause" not only requires a valid explanation as to belatedness, but it also requires a "showing of some merit in the position belatedly to be advanced." See *United States v. Dubrule*, 822 F.3d 866, 882 (6th Cir. 2016) (finding district court did not abuse its discretion by holding that defendant waived his insanity defense by virtue of his belated insanity notice).   Here, Jones has not shown any merit.

To establish an insanity defense, a defendant must prove by clear and convincing evidence that "as a result of a severe mental disease or defect, [he] was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a).

Jones's notice was not accompanied by any evidence from which this Court could make a preliminary determination of merit.   Neither was any basis for a preliminary finding of merit developed at the hearing.

At the hearing, Jones tendered a report from a witness he proffered as an expert.   While the Federal Rules of Evidence are generally inapplicable to pretrial proceedings, see *United States v. Stepp*, 680 F.3d 651, 669-70 (6th Cir. 2012), in proceedings where the judge is considering evidence, "the judge should receive the evidence and give it such weight as his judgment and experience counsel." *United States v. Matlock*, 415 U.S. 164, 175 (1974); *United States v. Stepp*, 680 F.3d at 668.

Jones's expert, Mary M. Melton, did not provide a written resume with her report, but her cover fax identified her as operating the "Buckeye Driver Intervention Program," providing "Remedial Driving Classes."   She claims to have attained a Ph.D. in Forensic Psychoanalysis from Columbia Pacific University by means of on-line coursework.   Columbia Pacific appears to

have been an unaccredited institution now forbidden from issuing diplomas. *Council for Private Postsecondary and Vocational Edu. v. Columbia Pacific University*, 1999 WL 35124872, App. Br. *4-11 (Cal. App. 1 Dist.). Several states appear to have branded it a diploma mill. See, e.g., *Institutions Whose Degrees are Illegal to Use in Texas*, http://www.thecb.state.tx.us/index.cfm?objectid=EF4C3C3B-EB44-4381-6673F760B3946FBB.

Not possessing a doctorate does not preclude Melton from assisting the court as an expert. What does is her testimony that she is not qualified to opine whether Jones was unable to appreciate the nature and quality or the wrongfulness of his acts, and her testimony that she is limited to recommending whether a person should be analyzed to determine whether they meet this standard. Indeed, Melton testified by telephone that she has never before testified on the subject of insanity. She opined only that Jones has mental defects that "affect[] his ability to understand the severity of his actions." Report at 11. "Severity" is not the same as "the nature and quality or the wrongfulness of his acts." Quite simply, Jones has no evidence that would support an insanity defense.

Given Jones's failure to advance evidence to support a finding that Jones lacked the ability at the time of the crimes he is alleged to have committed to appreciate the nature and quality or the wrongfulness of his acts, the Court need not consider the government's evidence of internet searches made at the same time. The government displayed evidence that Jones repeatedly searched Google for information regarding age of consent in various states.

Absent some measure of merit, the Court will not excuse Jones's eleventh-hour decision to file his notice of a defense.

**III    CONCLUSION**

Because Jones noticed his defense severely out-of-time without a showing of merit, the government's Motion to Strike "Notice of Insanity Defense" and to Exclude Evidence, ECF 79, is **GRANTED**.

**DONE** and **ORDERED** this Tuesday, September 12, 2017.


s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE