# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America,**

    *Plaintiff,*

**v.**

**Robert S. Jones,**

    *Defendant.*

Case No. 3:16-cr-026
Judge Thomas M. Rose

---

**AMENDED DECISION AND ENTRY OVERRULING MOTION FOR *FRANKS* HEARING. ECF. 68. AMENDED TO INCLUDE ANALYSIS OF DELAYED NOTICE OF EXECUTION OF SEARCH WARRANT.**

---

## I. FACTS

Between September of 2014 and February 3, 2015, Special Agents employed by the Maryland Federal Bureau of Investigation acquired control of a website that they believed contained illicit material that included child pornography. The Government began to operate the website from their facility located in Virginia, which continued to distribute pornography and bulletin boards which posted messages, images, videos and other miscellaneous material. *Id.*

On or about February 20, 2015, Special Agent Macfarlane applied for a search warrant permitting the use of Network Investigative Techniques ("NIT"). Affidavit, Paragraph 27, PageID 15-17. The government's purpose of the NIT was to identify any potential users that accessed the website between February 20, 2015 and March 4, 2015. The NIT would deploy from the government-controlled network to the accessing computer and search that computer in

order to obtain its IP address, user ID, password and host name. Affidavit, Paragraph 27. Then, the NIT would communicate the information found in its search back to the government-operated server. *Id.* Once the government had the computer's identification information, the government would obtain a warrant to search the person's computer, home, and other electronic devices associated with the IP address. Affidavit, Paragraph 27.

On February 11, 2015, the NIT identified the user "billypedo." ECF 72, Report of Tami L. Loehrs, PageID 856. Government records show that this account was created on February 11, 2015. *Id.* According to the NIT, between February 20, 2015 and March 2, 2015, "billypedo" accessed the website and the posts on discussion threads on it. *Id.* The posts included several hyperlinks to websites and image files. *Id.* The NIT collected the hostname, the computer log-on name, the IP address, and the computer name, "Dulaney-HP." Affidavit, Paragraph 29, PageID 17. Using this information, law enforcement determined that Time Warner Cable was the service provider linked to the IP address. *Id.*

In March 2015, law enforcement issued an administrative subpoena to Time Warner Cable for the subscriber information pertaining to the IP address for user "billypedo," for the time frame in question. Time Warner Cable reported to the government that the IP address in question was subscribed to Robert Jones. ECF 72, Loehrs report, PageID 872.

Based on this information, a search warrant was obtained for Jones's residence to seize his computers, storage media, electronic devices and records. Affidavit, Paragraph 28-33. On August 21, 2015, the FBI and the Anna Police Department executed the warrant at Jones' residence and seized, among other things, a Dell Inspiron 11" laptop, and an All-In-One HP computer Model 310-1020.

On November 2, 2015, United States Magistrate Judge Sharon Ovington signed and approved a Criminal Complaint, filed in the United States District Court for the Southern District of Ohio, charging Jones for information described as being discovered on the two computers.

Jones was arrested on November 4, 2015. On February 25, 2016, a federal grand jury in the Southern District of Ohio returned an indictment charging Jones with child-exploitation offenses, including coercion and enticement of minor females that Jones had solicited online for sexual activities or nude photographs and videos and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. (ECF 20, Indictment, 79-88.)

In July 2016, the same grand jury returned a Superseding Indictment, charging two additional counts under 18 U.S.C. § 2251(a) and (e) for production of child pornography, both counts stemming from digital videos found after further forensic examination of a device seized during execution of the search warrant at Jones' residence.

## II. LAW AND ARGUMENT

Jones seeks a *Franks* hearing to establish that "the government demonstrated reckless indifference to the truth when conducting their investigation of his electronic device." ECF 68 at 4. In order to obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that (1) the affiant's statement was deliberately false or demonstrated reckless disregard for the truth, *Franks v. Delaware*, 438 U.S. 152, 155-56, 171 (1978), and (2) the challenged statement or omission was essential to the magistrate's finding of probable cause. Id. at 155-56, 171-72. To the extent a defendant relies on "recklessness," the test is a subjective one. *United States v. Cican*, 63 Fed. App'x 832, 835-36 (6th Cir. 2003); *United States v. Colquitt*, 604 Fed. App'x 424, 429-30 (6th Cir. 2015). A law enforcement officer's statement is made with "reckless disregard for the

truth" when he or she subjectively "entertains serious doubts as to the truth of his [or her] allegations*." United States v. Cican*, 63 Fed. App'x at 836. "Only after the defendant makes this showing may the court consider the veracity of the statements in the affidavit or the potential effect of any omitted information." *United States v. Archibald*, 685 F.3d 553, 558-59 (6th Cir. 2012). "Without this substantial showing, courts may not make a *Franks* ruling regarding the veracity of statements made in an affidavit." Id. at 559. A defendant seeking a *Franks* hearing "should point out specifically the portion of the warrant affidavit that is claimed to be false." *Franks*, 438 U.S. at 170.

Jones' motion does not meet these standards. To the extent Jones' motion is indeed directed at Special Agent Kinzig's initial 307 South Second Street Affidavit, Jones, has not identified the specific portion or portions of the affidavit he claims is or are false. Also, Jones' assertion that his computer examiner could not find evidence of usage of the Playpen website on the HP computer does not meet the high burden of making a substantial preliminary showing of falsity. Jones' examiner's report found evidence of usage of the Playpen website on the HP computer. For instance, Special Agent Kinzig indicated in her affidavit that a user accessed the Playpen website from an IP address of 71.67.116.75. (Kinzig 307 South Second Street Affidavit at ¶ 27.) Jones' examiner, in turn, acknowledged that this IP address was found on the HP computer, numerous times (indeed, between the HP computer and the other computer she examined – a Dell laptop, Jones' examiner reported 6,224 "hits" of that IP address). (ECF 72, Report at 862.)

Additionally, Special Agent Kinzig indicated in her affidavit that the data collected by the NIT revealed that the host name of the computer being utilized by the user of the Playpen website was "Dulaney-HP," and that the logon name for that computer was "Dulaney." (Kinzig 307 South

Second Street Affidavit at ¶ 28.) Jones' examiner found that the HP computer "has the name 'Dulaney-HP' and user name 'Dulaney'" which, as the examiner observed, "matches the computer identified by the NIT." (ECF 72, Report at 853.) Moreover, while Jones in his motion asserts on several occasions that no evidence whatsoever of child pornography was found on the HP computer (see ECF 68, Motion at 836-837), his examiner actually reached the opposite conclusion, i.e., that child pornography was indeed found on the computer, just not in allocated space. (ECF 72, Report at 853-854.) Finally, Jones does not take issue with FBI Special Agent Kinzig's assertion in her affidavit that the IP address of 71.67.116.75 (evidence of which was found over 6,000 times on the HP computer and Dell laptop) was operated by Time Warner, and that the IP address was subscribed to Jones. (See Kinzig 307 South Second Street Affidavit at ¶ 30.)

While Jones' examiner did not find additional evidence of usage of the Playpen website she also admits the Tor browser that was used "does not record a history of the user's activity and limits data cached to the computer." (ECF 72, Report at 888.) It is possible Jones updated the Tor browser on April 22, 2015, rather than installed it for the first time (which would account for the April 22 date to which Jones refers).

FBI Special Agent Kinzig's 307 South Second Street Affidavit was true when it was and is true. Neither Jones nor his examiner has demonstrated otherwise and Jones' examiner confirmed many of the key assertions in FBI Special Agent Kinzig's affidavit. In short, Jones has not made a substantial preliminary showing of falsity.

Even had Jones made a substantial preliminary showing of falsity, he still would not be entitled to a *Franks* hearing. Showing falsity is only the first step. Another is to make a substantial preliminary showing that the falsehood was made deliberately or with reckless

5

disregard for the truth. And, as noted above, the test is a subjective one, meaning Jones must make a substantial preliminary showing that FBI Special Agent Kinzig not only relayed to the Magistrate Judge false information but did so deliberately or with reckless disregard for the truth. Jones has not made this showing. Simply asserting that "my examiner couldn't find evidence of Playpen usage" does not establish falsity. In fact, as also noted above, Jones' examiner actually confirmed the truthfulness of the key components of FBI Special Agent Kinzig's 307 South Second Street Affidavit. Unable to establish falsity by this theory, neither can Jones establish deliberate or reckless falsity by this means.

Finally, even had Jones made a substantial preliminary showing of both falsity and deliberateness or recklessness, he still would not be entitled to a *Franks* hearing. The reason is he must also establish materiality. Jones does not address materiality in his motion. Excising whatever it is that Jones believes is false from the Kinzig 307 South Second Street Affidavit would still leave the following facts, which Jones either does not contest, or Jones' examiner has confirmed: Playpen user logs and the NIT indicated that a user from IP address 71.67.116.75 was accessing the site (Kinzig 307 South Second Street Affidavit at ¶ 27) (Jones' examiner found this IP address on the HP computer literally thousands of times – see ECF. 72, Report at 862); the NIT reported that the computer being used to access the Playpen website was named "Dulaney-HP" with a user name of "Dulaney" (¶ 29) (Jones' examiner found these same names on the HP computer – see ECF. 72, Report at 853); Time Warner's records indicated that the same IP address was subscribed to Jones (¶ 30) (Jones does not challenge the records or the agent's reporting of the information in the records). Such facts provide the link between the Playpen website and Jones' residence. See, e.g., *United States v. Reibert*, 2014 U.S. Dist. LEXIS 181252 (D. Neb. Dec. 12, 2014) (denying motion for *Franks* hearing and motion to suppress, in similar case involving a NIT

6

warrant, a residential warrant supported by an affidavit from FBI Special Agent Kinzig, and proffered evidence from Tami Loehrs). Jones has not made a substantial preliminary showing of materiality.

Jones also seeks suppression of the fruits of the government search due to alleged delays in executing the search. Here, Jones has not made a preliminary showing of prejudice. In obtaining the NIT search warrant, the government requested, pursuant to 18 U.S.C. § 3103(a), to delay the notice required by Federal Rule of Criminal Procedure 4l(f) until 30 days after any individual accessing the website has been identified to a sufficient degree as to provide notice, unless the court finds good cause for further delayed disclosure. ECF 40-1, Application for Search Warrant, Paragraph 40, PageID 501; see also Fed. R. Crim. P. 41(f)(3).

Jones asserts that, "[i]n this case, the government filed a "Request for Delayed Notice" but failed to execute the NIT during the proposed time period." ECF 68 at 7. However, FBI Special Agent MacFarlane applied for the NIT Warrant on February 20, 2015. (ECF 40-1, NIT Warrant at 470.) The Court issued the warrant on the same day. (Id. at 471.) The Court ordered that the warrant be executed on or before March 6, 2015 and that notice be given 30 days after any individual accessing the website has been identified to a sufficient degree as to provide notice,. (Id.) The warrant was executed on February 20, 2015, the same day it was issued. (Id. (Return) at 508.) The data collection pursuant to the NIT Warrant ended on March 4, 2015. (Id.) No delay occurred in the execution of the NIT Warrant.

Jones has not established, given the unique nature of the cases stemming from the warrant, that there was excessive delay in the furnishing of notice following execution of the NIT Warrant. The complaint in this case was filed November 2, 2015. Jones was provided notice on March 11, 2016, well beyond thirty days after he was identified by the government. ECF 74-1, Exh. A. In

7

May 2016, Jones was provided with another copy of the NIT Warrant, along with the affidavit and other related material, as part of discovery in this case. Jones shortly thereafter filed his initial motion to suppress, which sought to suppress the NIT Warrant. Thus, Jones has been aware of the NIT Warrant since at least March 2016, he sought to challenge it in May 2016, and any delay in providing notice of the NIT Warrant to Jones lacked prejudice and was not of the sort for which the exclusionary rule would serve a purpose. Jones has shown neither prejudice nor deliberate disregard by the government. See, *United States v. McLamb*, No. 16-CR-92, 2017 WL 243987 (E.D. Va. Jan. 19, 2017) (denying motion to suppress NIT warrant where defense counsel was provided a copy of the warrant four months after expiration of court-authorized delayed-notice period, finding neither prejudice nor deliberate disregard by the government); *United States v. Welch*, 811 F.3d 275, 277 (8th Cir. 2016) (affirming denial of motion to suppress alleging delayed notice violation regarding NIT warrant, finding neither prejudice nor deliberate disregard by the government).

Jones has not established an entitlement to a *Franks* hearing or prejudice from delayed notice of execution of the NIT search warrant, therefore, his Motion for *Franks* Hearing, ECF. 68, is **OVERRULED**.[1]

**DONE** and **ORDERED** this Monday, September 18, 2017.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

1 Because Jones has not established an entitlement to a *Franks* hearing using his expert's testimony, the Court need not express an opinion on the government's attack on the reliability of Jones' expert.