IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:16CR026 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| ROBERT STEVEN JONES, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE
OF PROPERTY AS TO DEFENDANT ROBERT STEVEN JONES' ASSETS**

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1. The Defendant pled guilty to: Counts One, Two, Four, Five, Seven, Nine, Ten and Eleven of the Superseding Indictment charging him with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) and Counts Three and Six of the Superseding Indictment charging him with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and agreed to the immediate forfeiture, pursuant to:

   a. 18 U.S.C. §§ 2253(a)(1) and (3), of any visual depictions described in sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, which were produced, transported, mailed, shipped or received in violation of Title 18 of the United States Code as alleged in Counts One, Two, Four, Five, Seven, Nine, Ten and Eleven, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction; and any

1

property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    b.    18 U.S.C. § 2428(a)(1), of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violations as alleged in Counts Three and Six of the Superseding Indictment.

2. The Defendant specifically agreed that the following property (hereinafter "Subject Property"), is subject to forfeiture pursuant to 18 U.S.C. §§ 2253(1) and (3), and 18 U.S.C. § 2428(a)(1):

    a.    ZTE cellular telephone, Serial No. 320930103305;
    b.    All-In-One HP computer, Serial No. 4CS0410CNX;
    c.    Apple iPhone, Model, FCCID BCG-E28164, IMEI 358372062039301, and silver case;
    d.    SanDisk Cruzer Glide 32 GB thumb drive;
    e.    Apple iPhone, FCCID BCG-E2642A and IMEI 013888008166962;
    f.    Apple iPhone, IMEI 359307064821487;
    g.    X-Box, Serial No. 141738440348;
    h.    Dell Inspiron laptop, Service Tag No. 1R24C12 and power cord;
    i.    Alcatel cellphone, Serial No. 014404004657472;
    j.    Alcatel cellphone, Serial No. 014217008201893; and
    k.    Three Visa Account Now debit cards in third party names[1].

3. The Defendant has an interest in the Subject Property.

4. The Subject Property is forfeitable pursuant to:

    a.    18 U.S.C. § 2253(a)(1) as any visual depictions described in sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, which were produced, transported, mailed, shipped or received in violation of Title 18 of the United States Code as alleged in Counts One, Two, Four, Five, Seven,

---

[1] It has been determined that the debit cards have expired and no longer have any monetary value. Therefore, the U.S. will not seek forfeiture of the debit cards.

Nine, Ten and Eleven, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction;

b. 18 U.S.C. § 2253(a)(3) as any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property; and

c. 18 U.S.C. § 2428(a)(1) as any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violations as alleged in Counts Three and Six of the Superseding Indictment.

5. The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

6. The Defendant shall hereby forfeit pursuant to:

a. 18 U.S.C. § 2253(a)(1), any visual depictions described in sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code as alleged in Counts One, Two, Four, Five, Seven, Nine, Ten and Eleven; which were produced, transported, mailed, shipped, or received in violation of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction;

b. 18 U.S.C. § 2253(a)(3), any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses and any property traceable to such property; and

c. 18 U.S.C. § 2428(a)(1), any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violations as alleged in Counts Three and Six of the Superseding Indictment.

7. Pursuant to 18 U.S.C. §§ 2253(a)(1) and (3) and 18 U.S.C. § 2428(a)(1), the following Subject Property is hereby forfeited:

    a. ZTE cellular telephone, Serial No. 320930103305;
    b. All-In-One HP computer, Serial No. 4CS0410CNX;
    c. Apple iPhone, Model, FCCID BCG-E28164, IMEI 358372062039301, and silver case;
    d. SanDisk Cruzer Glide 32 GB thumb drive;
    e. Apple iPhone, FCCID BCG-E2642A and IMEI 013888008166962;
    f. Apple iPhone, IMEI 359307064821487;
    g. X-Box, Serial No. 141738440348;
    h. Dell Inspiron laptop, Service Tag No. 1R24C12 and power cord;
    i. Alcatel cellphone, Serial No. 014404004657472; and
    j. Alcatel cellphone, Serial No. 014217008201893.

8. The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

9. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

10. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as

described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

11. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

12. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

13. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

14. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

15. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

16. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: February 2, 2018

SO ORDERED:

*s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE