1           IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
2                          AT DAYTON

3    _____
                                        )
4    UNITED STATES OF AMERICA,          )
                                        )
5                      Plaintiff,       ) CASE NO. 3:16-cr-026-TMR
                                        )
6                  -vs-                 )
                                        )
7    ROBERT STEVEN JONES,               ) CHANGE OF PLEA
                                        )
8                      Defendant.       )
     _____)
9
                     TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE **THOMAS M. ROSE**,
            UNITED STATES DISTRICT JUDGE, PRESIDING
11             MONDAY, SEPTEMBER 25, 2017
                        DAYTON, OH
12

13   **APPEARANCES:**

14   **For the Plaintiff:**      **VIPAL J. PATEL, ESQ.**
                                 **AMY M. SMITH, ESQ.**
15                               United States Attorney's Office
                                 200 West Second Street
16                               Suite 600
                                 Dayton, OH  45402
17
     **For the Defendant:**      **JON PAUL RION, ESQ.**
18                               Rion, Rion and Rion
                                 130 West Second Street
19                               Suite 2150
                                 Dayton, OH  45402
20

     **Also Present:**  Special Agent Andrea Kinzig
21

22        Proceedings recorded by mechanical stenography,
     transcript produced by computer.
23
                   **Mary A. Schweinhagen, RDR, CRR**
24               Federal Official Court Reporter
                    200 West Second Street
25                    Dayton, OH  45402
                   *** *** *** ***

| | | |
|---|---|---|
| 10:44:47 | 1 | P-R-O-C-E-E-D-I-N-G-S                          10:44 A.M. |
| 10:44:47 | 2 | THE COURT:  We are before the Court this morning in |
| 10:44:55 | 3 | the matter of the *United States of America versus Robert* |
| 10:44:58 | 4 | *Steven Jones.*  This is Case Number 3-16-cr-26.  And we are |
| 10:45:03 | 5 | here for the purposes of this Court to consider a plea of |
| 10:45:09 | 6 | guilty to Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, and 13 of a |
| 10:45:24 | 7 | Superseding Indictment that was filed in this case; Counts 1, |
| 10:45:29 | 8 | 2, 4, 5, 7, 9, 10, and 11 charging production of child |
| 10:45:38 | 9 | pornography, in violation of 18, United States Code, 2251(a) |
| 10:45:45 | 10 | and (e); Counts 3 and 6 of that Superseding Indictment charge |
| 10:45:51 | 11 | coercion and enticement of a minor, in violation of 18, United |
| 10:45:55 | 12 | States Code, 2422(b).  Count 13 charges commission of a felony |
| 10:46:03 | 13 | offense involving a minor by a person required to register as |
| 10:46:09 | 14 | a sex offender, that being in violation of 18, United States |
| 10:46:14 | 15 | Code, 2260A. |
| 10:46:20 | 16 | Would counsel please enter their appearance for the |
| 10:46:21 | 17 | record. |
| 10:46:22 | 18 | MR. PATEL:  Good morning, Your Honor.  Vipal Patel |
| 10:46:24 | 19 | for the United States, and with me at counsel table is |
| 10:46:27 | 20 | Assistant United States Attorney Amy Smith and the case agent |
| 10:46:32 | 21 | on this case, Special Agent Andrea Kinzig. |
| 10:46:36 | 22 | MR. RION:  Jon Paul Rion for Mr. Jones. |
| 10:46:41 | 23 | THE COURT:  Mr. Rion, I guess Mr. Jones -- if you |
| 10:46:47 | 24 | and Mr. Jones want to approach the podium. |
| 10:46:50 | 25 | Mr. Patel, the Court has listed and described each of the |

| | | |
|---|---|---|
| 10:47:00 | 1 | charges contained within the Superseding Indictment to which |
| 10:47:04 | 2 | Mr. Jones is tendering pleas.  Was the Court accurate in the |
| 10:47:09 | 3 | description and enumerating those charges? |
| 10:47:14 | 4 | MR. PATEL:  It was, Your Honor. |
| 10:47:16 | 5 | THE COURT:  Mr. Rion, Mr. Jones understands those |
| 10:47:23 | 6 | enumerated charges within the Superseding Indictment to which |
| 10:47:26 | 7 | he is tendering pleas, and he understands each and -- each of |
| 10:47:31 | 8 | those charges; is that correct? |
| 10:47:33 | 9 | MR. RION:  Yes, Your Honor. |
| 10:47:33 | 10 | THE COURT:  And he is ready to go forward here this |
| 10:47:35 | 11 | morning? |
| 10:47:35 | 12 | MR. RION:  Yes, Your Honor. |
| 10:47:36 | 13 | THE COURT:  How about that, Mr. Jones, are you ready |
| 10:47:38 | 14 | to go forward? |
| 10:47:39 | 15 | THE DEFENDANT:  Yes, Your Honor. |
| 10:47:41 | 16 | THE COURT:  Now, in order for me to consider your |
| 10:47:46 | 17 | tendered pleas, the Court does need to ask you a number of |
| 10:47:49 | 18 | questions.  Those questions must be asked and answered while |
| 10:47:56 | 19 | you are under oath.  The oath simply is to assure that your |
| 10:48:02 | 20 | answers are truthful and complete.  However, I do also need to |
| 10:48:07 | 21 | apprise you of the fact that once you are placed under oath, |
| 10:48:10 | 22 | you could be prosecuted for perjury or false swearing if your |
| 10:48:14 | 23 | answers or responses to my inquiries were not truthful.  Do |
| 10:48:21 | 24 | you understand? |
| 10:48:21 | 25 | THE DEFENDANT:  Yes, Your Honor. |

10:48:22    1          THE COURT: Understanding that, do you still wish to

10:48:25    2   go forward with your pleas?

10:48:26    3          THE DEFENDANT: Yes.

10:48:30    4          THE COURT: Would you please, to the best of your

10:48:32    5   ability, raise your right hand.

10:48:33    6       (Defendant sworn.)

10:48:40    7          THE COURT: Thank you.

10:48:42    8      Why don't we start, Mr. Jones, can you share with the

10:48:46    9   record your full name?

10:48:48   10          THE DEFENDANT: Robert Steven Jones.

10:48:50   11          THE COURT: And try to keep your voice up,

10:48:52   12   Mr. Jones, so we can hear you and my court reporter can make

10:48:55   13   sure that she can get an accurate record here.

10:48:58   14      How old are you, Mr. Jones?

10:48:59   15          THE DEFENDANT: 29.

10:49:01   16          THE COURT: And can you tell me the year you were

10:49:03   17   born?

10:49:03   18          THE DEFENDANT: 1988.

10:49:05   19          THE COURT: Mr. Jones, let's talk a little bit about

10:49:08   20   your educational background. How far did you go in school?

10:49:12   21          THE DEFENDANT: Some college.

10:49:14   22          THE COURT: Where did you graduate from high school?

10:49:18   23          THE DEFENDANT: I did not graduate high school. I

10:49:20   24   obtained a GED.

10:49:22   25          THE COURT: Okay. Tell me the school to which you

| | | |
|---|---|---|
| 10:49:27 | 1 | attended at the time that you dropped out of school. |
| 10:49:32 | 2 | THE DEFENDANT:  I was home schooled. |
| 10:49:34 | 3 | THE COURT:  Okay.  Throughout? |
| 10:49:35 | 4 | THE DEFENDANT:  Throughout. |
| 10:49:37 | 5 | THE COURT:  And when did you obtain your GED? |
| 10:49:45 | 6 | Approximately. |
| 10:49:46 | 7 | THE DEFENDANT:  Around 2006. |
| 10:49:47 | 8 | THE COURT:  And then you say that once you obtained |
| 10:49:49 | 9 | your GED, you had some college? |
| 10:49:53 | 10 | THE DEFENDANT:  Yes. |
| 10:49:54 | 11 | THE COURT:  And where was that at? |
| 10:49:56 | 12 | THE DEFENDANT:  I went to Illinois Central College. |
| 10:49:58 | 13 | THE COURT:  And can you tell me the years you went |
| 10:50:00 | 14 | to Illinois Central? |
| 10:50:03 | 15 | THE DEFENDANT:  That was also around 2006 to 2007. |
| 10:50:08 | 16 | THE COURT:  And approximately how long were you in |
| 10:50:10 | 17 | college? |
| 10:50:11 | 18 | THE DEFENDANT:  About a year. |
| 10:50:12 | 19 | THE COURT:  Let me ask you this:  Do you have any |
| 10:50:17 | 20 | difficulty in reading or writing or understanding the English |
| 10:50:21 | 21 | language? |
| 10:50:22 | 22 | THE DEFENDANT:  No. |
| 10:50:23 | 23 | THE COURT:  Now, Mr. Rion, of course, has talked to |
| 10:50:25 | 24 | you on numerous occasions about the case, about the charges |
| 10:50:31 | 25 | against you, about the facts that are being alleged, about the |

| 10:50:40 | 1 | processes and procedures.  We have also gone through a number |
| 10:50:43 | 2 | of motions which were presented here in open court and were |
| 10:50:48 | 3 | ruled upon by the Court.  Obviously, a lot of things have |
| 10:50:54 | 4 | happened in this case.  Have you been able to understand what |
| 10:51:01 | 5 | Mr. Rion has explained and talked to you about, about what is |
| 10:51:05 | 6 | going on in your case? |
| 10:51:06 | 7 | THE DEFENDANT:  Yes, Your Honor. |
| 10:51:09 | 8 | THE COURT:  Now, some of the things you may have had |
| 10:51:10 | 9 | questions about.  You may have not agreed or you may have |
| 10:51:16 | 10 | agreed or disagreed.  As you have discussed those matters with |
| 10:51:20 | 11 | Mr. Rion, was he able to answer your questions and address |
| 10:51:22 | 12 | your concerns? |
| 10:51:23 | 13 | THE DEFENDANT:  Yes. |
| 10:51:25 | 14 | THE COURT:  A number of documents you have reviewed |
| 10:51:31 | 15 | with the help of Mr. Rion:  of course the motion documents, |
| 10:51:36 | 16 | the charging documents, the plea which we will be reviewing |
| 10:51:41 | 17 | here in just a few moments, the factual statement.  Have you |
| 10:51:45 | 18 | carefully reviewed, with the assistance of Mr. Rion, those |
| 10:51:50 | 19 | documents? |
| 10:51:50 | 20 | THE DEFENDANT:  Yes, Your Honor. |
| 10:51:51 | 21 | THE COURT:  And as you reviewed those documents, if |
| 10:51:56 | 22 | you had any questions or you were unable to understand a |
| 10:52:00 | 23 | portion of them or a document, were you able to ask your |
| 10:52:04 | 24 | questions of Mr. Rion and was Mr. Rion able to answer those |
| 10:52:08 | 25 | questions with regard to those documents and address your |

| | | |
|---|---|---|
| 10:52:11 | 1 | concerns with regard to any issues that may arise? |
| 10:52:15 | 2 | THE DEFENDANT:  Yes. |
| 10:52:16 | 3 | THE COURT:  At this point in time, based upon your |
| 10:52:19 | 4 | conversations with Mr. Rion, based upon your review of all the |
| 10:52:23 | 5 | documents that you have seen and reviewed with his assistance, |
| 10:52:27 | 6 | do you have any questions at this point in time about any |
| 10:52:30 | 7 | documents or anything that has been discussed between you and |
| 10:52:34 | 8 | Mr. Rion? |
| 10:52:35 | 9 | THE DEFENDANT:  No. |
| 10:52:41 | 10 | THE COURT:  Let's talk about a couple of the |
| 10:52:45 | 11 | documents, though.  The first document I just want to |
| 10:52:51 | 12 | reference you to is the Superseding Indictment.  Now, that is |
| 10:52:55 | 13 | what we call the charging document.  That is the Indictment |
| 10:53:00 | 14 | that was returned by a grand jury, and that is the Indictment |
| 10:53:04 | 15 | that contains the counts to which you are tendering pleas of |
| 10:53:10 | 16 | guilty.  Did you, with Mr. Rion's assistance, carefully review |
| 10:53:17 | 17 | that Superseding Indictment and, specifically, the counts to |
| 10:53:22 | 18 | which you are pleading, Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, |
| 10:53:32 | 19 | and 13? |
| 10:53:34 | 20 | THE DEFENDANT:  Yes. |
| 10:53:35 | 21 | THE COURT:  After that review, do you believe that |
| 10:53:38 | 22 | you fully understand each and every one of those charges that |
| 10:53:44 | 23 | are contained within the Superseding Indictment? |
| 10:53:46 | 24 | THE DEFENDANT:  I do. |
| 10:53:49 | 25 | THE COURT:  If you had any questions about those |

| | | |
|---|---|---|
| 10:53:51 | 1 | charges, were you able to discuss those with Mr. Rion and was |
| 10:53:57 | 2 | Mr. Rion able to answer your questions and address your |
| 10:54:01 | 3 | concerns? |
| 10:54:02 | 4 | THE DEFENDANT:  I still do have a question about |
| 10:54:07 | 5 | Count 13 that we haven't been able to resolve yet. |
| 10:54:14 | 6 | MR. RION:  May I explain that so the record's clear? |
| 10:54:17 | 7 | THE COURT:  Sure. |
| 10:54:17 | 8 | MR. RION:  In juvenile court, there was an order |
| 10:54:21 | 9 | that was issued.  We are trying to resolve it, and I think |
| 10:54:24 | 10 | it's been resolved minus the one finding.  There is a question |
| 10:54:29 | 11 | as to whether or not on Count 13 he was sentenced to register |
| 10:54:33 | 12 | for life in which he could then petition after ten years, or |
| 10:54:37 | 13 | whether or not he was simply sentenced to ten years. |
| 10:54:41 | 14 | We have made contact with an attorney in Illinois, with |
| 10:54:43 | 15 | the probation department in Illinois, with the probation |
| 10:54:46 | 16 | department here to make contact with the probation department |
| 10:54:49 | 17 | in Illinois.  We asked the U.S. Attorney's Office to look into |
| 10:54:52 | 18 | it.  We have also contacted the various agencies that would be |
| 10:54:57 | 19 | responsible for the reporting.  All of our information |
| 10:55:01 | 20 | indicates that it is, in fact, a lifetime sentence in which he |
| 10:55:05 | 21 | could petition after ten years to have removed.  However, |
| 10:55:10 | 22 | Mr. Jones is of the opinion that his memory and his father's |
| 10:55:15 | 23 | memory is that it was a ten-year registration, since it was a |
| 10:55:19 | 24 | couple months before the Adam Walsh Act, and so that's the |
| 10:55:26 | 25 | reservation of which he has raised. |

| | | |
|---|---|---|
| 10:55:28 | 1 | Mr. Patel and I have talked about it over the last 45 |
| 10:55:31 | 2 | days or so at length, and that's the only concern as it |
| 10:55:35 | 3 | relates to that count.  But to the best of our abilities, the |
| 10:55:38 | 4 | information seems to indicate that that's what the entry |
| 10:55:41 | 5 | states. |
| 10:55:42 | 6 | THE COURT:  Counsel, approach. |
| 10:55:52 | 7 | (Sidebar off the record.) |
| 11:02:14 | 8 | THE COURT:  We're back on the record.  The Court |
| 11:03:27 | 9 | left the record based upon a question that Mr. Jones has |
| 11:03:33 | 10 | indicated that he has raised or that he had a question and |
| 11:03:41 | 11 | that at this point in time I am going to let -- Mr. Rion, do |
| 11:03:45 | 12 | you want to clarify what Mr. Jones' position is here? |
| 11:03:48 | 13 | MR. RION:  Mr. Jones acknowledges that at the time |
| 11:03:51 | 14 | of these offenses, that he was aware that there was an order |
| 11:03:55 | 15 | in effect that caused him to have to register.  Whether that |
| 11:04:00 | 16 | order was valid I think was his concern.  But given the |
| 11:04:06 | 17 | elements of the offense as they are at this time, he is |
| 11:04:09 | 18 | willing to go forward with this plea.  I don't think we have |
| 11:04:17 | 19 | anything else to add if that clarifies the record. |
| 11:04:21 | 20 | We have checked with probation, both in Illinois and |
| 11:04:23 | 21 | here, and law enforcement, and that order appears to have been |
| 11:04:28 | 22 | in effect.  In addition, we spoke to his attorney in Illinois, |
| 11:04:34 | 23 | which he had no contra information. |
| 11:04:36 | 24 | THE COURT:  Mr. Patel, anything? |
| 11:04:38 | 25 | MR. PATEL:  Your Honor, my understanding is that |

| | | |
|---|---|---|
| 11:04:43 | 1 | clearly the defendant is indicating an awareness of the |
| 11:04:47 | 2 | elements of the offense, what's being charged against him, |
| 11:04:50 | 3 | which is that he has committed the offenses charged in the |
| 11:04:55 | 4 | Superseding Indictment during a time he was required to |
| 11:04:57 | 5 | register as a sex offender. |
| 11:05:04 | 6 | At this point, we are establishing that he is aware of |
| 11:05:06 | 7 | that charge.  Certainly by this discussion the Court has had |
| 11:05:09 | 8 | with counsel and defendant, he is aware of the charge.  Now, |
| 11:05:11 | 9 | later, also as a part of this Plea Agreement, he is pleading |
| 11:05:15 | 10 | guilty and is admitting to that offense and element.  And so |
| 11:05:18 | 11 | we are ready to proceed. |
| 11:05:19 | 12 | THE COURT:  All right.  So, Mr. Jones, you have |
| 11:05:30 | 13 | heard the clarifications that have been made by counsel.  You |
| 11:05:36 | 14 | do stand -- based upon your understanding, you do wish to |
| 11:05:42 | 15 | proceed with your pleas of guilty to all counts, 1, 2, 3, 4, |
| 11:05:48 | 16 | 5, 6, 7, 9, 10, 11, and 13? |
| 11:05:52 | 17 | THE DEFENDANT:  Yes, Your Honor. |
| 11:06:07 | 18 | THE COURT:  Another document then that we need to |
| 11:06:12 | 19 | talk about, not only is it important that you understand these |
| 11:06:14 | 20 | charges and what these charges are to enter a plea of guilty |
| 11:06:16 | 21 | to them, you also need to understand the facts that are being |
| 11:06:20 | 22 | alleged to underlie those charges.  And another document that |
| 11:06:26 | 23 | you have reviewed, or the Court is assuming that you have |
| 11:06:31 | 24 | reviewed with your counsel, Mr. Rion, is the factual statement |
| 11:06:39 | 25 | that underlies or allegedly underlies the facts that are -- |

| | | |
|---|---|---|
| 11:06:44 | 1 | underlies the charges that are contained in the Superseding |
| 11:06:47 | 2 | Indictment. That attachment is a four-page document and |
| 11:06:51 | 3 | contains paragraphs of facts that the government is alleging |
| 11:06:55 | 4 | underlies these various counts. Have you, with the help of |
| 11:07:00 | 5 | Mr. Rion, carefully reviewed that Statement of Facts? |
| 11:07:03 | 6 | THE DEFENDANT: Yes, Your Honor. |
| 11:07:03 | 7 | THE COURT: During that review, if you had any |
| 11:07:07 | 8 | questions or concerns, were you able to discuss those |
| 11:07:09 | 9 | questions and those concerns with Mr. Rion, and was he able to |
| 11:07:14 | 10 | answer any questions that you may have had, address your |
| 11:07:17 | 11 | concerns with regard to the Statement of Facts? |
| 11:07:19 | 12 | THE DEFENDANT: Yes, Your Honor. |
| 11:07:20 | 13 | THE COURT: Are these then the Statement of Facts |
| 11:07:24 | 14 | that are contained in Attachment A upon these four pages, are |
| 11:07:30 | 15 | these the facts to which you wish to enter pleas of guilty to? |
| 11:07:35 | 16 | THE DEFENDANT: Yes, Your Honor. |
| 11:07:38 | 17 | THE COURT: What the Court would like to do then, |
| 11:07:41 | 18 | Mr. Jones, is to acknowledge your acceptance of the factual |
| 11:07:45 | 19 | statement, I am going to have Mr. Patel read the factual |
| 11:07:49 | 20 | statement onto the record. I know it's a fairly lengthy |
| 11:07:52 | 21 | record, or statement. But I want you to listen carefully as |
| 11:07:56 | 22 | he reads over those facts. If you have a copy of the |
| 11:08:02 | 23 | Statement of Facts, Attachment A, there before you, feel free |
| 11:08:06 | 24 | to follow along as he reads. |
| 11:08:08 | 25 | Once he's done reading, I am going to ask you the |

| | | |
|---|---|---|
| 11:08:12 | 1 | following questions:  I am going to ask you whether you |
| 11:08:15 | 2 | understood what he read; I am going to ask you whether or not |
| 11:08:17 | 3 | you have any questions about what he read; I am going to ask |
| 11:08:23 | 4 | you if those are the facts to which you wish to enter pleas of |
| 11:08:27 | 5 | guilty to; and my final question will be, are you pleading |
| 11:08:30 | 6 | guilty to those -- are you making your guilty pleas to those |
| 11:08:37 | 7 | facts because those facts are indeed true. |
| 11:08:40 | 8 | Do you understand how we are going to proceed? |
| 11:08:42 | 9 | THE DEFENDANT:  Yes, Your Honor. |
| 11:08:43 | 10 | THE COURT:  Mr. Patel. |
| 11:08:45 | 11 | MR. PATEL:  Thank you, Your Honor. |
| 11:08:48 | 12 | MR. RION:  I am sorry.  Do you want us to stay |
| 11:08:51 | 13 | standing during the reading? |
| 11:08:54 | 14 | THE COURT:  I have no objection if you want to sit |
| 11:08:56 | 15 | down. |
| 11:08:57 | 16 | MR. PATEL:  Your Honor, the Statement of Facts which |
| 11:08:59 | 17 | is attached to the Plea Agreement as Attachment A reads as |
| 11:09:03 | 18 | follows:  On or about September 4, 2013, defendant Robert |
| 11:09:10 | 19 | Steven Jones, while living with his then girlfriend in |
| 11:09:13 | 20 | Illinois, recorded himself engaging in masturbation and other |
| 11:09:18 | 21 | sexual acts as defined in Title 18, United States Code, |
| 11:09:21 | 22 | Section 2246(2) with and on an infant, who was approximately |
| 11:09:33 | 23 | seven months old, including conduct that was described in |
| 11:09:37 | 24 | Title 18, United States Code, Section 2241(A).  The video and |
| 11:09:41 | 25 | audio recording, which defendant made using his ZTE cell phone |

| | | |
|---|---|---|
| 11:09:46 | 1 | bearing serial number 320930103305 is approximately 4 minutes |
| 11:09:56 | 2 | and 45 seconds in duration. The video depicts defendant |
| 11:10:01 | 3 | masterbating, placing his penis in contact with the infant's |
| 11:10:04 | 4 | mouth, and ejaculating on the infant's mouth and face. It |
| 11:10:12 | 5 | also depicts defendant engaging in acts of physical violence |
| 11:10:17 | 6 | against the infant, including slapping, punching, shaking, |
| 11:10:23 | 7 | restraining, and suffocating the infant. In or about June |
| 11:10:27 | 8 | 2014, defendant moved first to Sidney, Ohio, then to Piqua, |
| 11:10:32 | 9 | Ohio, and later to Anna, Ohio, all within the Southern |
| 11:10:38 | 10 | District of Ohio. When he moved to the Southern District of |
| 11:10:42 | 11 | Ohio after moving from Illinois to Indiana, defendant brought |
| 11:10:46 | 12 | his ZTE cell phone, which still contained the recording, with |
| 11:10:52 | 13 | him. On or about August 21, 2015, law enforcement officers |
| 11:10:57 | 14 | found and seized the cell phone during execution of a search |
| 11:11:01 | 15 | warrant at his residence in Anna, Ohio. A subsequent forensic |
| 11:11:07 | 16 | examination uncovered the recording. |
| 11:11:08 | 17 | On or about September 7, 2013, defendant recorded himself |
| 11:11:15 | 18 | engaging in similar sexually explicit conduct with and on the |
| 11:11:20 | 19 | same infant. The video and audio recording, which defendant |
| 11:11:25 | 20 | also made using his ZTE cell phone while living in Illinois, |
| 11:11:29 | 21 | is approximately 10 minutes in duration. The video begins by |
| 11:11:35 | 22 | depicting defendant tying a material around the infant's face |
| 11:11:41 | 23 | using what appears to be a belt. Defendant then sits on the |
| 11:11:45 | 24 | infant's face, masterbates while sometimes touching his penis |
| 11:11:51 | 25 | to the infant's penis, and ejaculates onto the infant. |

| | | |
|---|---|---|
| 11:11:57 | 1 | Similar to the September 4, 2013, recording, the video depicts |
| 11:12:02 | 2 | defendant engaging in acts of violence against the infant, |
| 11:12:05 | 3 | including slapping and hitting him.  It also depicts defendant |
| 11:12:12 | 4 | touching and flicking the infant's penis for purposes of |
| 11:12:18 | 5 | defendant's sexual gratification.  It further depicts |
| 11:12:22 | 6 | defendant holding the infant up to the camera while smothering |
| 11:12:25 | 7 | and choking the infant to such an extent that the infant |
| 11:12:29 | 8 | slowly became limp and turned a bluish color, apparently |
| 11:12:34 | 9 | unconscious.  While doing so, defendant faced the camera, |
| 11:12:37 | 10 | making various comments, including, "you want to see a baby |
| 11:12:43 | 11 | pass the fuck out," "watch this," "see the spasms, see the |
| 11:12:55 | 12 | spasms, he is getting ready to pass out," "the baby's been |
| 11:13:02 | 13 | passed the fuck out," "that's a dead baby, that's a dead |
| 11:13:09 | 14 | fucking baby, yeah, dead fucking baby."  Defendant then threw |
| 11:13:17 | 15 | and struck the infant.  The recording similarly was found on |
| 11:13:21 | 16 | defendant's ZTE cell phone after it was seized pursuant to the |
| 11:13:27 | 17 | search warrant executed on or about August 21, 2015, at |
| 11:13:32 | 18 | defendant's residence in Anna, Ohio.  The infant was, at the |
| 11:13:35 | 19 | time of both recordings, in the custody, care, and supervisory |
| 11:13:39 | 20 | control of defendant. |
| 11:13:45 | 21 | From in or about July 2015 until on or about November 4, |
| 11:13:49 | 22 | 2015, within the Southern District of Ohio, defendant, using |
| 11:13:52 | 23 | any facility and means of interstate and foreign commerce, |
| 11:13:55 | 24 | including social networking websites and Internet-based text- |
| 11:14:00 | 25 | messaging applications, knowingly persuaded, induced, enticed, |

| | | |
|---|---|---|
| 11:14:05 | 1 | coerced, and unduly influenced a female minor, identified |
| 11:14:08 | 2 | herein as "Minor A," to engage in prohibited sexual acts with |
| 11:14:11 | 3 | defendant. In or about July 2015, defendant met Minor A on a |
| 11:14:15 | 4 | dating-focused/social-networking website. Defendant, who was |
| 11:14:20 | 5 | 27 years old at the time, and Minor A, who was 15 years old at |
| 11:14:23 | 6 | the time, then started communicating via an Internet-based |
| 11:14:28 | 7 | text message application. Defendant engaged in prohibited |
| 11:14:33 | 8 | sexual acts with Minor A, including sexual intercourse and |
| 11:14:39 | 9 | other sexually explicit conduct, spanning the approximate time |
| 11:14:43 | 10 | period July 18, 2015, to November 4, 2015, sometimes at hotel |
| 11:14:47 | 11 | rooms arranged and paid for by defendant. During this time |
| 11:14:51 | 12 | span, within the Southern District of Ohio, defendant |
| 11:14:54 | 13 | employed, used, persuaded, induced, enticed, and coerced Minor |
| 11:14:59 | 14 | A to engage in sexually explicit conduct for the purpose of |
| 11:15:02 | 15 | producing visual depictions of such conduct. On or about July |
| 11:15:06 | 16 | 18, 2015, defendant took photographs of Minor A using his |
| 11:15:12 | 17 | iPhone 6 bearing IMEI number 358372062039301, including two |
| 11:15:27 | 18 | photographs depicting Minor A nude and four photographs |
| 11:15:31 | 19 | depicting close-up images of her vagina. On or about August |
| 11:15:37 | 20 | 2, 2015, defendant took photographs of Minor A using his same |
| 11:15:41 | 21 | iPhone 6, including three close-up images of Minor A's vagina. |
| 11:15:47 | 22 | On or about August -- I am sorry. On or about October 3, |
| 11:15:51 | 23 | 2015, defendant similarly took pictures of Minor A with |
| 11:15:56 | 24 | another one of his iPhone 6s, this one bearing IMEI number |
| 11:16:01 | 25 | 359307064821487, including one depicting Minor A nude with her |

11:16:12  1    legs spread apart and the image focused on her vagina and

11:16:16  2    another depicting a close-up of her vagina.

11:16:21  3        From on or about August 5, 2015 until on or about October

11:16:26  4    18, 2015, within the Southern District of Ohio, defendant,

11:16:30  5    using any facility and means of interstate and foreign

11:16:33  6    commerce, including Internet-based text-messaging

11:16:35  7    applications, knowingly persuaded, induced, enticed, coerced,

11:16:40  8    and unduly influenced a female minor, identified herein as

11:16:44  9    "Minor B," to engage in prohibited sexual acts with defendant.

11:16:48  10    In or about August 2015, defendant met Minor B through Minor

11:16:53  11    A.  Defendant, who was 27 years old at the time, and Minor B,

11:16:56  12    who was 15 years old at the time, communicated with each other

11:16:59  13    via an Internet-based text message application.  Defendant

11:17:04  14    engaged in prohibited sexual acts with Minor A -- Your Honor,

11:17:13  15    may I have a moment?

11:17:15  16           THE COURT:  Sure.

11:17:48  17           MR. PATEL:  Your Honor, as I read that, I realized

11:17:53  18    there was a typo.  I had referred to the defendant engaging in

11:17:58  19    prohibited sexual activities with "Minor A."  That should have

11:18:01  20    been "Minor B."  I will reread that sentence.

11:18:02  21        Defendant engaged in prohibited sexual acts with Minor B,

11:18:06  22    including sexual intercourse and other sexually explicit

11:18:08  23    conduct, on approximately three occasions spanning the

11:18:11  24    approximate time period August 5, 2015, to August 31, 2015, at

11:18:18  25    hotel rooms arranged and paid for by defendant.  During this

11:18:22  1    time span, within the Southern District of Ohio, defendant

11:18:26  2    employed, used, persuaded, induced, enticed, and coerced Minor

11:18:30  3    B to engage in sexually explicit conduct for the purpose of

11:18:33  4    producing visual depictions of such conduct.  On or about

11:18:37  5    August 30, 2015, defendant took photographs of Minor B using

11:18:42  6    his iPhone 6 bearing IMEI number 359307064821487, including

11:18:51  7    two close-up images depicting Minor B's vagina while defendant

11:18:55  8    pulled aside her underwear.  Minor B took other similar

11:18:59  9    photographs of herself using her cell phone and sent these

11:19:04  10   photographs to defendant.  For example, on August 12, 2015,

11:19:09  11   Minor B took three photographs that depicted her nude,

11:19:13  12   including one that depicted a close-up image of her vagina,

11:19:16  13   and sent them via the Internet-based text-messaging

11:19:20  14   application to defendant.

11:19:22  15        On or about October 14, 2015, within the Southern

11:19:26  16   District of Ohio, defendant attempted to employ, use,

11:19:30  17   persuade, induce, entice, and coerce a female minor,

11:19:34  18   identified herein as "Minor C," to engage in sexually explicit

11:19:38  19   conduct for the purposes of producing visual depictions of

11:19:41  20   such conduct.  Defendant, who was 27 years old at the time,

11:19:44  21   and Minor C, who was 16 years old at the time and resided in

11:19:48  22   Indiana, communicated with each other via an Internet-based

11:19:52  23   text message application from approximately October 4, 2015,

11:19:57  24   to November 4, 2015.

11:20:00  25        THE COURT:  Mr. Patel, did you say October 4 or

| | | |
|---|---|---|
| 11:20:04 | 1 | October 14? |
| 11:20:05 | 2 | MR. PATEL: If I said October 4, I misspoke. It |
| 11:20:08 | 3 | should have been October 14, 2015, to November 4, 2015. On or |
| 11:20:16 | 4 | about October 14, 2015, defendant requested nude photographs |
| 11:20:20 | 5 | of Minor C's vagina in an attempt to get her to produce and |
| 11:20:24 | 6 | send him child pornography. Defendant utilized his iPhone 6 |
| 11:20:28 | 7 | bearing IMEI number 359307064821487 to communicate with Minor |
| 11:20:36 | 8 | C. |
| 11:20:38 | 9 | From on or about October 8, 2015, until on or about |
| 11:20:43 | 10 | October 9, 2015, within the Southern District of Ohio, |
| 11:20:46 | 11 | defendant attempted to employ, use, persuade, induce, entice, |
| 11:20:50 | 12 | and coerce a minor female, identified herein as "Minor D," to |
| 11:20:55 | 13 | engage in sexually explicit conduct for the purpose of |
| 11:20:58 | 14 | producing visual depictions of such conduct. Defendant, who |
| 11:21:01 | 15 | was 27 years old at the time, and Minor D, who was 15 years |
| 11:21:05 | 16 | old at the time and resided in North Carolina, communicated |
| 11:21:09 | 17 | with each other via an Internet-based text-messaging |
| 11:21:14 | 18 | application. On or about October 8, 2015, and October 9, |
| 11:21:20 | 19 | 2015, defendant requested nude photographs of Minor D's vagina |
| 11:21:23 | 20 | and buttocks in an attempt to get her to produce and send him |
| 11:21:26 | 21 | child pornography. Defendant utilized his iPhone bearing IMEI |
| 11:21:31 | 22 | number 359307064821487 to communicate with Minor D. |
| 11:21:40 | 23 | From on or about October 12, 2015, until on or about |
| 11:21:45 | 24 | October 18, 2015, within the Southern District of Ohio, |
| 11:21:48 | 25 | defendant employed, used, persuaded, induced, enticed, and |

| | | |
|---|---|---|
| 11:21:51 | 1 | coerced a female minor, identified herein as "Minor E," to |
| 11:21:55 | 2 | engage in sexually explicit conduct for the purpose of |
| 11:21:58 | 3 | producing visual depictions of such conduct.  Defendant, who |
| 11:22:01 | 4 | was 27 years old at the time, and Minor E, who was 13 years |
| 11:22:06 | 5 | old at the time and resided in New York, communicated with |
| 11:22:10 | 6 | each other via an Internet-based text message application from |
| 11:22:14 | 7 | approximately October 12, 2015, to November 4, 2015.  From on |
| 11:22:20 | 8 | or about October 12, 2015, to October 18, 2015, defendant |
| 11:22:24 | 9 | requested photographs and videos of Minor E engaged in |
| 11:22:28 | 10 | sexually explicit conduct.  Minor E produced and sent |
| 11:22:32 | 11 | defendant approximately seven images and five videos of her |
| 11:22:36 | 12 | engaged in sexually explicit conduct and which depict child |
| 11:22:40 | 13 | pornography.  Defendant utilized his iPhone 6 bearing IMEI |
| 11:22:45 | 14 | number 359307064821487 to communicate with Minor E and receive |
| 11:22:52 | 15 | the files depicting child pornography. |
| 11:22:56 | 16 | In or about July 2015, within the Southern District of |
| 11:22:59 | 17 | Ohio, defendant engaged in prohibited sexual acts on at least |
| 11:23:03 | 18 | two occasions with a seven-year-old female minor, identified |
| 11:23:08 | 19 | herein as "Minor F," at his residence in Miami County, Ohio. |
| 11:23:14 | 20 | This sexually explicit conduct included touching and fondling |
| 11:23:20 | 21 | Minor F's nude vagina.  Defendant produced two videos of this |
| 11:23:25 | 22 | sexually explicit conduct on or about July 20 and 21, 2015, |
| 11:23:31 | 23 | respectively, using his iPhone 6 IMEI number 358372062039301. |
| 11:23:45 | 24 | From approximately 2013 to early 2015, defendant |
| 11:23:49 | 25 | communicated with a female minor, identified herein as "Minor |

11:23:53   1    G," using an Internet-based text-messaging application and

11:23:58   2    cellular telephone communications.  At the time the

11:24:01   3    communications began, defendant was approximately 25 years old

11:24:03   4    and resided in Illinois and Minor G was 13 or 14 years old and

11:24:10   5    resided in Tennessee.  At defendant's direction, Minor G

11:24:13   6    produced at least 16 photographs of herself which depicted

11:24:17   7    child pornography and sent these photographs to defendant.

11:24:20   8    Defendant primarily used his ZTE cell phone, serial number

11:24:29   9    320930103305, to communicate with Minor G and receive the

11:24:32  10    images, and he later transported this cell phone along with

11:24:37  11    the images to the Southern District of Ohio.  In addition, in

11:24:43  12    or about -- in or around August 2013, when Minor G was 14

11:24:47  13    years old, defendant traveled to Illinois -- I am sorry --

11:24:52  14    traveled from Illinois to Tennessee to meet with Minor G.

11:24:57  15    Defendant engaged in prohibited sexual acts with Minor G at a

11:25:01  16    hotel in Tennessee.  While at the hotel, defendant took at

11:25:07  17    least three photographs of Minor G using his iPod.  These

11:25:10  18    photographs depicted child pornography in that they depicted a

11:25:16  19    lascivious display of Minor G's genitalia.

11:25:20  20        From approximately 2013 to early 2014, defendant

11:25:24  21    communicated with a minor female identified herein as Minor H

11:25:31  22    using an Internet-based text-messaging application.  At the

11:25:33  23    time the communications began, defendant was approximately 25

11:25:35  24    years old and resided in Illinois, and Minor H was

11:25:38  25    approximately 13 years old and resided in Tennessee.  At

11:25:44  1     defendant's direction, Minor G produced at least three

11:25:47  2     photographs of herself which depicted child pornography and

11:25:50  3     sent these images to defendant.  These images were later

11:25:56  4     uploaded to defendant's iCloud account.

11:26:01  5         From approximately June 2014 to July 2014, within the

11:26:05  6     Southern District of Ohio, defendant communicated with a

11:26:07  7     female minor identified herein as "Minor I."  Defendant met

11:26:12  8     Minor I on a dating/social-networking website.  Defendant, who

11:26:16  9     was 26 years old at the time, and Minor I, who was 15 years

11:26:20  10    old at the time, then started communicating via an Internet-

11:26:23  11    based text-messaging application.  After Minor I turned 16

11:26:30  12    years old, defendant engaged in sexually explicit conduct with

11:26:33  13    her.  On or about July 10, 2013, defendant took two -- I am

11:26:39  14    sorry -- defendant took photographs of Minor I using his

11:26:43  15    iPhone 5, IMEI number 013888008166962, including two depicting

11:26:56  16    Minor I nude with her legs spread apart and one depicting a

11:27:00  17    close-up image of Minor I's vagina.  These photographs

11:27:04  18    depicted child pornography in that they depicted a lascivious

11:27:08  19    display of Minor I's genitalia.

11:27:13  20        From approximately late 2014 to mid 2015, within the

11:27:17  21    Southern District of Ohio, defendant communicated with a

11:27:19  22    female minor identified herein as "Minor J."  Defendant met

11:27:25  23    Minor J on a teen dating/social dating website.  Defendant,

11:27:30  24    who was approximately 26 years old at the time, and Minor J,

11:27:34  25    who was 14 years old at the time, then began communicating

| | | |
|---|---|---|
| 11:27:36 | 1 | with each other via an Internet-based text-messaging |
| 11:27:39 | 2 | application. Defendant engaged in prohibited sexual acts with |
| 11:27:43 | 3 | Minor J on at least three occasions, including at hotel rooms |
| 11:27:48 | 4 | arranged and paid for by defendant. |
| 11:27:51 | 5 | At the times defendant committed the offenses of |
| 11:27:55 | 6 | conviction and the other offenses described herein, he was |
| 11:27:58 | 7 | required to register as a sex offender. |
| 11:28:00 | 8 | The five devices identified herein, the ZTE cell phone, |
| 11:28:04 | 9 | the two iPhone 6s, iPhone 5, and iPod, were manufactured |
| 11:28:10 | 10 | outside the state of Ohio. |
| 11:28:16 | 11 | Your Honor, the Statement of Facts ends with an assertion |
| 11:28:18 | 12 | that the defendant has read the Statement of Facts and has |
| 11:28:20 | 13 | carefully reviewed it with his attorney, and he acknowledges |
| 11:28:23 | 14 | that it is, in fact, true and correct. And, Your Honor, the |
| 11:28:33 | 15 | statement has been signed and dated, as well as acknowledged |
| 11:28:37 | 16 | by his counsel. |
| 11:28:40 | 17 | Before I finish, Your Honor, earlier I had referred to |
| 11:28:48 | 18 | Minor H, and the sentence after that, there was another typo, |
| 11:28:54 | 19 | it looks like, where I refer to Minor G. That was, in fact, |
| 11:28:58 | 20 | Minor H. We will make sure we will correct that in the |
| 11:29:01 | 21 | Statement of Facts before it gets filed. |
| 11:29:02 | 22 | THE COURT: Where was that? |
| 11:29:04 | 23 | MR. PATEL: That was at the end of page -- I am |
| 11:29:06 | 24 | sorry -- the beginning of page 4, the very top. You will see |
| 11:29:12 | 25 | "direction, Minor G." |

```
11:29:14   1                THE COURT:  Right.
11:29:14   2                MR. PATEL:  That should be "Minor H."
11:29:17   3                THE COURT:  All right.  What I would like to --
11:29:21   4      okay.
11:29:22   5           First, Mr. Jones, did you understand, as has been
11:29:28   6      clarified, the reading by Mr. Patel, the facts that have been
11:29:32   7      alleged against you that underlie the counts to which you wish
11:29:38   8      to tender pleas of guilty?
11:29:40   9                THE DEFENDANT:  Yes, Your Honor.
11:29:42  10                THE COURT:  And you understand those two corrections
11:29:44  11      that Mr. Patel has indicated for the record on page 2,
11:29:52  12      making -- I believe changing the reference to "Minor A" to
11:29:59  13      "Minor B," and on page 4, changing the reference to "Minor G"
11:30:05  14      to "Minor H."  Do you understand those corrections?
11:30:09  15                THE DEFENDANT:  Yes, Your Honor.
11:30:10  16                THE COURT:  Do you have any questions then about
11:30:15  17      that Statement of Facts that are contained within those four
11:30:19  18      pages and as read upon the record as modified by Mr. Patel?
11:30:25  19                THE DEFENDANT:  No, Your Honor.
11:30:26  20                THE COURT:  Are those the facts, as modified and as
11:30:29  21      shared with the record, that you wish to enter pleas of guilty
11:30:33  22      to?
11:30:34  23                THE DEFENDANT:  Yes.
11:30:37  24                THE COURT:  And are you pleading guilty to these --
11:30:40  25      are you making these pleas to these facts because these facts
```

| | | |
|---|---|---|
| 11:30:44 | 1 | as shared with the record and as contained in statement -- or |
| 11:30:49 | 2 | Attachment A, Statement of Facts, as modified are true? |
| 11:30:52 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 11:30:53 | 4 | THE COURT:  What I'd like to do -- and I believe |
| 11:30:56 | 5 | it's already been accomplished -- but for the record, it is my |
| 11:31:01 | 6 | understanding that Mr. Jones has reviewed the Statement of |
| 11:31:07 | 7 | Facts with counsel, Mr. Rion; that after that review, they |
| 11:31:14 | 8 | have, on I believe September the 19th, 2017, signed the |
| 11:31:19 | 9 | Statement of Facts indicating that they had reviewed the facts |
| 11:31:26 | 10 | and acknowledge them as true and correct. |
| 11:31:29 | 11 | It's my understanding also that Mr. Jones and Mr. Rion |
| 11:31:34 | 12 | have initialed the bottom of the other pages, pages 1 through |
| 11:31:39 | 13 | 3, in addition to the signature page, page 4.  And it's |
| 11:31:49 | 14 | further my understanding, Mr. Patel, you have initialed the |
| 11:31:51 | 15 | bottom of each of the pages of the factual statement, pages 1 |
| 11:31:56 | 16 | through 4; is that correct? |
| 11:31:57 | 17 | MR. PATEL:  All that is correct, Your Honor, and all |
| 11:31:59 | 18 | that has been accomplished, as well as the two corrections |
| 11:32:02 | 19 | Your Honor mentioned have also been initialed by all parties. |
| 11:32:06 | 20 | THE COURT:  Very good. |
| 11:32:07 | 21 | Well, Mr. Jones, we need to talk about a few other |
| 11:32:11 | 22 | things.  One, it's not only important in entering pleas of |
| 11:32:15 | 23 | guilty that you fully understand what the charges are to which |
| 11:32:19 | 24 | you are pleading and what the facts are that are alleged upon |
| 11:32:24 | 25 | which those facts -- those charges are based, but in order to |

| | | |
|---|---|---|
| 11:32:28 | 1 | be a knowing and voluntary plea, it's important that you do |
| 11:32:32 | 2 | understand what can happen by entering these pleas if the |
| 11:32:37 | 3 | Court would accept the pleas and make findings of guilty.  It |
| 11:32:40 | 4 | is also important that you understand what process the Court |
| 11:32:45 | 5 | will go through, what factors the Court will be considering in |
| 11:32:50 | 6 | coming up with a disposition in a case, a disposition that |
| 11:32:55 | 7 | meets the goals of sentencing but is not more than is |
| 11:32:58 | 8 | necessary. |
| 11:32:59 | 9 | So we are going to talk about several things.  We are |
| 11:33:02 | 10 | going to talk first about the maximum penalties that could be |
| 11:33:06 | 11 | imposed upon an individual who has been convicted of these |
| 11:33:11 | 12 | offenses.  We are also going to talk about how the Court comes |
| 11:33:18 | 13 | up with a disposition, what are the factors of sentencing that |
| 11:33:22 | 14 | the Court considers in coming up with a disposition. |
| 11:33:27 | 15 | Please understand the Court will be sharing these maximum |
| 11:33:31 | 16 | penalties for these violations with you and the record.  It |
| 11:33:35 | 17 | doesn't mean the Court's decided to impose maximum sentences. |
| 11:33:39 | 18 | It means, however, that it is important for your pleas to be |
| 11:33:43 | 19 | knowing and voluntary that you fully understand everything |
| 11:33:46 | 20 | that can happen, including the maximums that could be imposed. |
| 11:33:50 | 21 | Do you understand? |
| 11:33:51 | 22 | THE DEFENDANT:  Yes, Your Honor. |
| 11:33:52 | 23 | THE COURT:  Well, let's first talk about the maximum |
| 11:33:58 | 24 | sentences that can be imposed for these violations.  And these |
| 11:34:01 | 25 | are contained, these maximums are contained in provision 2 of |

| 11:34:07 | 1 | your Plea Agreement which you have reviewed with Mr. Rion, but |
| 11:34:10 | 2 | the Court is going to share these with the record and just |
| 11:34:13 | 3 | confirm its understanding that you fully understand those |
| 11:34:18 | 4 | maximum penalties. |
| 11:34:20 | 5 | You understand that for Counts 1, 2, 4, 5, 7, 9, 10, and |
| 11:34:32 | 6 | 11, those are the charges of production of child pornography, |
| 11:34:38 | 7 | violations of 18, United States Code, 2251(a) and (e), the |
| 11:34:47 | 8 | maximum penalty is 30 years of imprisonment, but there is a |
| 11:34:50 | 9 | mandatory minimum for those counts, each count, of 15 years. |
| 11:34:56 | 10 | Do you understand? |
| 11:34:57 | 11 | THE DEFENDANT:  Yes, Your Honor. |
| 11:34:58 | 12 | THE COURT:  Do you have any questions about that? |
| 11:35:00 | 13 | THE DEFENDANT:  No, Your Honor. |
| 11:35:01 | 14 | THE COURT:  If the Court, with regard to any of |
| 11:35:03 | 15 | those counts, elected to impose a fine, the Court could fine |
| 11:35:08 | 16 | up to $250,000.  Do you understand? |
| 11:35:12 | 17 | THE DEFENDANT:  Yes. |
| 11:35:12 | 18 | THE COURT:  In addition to any term of |
| 11:35:16 | 19 | incarceration, you understand that there is subsequently an |
| 11:35:20 | 20 | imposed term of supervision.  You understand that with regard |
| 11:35:25 | 21 | to these violations, with these counts of violations, at |
| 11:35:31 | 22 | least -- there would be at least a supervision -- supervised |
| 11:35:34 | 23 | release term of five years.  It could be up to life.  Do you |
| 11:35:39 | 24 | understand? |
| 11:35:40 | 25 | THE DEFENDANT:  Yes, Your Honor. |

```
11:35:41   1            THE COURT:  Do you have any questions then about the
11:35:43   2    maximum penalties that could be imposed upon Counts 1, 2, 4,
11:35:49   3    5, 7, 9, 10, and 11?
11:35:53   4            THE DEFENDANT:  No, Your Honor.
11:35:53   5            THE COURT:  As to Counts 3 and 6, which are the
11:35:56   6    charges of coercion and enticement of a minor, a violation of
11:36:00   7    18, United States Code, 2422(b), you understand that the
11:36:06   8    maximum penalty is life in prison.  Do you understand that?
11:36:12   9            THE DEFENDANT:  Yes, Your Honor.
11:36:13   10           THE COURT:  Do you understand also that for each of
11:36:15   11   those counts there is also a mandatory minimum of ten years
11:36:20   12   that must be imposed.  Do you understand?
11:36:22   13           THE DEFENDANT:  Yes.
11:36:23   14           THE COURT:  Again, if the Court elected to impose a
11:36:27   15   fine on these counts, a fine could be imposed up to $250,000.
11:36:35   16   And in addition to a term of incarceration subsequent to that,
11:36:41   17   a term of supervised release would be at least five years but
11:36:46   18   could be, again, up to lifetime.  Do you understand?
11:36:49   19           THE DEFENDANT:  Yes, Your Honor.
11:36:50   20           THE COURT:  Do you have any questions about those
11:36:55   21   maximums with regard to Counts 3 and 6?
11:36:59   22           THE DEFENDANT:  No.
11:37:00   23           THE COURT:  With regard to Count 13, and that is the
11:37:06   24   charge of commission of felony offense involving a minor by a
11:37:09   25   person required to register as a sex offender, a violation of
```

| 11:37:13 | 1 | 18, United States Code, 2260A, do you understand that that |
| 11:37:20 | 2 | violation, the term of imprisonment to be served, is ten |
| 11:37:28 | 3 | years.  Do you understand? |
| 11:37:28 | 4 | THE DEFENDANT:  Yes, Your Honor. |
| 11:37:28 | 5 | THE COURT:  And you understand that that ten years, |
| 11:37:31 | 6 | unlike -- I will review this with you -- unlike the other |
| 11:37:36 | 7 | terms of incarceration, must be served consecutive, which |
| 11:37:41 | 8 | means must be served additionally to any other terms of |
| 11:37:46 | 9 | imprisonment that may be imposed upon you, in this case on |
| 11:37:51 | 10 | Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, and 11.  Do you understand? |
| 11:37:58 | 11 | THE DEFENDANT:  Yes, Your Honor. |
| 11:37:59 | 12 | THE COURT:  With regard to Count 13, again, a fine |
| 11:38:02 | 13 | could be imposed of up to $250,000.  And, again, supervision |
| 11:38:10 | 14 | after the term of incarceration would be up to three years. |
| 11:38:14 | 15 | Do you understand? |
| 11:38:15 | 16 | THE DEFENDANT:  Yes. |
| 11:38:15 | 17 | THE COURT:  Now, do you have any questions about |
| 11:38:20 | 18 | those maximums or the mandatory minimums that the Court has |
| 11:38:24 | 19 | reviewed with you? |
| 11:38:25 | 20 | THE DEFENDANT:  No, Your Honor. |
| 11:38:26 | 21 | THE COURT:  All right.  You further must |
| 11:38:30 | 22 | understand -- and obviously it is contained within your Plea |
| 11:38:35 | 23 | Agreement as I previously stated -- the terms of imprisonment |
| 11:38:39 | 24 | that are imposed on Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, and 11 |
| 11:38:46 | 25 | may be imposed concurrently, meaning at the same time, you |

| | | |
|---|---|---|
| 11:38:54 | 1 | would serve those terms at the same time, concurrently with, |
| 11:38:57 | 2 | or could be imposed consecutive to each other.  Do you |
| 11:39:02 | 3 | understand? |
| 11:39:02 | 4 | THE DEFENDANT:  Yes, Your Honor. |
| 11:39:03 | 5 | THE COURT:  But as I have indicated, Count 13, |
| 11:39:10 | 6 | unlike these other counts, the term of imprisonment imposed on |
| 11:39:13 | 7 | Count 13 must, must run consecutively.  Do you understand? |
| 11:39:18 | 8 | THE DEFENDANT:  Yes. |
| 11:39:19 | 9 | THE COURT:  In addition to those maximums and |
| 11:39:30 | 10 | mandatory minimums, there are just several other things that I |
| 11:39:34 | 11 | want to reference.  One, you understand that forfeiture |
| 11:39:42 | 12 | applies.  And the Court further not only has the authority to |
| 11:39:50 | 13 | order restitution but must order restitution pursuant to 18, |
| 11:39:54 | 14 | United States Code, 2259 and 3663(a).  Do you understand? |
| 11:40:00 | 15 | THE DEFENDANT:  Yes, Your Honor. |
| 11:40:01 | 16 | THE COURT:  And in addition, all of these counts, |
| 11:40:06 | 17 | there is an obligation to impose -- or a mandate on the Court |
| 11:40:11 | 18 | to impose a $100 special assessment for each count of |
| 11:40:15 | 19 | conviction.  Do you understand? |
| 11:40:16 | 20 | THE DEFENDANT:  Yes. |
| 11:40:17 | 21 | THE COURT:  And, finally, pursuant to 18, U.S.C., |
| 11:40:22 | 22 | 3014(a), the Court has an obligation and is mandated to impose |
| 11:40:27 | 23 | an additional $5,000 special assessment for each count of |
| 11:40:32 | 24 | conviction unless the Court would find that a defendant, you |
| 11:40:39 | 25 | in this case, to be indigent.  Do you understand? |

| 11:40:42 | 1 | THE DEFENDANT: Yes, Your Honor. |
|---|---|---|
| 11:40:42 | 2 | THE COURT: Do you have any questions then -- again, |
| 11:40:46 | 3 | not to be redundant -- but any questions about those maximums, |
| 11:40:51 | 4 | the mandatory minimums, the terms of consecutive or |
| 11:40:57 | 5 | concurrent, or any questions about forfeiture, restitution, or |
| 11:41:04 | 6 | the mandatory special assessments? |
| 11:41:05 | 7 | THE DEFENDANT: No, Your Honor. |
| 11:41:08 | 8 | THE COURT: One other aspect of disposition that I |
| 11:41:13 | 9 | do want to just touch on -- it is also contained within your |
| 11:41:17 | 10 | Plea Agreement -- you do understand that as a result of these |
| 11:41:20 | 11 | convictions, if the Court accepts your pleas and makes |
| 11:41:24 | 12 | findings of guilty, you will, pursuant to the Sex Offender |
| 11:41:31 | 13 | Registration and Notification Act, be required to register as |
| 11:41:33 | 14 | a sex offender and to keep your registration current in the |
| 11:41:37 | 15 | jurisdictions where you reside or are employed or possibly a |
| 11:41:41 | 16 | student, and that registration must be kept current and must |
| 11:41:46 | 17 | be updated as required by the law. Do you understand that? |
| 11:41:50 | 18 | THE DEFENDANT: Yes, Your Honor. |
| 11:41:53 | 19 | THE COURT: Do you have any questions then -- I |
| 11:42:01 | 20 | covered a lot of stuff here, Mr. Jones. Do you have any |
| 11:42:03 | 21 | questions about those maximums, mandatory minimums, or any |
| 11:42:07 | 22 | other sanctions that the Court has shared with you that are |
| 11:42:09 | 23 | contained within your Plea Agreement in provisions 2 and 3? |
| 11:42:14 | 24 | THE DEFENDANT: No. |
| 11:42:14 | 25 | THE COURT: Mr. Patel, have I left anything out with |

11:42:23  1   regard to disposition, the maximums, the mandatories,

11:42:31  2   anything?

11:42:31  3           MR. PATEL:  No, Your Honor.  There is a provision in

11:42:34  4   there further discussing supervised release, saying what it

11:42:37  5   is, but I think it's self-explanatory.

11:42:40  6           THE COURT:  Mr. Rion, anything?

11:42:41  7           MR. RION:  No, Your Honor.

11:42:41  8           THE COURT:  Well, let's talk a little bit about

11:42:43  9   then, Mr. Jones, how the Court comes up with the disposition.

11:42:48  10  The Court comes up with a disposition, obviously I have

11:42:53  11  certain parameters here because there are mandatory minimums,

11:42:56  12  but within the mandatory minimums and the maximums, the Court

11:42:59  13  does have discretion.  The Court has discretion with regard to

11:43:05  14  consecutive and concurrent with all but Count 13 of the

11:43:13  15  charges contained within the Superseding Indictment.

11:43:17  16      But the Court, in considering its discretions, in looking

11:43:23  17  at the discretion, has to consider seven factors of sentencing

11:43:27  18  when I look at these offenses.  One, I need to look at the

11:43:31  19  nature and circumstance of the offense, and that simply means

11:43:34  20  that I attempt to find out everything that has occurred as

11:43:39  21  part of these violations and these offenses.

11:43:43  22      I also look at you, try to find out everything I can

11:43:51  23  about you, your history, your characteristics, your

11:43:54  24  background.  It's important that I understand what exactly

11:43:56  25  happened with regard to these violations and who you are and

|          |    |                                                                          |
|----------|----|--------------------------------------------------------------------------|
| 11:43:59 | 1  | how this all came about.  Once I have a -- what I hope to be a            |
| 11:44:08 | 2  | complete picture of that, then the Court looks to see what                |
| 11:44:11 | 3  | types of sentences are available to me.  Obviously, I have                |
| 11:44:16 | 4  | already talked to you about the mandatory minimums.  I have               |
| 11:44:19 | 5  | talked to you about the maximums.  But within that, as I have             |
| 11:44:23 | 6  | indicated, I do have discretion.  I look to see what types of             |
| 11:44:26 | 7  | sentences, based upon the nature and circumstance of the                  |
| 11:44:28 | 8  | offense, your history, your characteristics, and background,              |
| 11:44:32 | 9  | what is the sentence that is available to me that meets the               |
| 11:44:37 | 10 | goals of sentencing but is not more than is necessary.                    |
| 11:44:41 | 11 | The Court, in looking at the types of sentences that are                  |
| 11:44:44 | 12 | available to me, also means that I look to see -- or I make               |
| 11:44:50 | 13 | comparisons with other situations, other individuals who are             |
| 11:44:54 | 14 | similarly situated.  Every case, every charge is different;               |
| 11:44:57 | 15 | however, there are some similarities between certain                      |
| 11:45:02 | 16 | situations, between certain individuals with a similar type of            |
| 11:45:07 | 17 | violation, with a similar type of education, background,                  |
| 11:45:10 | 18 | experience.  So I try to not only be just in imposing a                   |
| 11:45:16 | 19 | sentence, I not only try to impose a sentence that meets the              |
| 11:45:20 | 20 | goals of sentencing but not more than necessary, but I also               |
| 11:45:23 | 21 | try to be as consistent as possible.                                      |
| 11:45:28 | 22 | My objective, Mr. Jones, in considering these violations,                 |
| 11:45:32 | 23 | in considering the disposition for these violations, is to                |
| 11:45:35 | 24 | impose a just sentence, a just sentence for you, a just                   |
| 11:45:39 | 25 | sentence for society, a sentence that reflects the seriousness            |

| 11:45:44 | 1 | of these offenses and promotes respect for the law. |
| 11:45:48 | 2 | I always say that I start out with a rebuttable |
| 11:45:52 | 3 | presumption that an individual who violates the law didn't, |
| 11:45:55 | 4 | one, appreciate the seriousness of what he or she was doing |
| 11:45:58 | 5 | and they didn't respect the law. I need to know where you are |
| 11:46:03 | 6 | at now. I need to know from you and Mr. Rion where you are |
| 11:46:08 | 7 | with regard to your understanding or your appreciation of the |
| 11:46:14 | 8 | seriousness of these offenses because that directly impacts |
| 11:46:21 | 9 | the other factors of sentencing and when I consider what is an |
| 11:46:25 | 10 | adequate deterrent for further criminal conduct of a |
| 11:46:30 | 11 | defendant, what is necessary to protect the public from |
| 11:46:37 | 12 | further crimes of this individual. |
| 11:46:43 | 13 | So it's important in me looking at those factors that I |
| 11:46:49 | 14 | also understand has an individual gained any appreciation, has |
| 11:46:55 | 15 | he gained any appreciation for the seriousness of what he or |
| 11:46:57 | 16 | she has done and have they gained respect for the law. |
| 11:47:03 | 17 | Because it is important for me to be convinced that I am |
| 11:47:07 | 18 | imposing a just sentence for not only an individual but |
| 11:47:13 | 19 | society in general. |
| 11:47:15 | 20 | I not only look to do what I can do to a person, I also |
| 11:47:19 | 21 | look to what I can do for a person. I will also consider as |
| 11:47:24 | 22 | part of any disposition, is there a need for further type of |
| 11:47:28 | 23 | education or vocational training? Is there any type of need |
| 11:47:30 | 24 | for medical care or other type of correctional treatment? And |
| 11:47:33 | 25 | the Court will look closely at that. |

| | | |
|---|---|---|
| 11:47:36 | 1 | Of course, restitution is a factor.  And the Court would |
| 11:47:43 | 2 | consider that. |
| 11:47:47 | 3 | Mr. Jones, do you have any questions about what I am |
| 11:47:49 | 4 | going to be thinking about, what I am going to be considering |
| 11:47:51 | 5 | in coming up with a disposition? |
| 11:47:54 | 6 | THE DEFENDANT:  No, Your Honor. |
| 11:47:57 | 7 | THE COURT:  The final factor the Court does look at |
| 11:47:59 | 8 | is a guideline calculation under the sentencing guidelines. |
| 11:48:08 | 9 | Mr. Rion, have you had the opportunity to talk with |
| 11:48:11 | 10 | Mr. Jones about the guidelines, how they work generally, and |
| 11:48:15 | 11 | how they may affect Mr. Jones? |
| 11:48:17 | 12 | MR. RION:  Yes, Your Honor. |
| 11:48:18 | 13 | THE COURT:  Could you just share with the record a |
| 11:48:20 | 14 | brief summary of that discussion, and so that we can share |
| 11:48:28 | 15 | that with the record so that I understand that Mr. Jones has |
| 11:48:32 | 16 | some comprehension of how that guideline factor works and how |
| 11:48:37 | 17 | it could affect the Court's consideration of his dispositions. |
| 11:48:41 | 18 | MR. RION:  Your Honor, for many of the counts that |
| 11:48:44 | 19 | are contained in the Plea Agreement, the total offense level |
| 11:48:49 | 20 | in the case would be a 48.  And after acceptance of |
| 11:48:56 | 21 | responsibility, I suppose that could be a 45.  And for those |
| 11:48:58 | 22 | counts, the suggested range would be life.  For other counts |
| 11:49:03 | 23 | in the Indictment, the guideline range could be a level 36 for |
| 11:49:10 | 24 | a total offense level, which would yield a layer of 210 to 262 |
| 11:49:16 | 25 | months. |

11:49:18   1      I believe that Mr. Jones, his criminal history category

11:49:23   2  could be categorized as level II, and those guideline ranges

11:49:28   3  that I previously mentioned would be indicative of somebody

11:49:31   4  that had two criminal history points.

11:49:37   5      THE COURT: During your discussions with Mr. Jones,

11:49:40   6  do you believe, Mr. Rion, that Mr. Jones understood your

11:49:44   7  explanation of the guidelines, how they work generally, how

11:49:48   8  you made these calculations and came up with these estimates

11:49:54   9  with regard to the offense levels, the criminal history

11:49:56  10  categories, and the advisory ranges of sentence?

11:50:00  11      MR. RION: We spent a lot of time, Your Honor,

11:50:02  12  looking through the guidelines and the other factors of

11:50:05  13  sentencing, and the statutory maximums are related to the

11:50:09  14  various counts.

11:50:10  15      THE COURT: And he understands that, of course,

11:50:12  16  these guideline calculations must, of course, be considered

11:50:22  17  within the parameters of mandatory minimums and maximums?

11:50:28  18      MR. RION: Yes, Your Honor.

11:50:28  19      THE COURT: And he understands how that -- you are

11:50:31  20  confident that he understands how that affects those

11:50:38  21  calculations?

11:50:38  22      MR. RION: Yes, Your Honor.

11:50:39  23      THE COURT: Mr. Jones, is that right?

11:50:42  24      THE DEFENDANT: Yes, Your Honor.

11:50:43  25      THE COURT: You have talked at length with Mr. Rion

| | | |
|---|---|---|
| 11:50:45 | 1 | about the guidelines, how they work generally.  Basically my |
| 11:50:48 | 2 | simple explanation in many cases is just that there is a score |
| 11:50:51 | 3 | for every violation.  That can be raised or lowered by certain |
| 11:50:57 | 4 | characteristics, certain adjustments.  There is a criminal |
| 11:51:02 | 5 | history category that is determined by an individual's |
| 11:51:06 | 6 | criminal history.  You take those two numbers and you go to a |
| 11:51:08 | 7 | chart within the guidelines and come up with an advisory |
| 11:51:10 | 8 | range.  In your case, it's a little more complicated.  As we |
| 11:51:13 | 9 | have discussed here and as Mr. Rion has talked with you about, |
| 11:51:18 | 10 | we have some mandatory minimums to deal with.  We have |
| 11:51:20 | 11 | numerous, we have numerous counts.  Do you believe that you |
| 11:51:24 | 12 | fully understand what Mr. Rion has talked to you about? |
| 11:51:27 | 13 | THE DEFENDANT:  Yes, Your Honor. |
| 11:51:28 | 14 | THE COURT:  Mr. Patel, anything to add with regard |
| 11:51:31 | 15 | to the guidelines? |
| 11:51:32 | 16 | MR. PATEL:  Given that it's a child exploitation |
| 11:51:39 | 17 | offense, Your Honor, there is one other thing maybe that needs |
| 11:51:42 | 18 | mentioned, which is that the offenses will be treated |
| 11:51:45 | 19 | separately and there will be adjustments made because of the |
| 11:51:51 | 20 | number of victims, and so there will be increases.  I am |
| 11:51:56 | 21 | referring to the counts where counsel was referring to a |
| 11:51:59 | 22 | guideline range of anything other than life.  Those could be |
| 11:52:03 | 23 | increased even higher because of the adjustments involving the |
| 11:52:06 | 24 | number of victims.  In short, the grouping rules just won't |
| 11:52:10 | 25 | help the defendant in this case. |

| | | |
|---|---|---|
| 11:52:14 | 1 | THE COURT: Mr. Rion. |
| 11:52:16 | 2 | MR. RION: Mr. Jones is well aware of this and what |
| 11:52:20 | 3 | the guidelines could be suggesting. |
| 11:52:28 | 4 | THE COURT: Counsel approach. |
| 11:52:30 | 5 | (Sidebar off the record.) |
| 11:53:49 | 6 | THE COURT: Mr. Jones, do you have any other -- any |
| 11:53:54 | 7 | questions whatsoever with regard to disposition, meaning |
| 11:53:58 | 8 | penalties for each of these counts, the maximum penalties that |
| 11:54:02 | 9 | could be imposed, the mandatory minimum for any of the counts, |
| 11:54:08 | 10 | the consecutive or concurrent options that the Court has with |
| 11:54:14 | 11 | regard to many of the counts, but not to Count 13, do you have |
| 11:54:18 | 12 | any questions about the calculation, how the guidelines work, |
| 11:54:23 | 13 | and how it has been explained to you and how that could affect |
| 11:54:26 | 14 | the Court's consideration of your disposition? Do you have |
| 11:54:29 | 15 | any questions about that? |
| 11:54:31 | 16 | THE DEFENDANT: No. I fully understand. |
| 11:54:33 | 17 | THE COURT: Give me just a second. |
| 11:54:43 | 18 | Anything further with regard then to disposition that the |
| 11:55:00 | 19 | Court has left out, Mr. Patel? |
| 11:55:03 | 20 | MR. PATEL: No, Your Honor. |
| 11:55:04 | 21 | THE COURT: Mr. Rion? |
| 11:55:05 | 22 | MR. RION: No, Your Honor. |
| 11:55:06 | 23 | THE COURT: Well, let's talk about just a couple |
| 11:55:08 | 24 | other areas, Mr. Jones. You understand that you don't have to |
| 11:55:12 | 25 | plead guilty to these counts. You can plead not guilty, go to |

11:55:16   1    jury trial. We would select a jury, and we would place the

11:55:21   2    burden upon the government to prove each and every count, each

11:55:26   3    and every element of that count beyond a reasonable doubt.

11:55:30   4    You don't have a burden. You don't have to prove anything.

11:55:32   5    You don't have to say or do anything. They have the burden.

11:55:37   6    It's the highest burden in the law. And it's up to them to

11:55:40   7    prove each and every element of every count.

11:55:44   8      You have the right to sit at counsel table, say nothing,

11:55:48   9    do nothing. You have no burden to prove anything. Your

11:55:52  10    counsel can fully participate in the trial. He can see the

11:55:56  11    government's evidence. He can cross-examine all the

11:55:58  12    government's witnesses. He can argue your case before the

11:56:02  13    jury. If he felt that there were witnesses to call on your

11:56:07  14    behalf, he could call them. If they were hesitant to appear,

11:56:11  15    I would compel them to at least attend.

11:56:15  16      Again, he could argue your case before the jury, and if

11:56:17  17    the jury, after that guaranteed process and all the rights

11:56:22  18    have been exercised by you, the jury returns a verdict or

11:56:25  19    verdicts of guilty against you, you'd have a right to appeal

11:56:30  20    that verdict or those verdicts to the Court of Appeals.

11:56:33  21      Now that process, all those rights are Robert Steven

11:56:42  22    Jones'. They're no one else's. They're yours. No one can

11:56:44  23    take them from you. They can't take them from you; I can't

11:56:47  24    take them from you. But you can give them up. And one way to

11:56:49  25    give them up with regard to these counts to which you are

| | | |
|---|---|---|
| 11:56:52 | 1 | tendering pleas is to go forward and enter these pleas. Do |
| 11:56:56 | 2 | you understand? |
| 11:56:57 | 3 | THE DEFENDANT: Yes, Your Honor. |
| 11:56:57 | 4 | THE COURT: Do you have any questions about the |
| 11:57:01 | 5 | process, those rights, or the fact that by entering pleas to |
| 11:57:03 | 6 | these counts, you are giving up that process and those rights? |
| 11:57:07 | 7 | THE DEFENDANT: No, Your Honor. |
| 11:57:07 | 8 | THE COURT: You are doing this pursuant to a Plea |
| 11:57:14 | 9 | Agreement, or you are entering these pleas pursuant to a Plea |
| 11:57:17 | 10 | Agreement. Your Plea Agreement, a copy of which I have in |
| 11:57:19 | 11 | front of me, is seven pages long, including the signature |
| 11:57:30 | 12 | page, and contains 15 provisions. Have you, with the |
| 11:57:35 | 13 | assistance of Mr. Rion, reviewed carefully each and every |
| 11:57:41 | 14 | provision on each and every page of this Plea Agreement? |
| 11:57:45 | 15 | THE DEFENDANT: Yes, Your Honor. |
| 11:57:47 | 16 | THE COURT: And when you read over this Plea |
| 11:57:49 | 17 | Agreement, each and every provision, and looked at them very |
| 11:57:52 | 18 | carefully, if you had any questions, did you discuss those |
| 11:57:58 | 19 | questions and address your concerns to Mr. Rion, and was he |
| 11:58:01 | 20 | able to answer your questions and help you with your concerns? |
| 11:58:03 | 21 | THE DEFENDANT: Yes. |
| 11:58:06 | 22 | THE COURT: At this point in time, after your |
| 11:58:07 | 23 | discussions and after your complete review of the Plea |
| 11:58:09 | 24 | Agreement, do you have any questions about any of the |
| 11:58:11 | 25 | provisions in the Plea Agreement at this time? |

| | | |
|---|---|---|
| 11:58:13 | 1 | THE DEFENDANT:  No, Your Honor. |
| 11:58:14 | 2 | THE COURT:  Now, I am not going to review each and |
| 11:58:17 | 3 | every provision because you have said that you have read -- |
| 11:58:20 | 4 | you have read them over.  You have reviewed them with the help |
| 11:58:22 | 5 | of Mr. Rion, and you understand them.  But the Court would |
| 11:58:29 | 6 | point out provision 1 does have the counts to which you are |
| 11:58:34 | 7 | entering -- they enumerate the counts to which you are |
| 11:58:39 | 8 | entering pleas of guilty -- Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, |
| 11:58:46 | 9 | 11, and 13 -- and the violations of law that are contained |
| 11:58:53 | 10 | within those counts. |
| 11:58:57 | 11 | However, it also talks about the fact that you are |
| 11:59:01 | 12 | entering this plea as a conditional plea.  You are entering |
| 11:59:05 | 13 | this plea conditionally on the fact that you are reserving |
| 11:59:11 | 14 | your right to have appellate review of the Court's order |
| 11:59:19 | 15 | denying your previously filed motion to suppress, your motion |
| 11:59:26 | 16 | for a Franks hearing, and your motion to compel discovery. |
| 11:59:33 | 17 | Those are documents 60, 77, and 83.  Is that your |
| 11:59:44 | 18 | understanding of your -- the conditions of your plea? |
| 11:59:54 | 19 | THE DEFENDANT:  Yes, Your Honor. |
| 11:59:54 | 20 | THE COURT:  Mr. Patel, is that your understanding, |
| 11:59:57 | 21 | the government's understanding? |
| 11:59:59 | 22 | MR. PATEL:  Yes, it is. |
| 12:00:00 | 23 | THE COURT:  So although you will be entering pleas |
| 12:00:03 | 24 | of guilty pursuant to this Plea Agreement, you are retaining |
| 12:00:06 | 25 | the right to appeal those rulings by the Court.  Any questions |

| | | |
|---|---|---|
| 12:00:12 | 1 | about that? |
| 12:00:13 | 2 | THE DEFENDANT: No, Your Honor. |
| 12:00:13 | 3 | THE COURT: Provision 2 -- again, I am not going to |
| 12:00:17 | 4 | review the whole thing -- but provision 2 talks about those |
| 12:00:22 | 5 | maximum penalties for each of the counts, the mandatory |
| 12:00:26 | 6 | minimums, the two terms of supervision, the possible fines, |
| 12:00:33 | 7 | special assessments, the fact that forfeiture applies, as well |
| 12:00:38 | 8 | as restitution. And you have reviewed that provision, |
| 12:00:43 | 9 | provision 2, and you understand all of those, all of those |
| 12:00:48 | 10 | provisions with regard to penalties, forfeitures, restitution, |
| 12:00:53 | 11 | and special assessments; is that correct? |
| 12:00:55 | 12 | THE DEFENDANT: Yes, Your Honor. |
| 12:00:56 | 13 | THE COURT: Under provision 3, it talks about, |
| 12:00:59 | 14 | again, the SORNA act; the fact that these convictions will |
| 12:01:02 | 15 | require you to register and to keep that registration current. |
| 12:01:10 | 16 | It goes through those specifics with regard to SORNA, as well |
| 12:01:14 | 17 | as supervision by the Court on supervised release. Obviously, |
| 12:01:22 | 18 | any violations of SORNA or any mandatory or other requirements |
| 12:01:30 | 19 | that are placed upon you by the Court can result in sanctions, |
| 12:01:35 | 20 | including a revocation of your supervision and further |
| 12:01:38 | 21 | incarceration. And you understand that? |
| 12:01:39 | 22 | THE DEFENDANT: Yes, Your Honor. |
| 12:01:40 | 23 | THE COURT: Do you have any questions about that? |
| 12:01:43 | 24 | THE DEFENDANT: No. |
| 12:01:44 | 25 | THE COURT: Provision 7 just states that there is no |

| | | |
|---|---|---|
| 12:01:50 | 1 | agreement with regard to sentencing in this case, and that's |
| 12:01:54 | 2 | your understanding, too; is that right? |
| 12:01:56 | 3 | THE DEFENDANT: Yes, Your Honor. |
| 12:01:57 | 4 | THE COURT: 8 talks about forfeiture. It lists a |
| 12:02:02 | 5 | number of personal items that you have agreed to forfeit in |
| 12:02:09 | 6 | addition to any visual depictions that were part of this, part |
| 12:02:14 | 7 | of this matter. And you understand the forfeiture provision? |
| 12:02:21 | 8 | THE DEFENDANT: Yes, Your Honor. |
| 12:02:22 | 9 | THE COURT: And you waive any and all interests |
| 12:02:24 | 10 | through that provision and any claims to any of that property. |
| 12:02:27 | 11 | You understand that? |
| 12:02:27 | 12 | THE DEFENDANT: Yes. |
| 12:02:28 | 13 | THE COURT: Do you have any questions about that? |
| 12:02:30 | 14 | THE DEFENDANT: No, Your Honor. |
| 12:02:34 | 15 | THE COURT: Well, let me ask you this, Mr. Jones: |
| 12:02:39 | 16 | Do you have any questions at all? We have looked at those |
| 12:02:42 | 17 | provisions, and I am pointing those provisions out just |
| 12:02:46 | 18 | because I want to share those with the record. It doesn't |
| 12:02:48 | 19 | make those provisions any less or more important than any of |
| 12:02:52 | 20 | the other provisions. |
| 12:02:53 | 21 | You have indicated to me that you have reviewed your Plea |
| 12:02:55 | 22 | Agreement completely. You have reviewed each and every |
| 12:02:57 | 23 | provision. You have reviewed it with the help of Mr. Rion, |
| 12:03:00 | 24 | and you fully understand the provisions contained within the |
| 12:03:02 | 25 | Plea Agreement and the Plea Agreement as a whole; is that |

| | | |
|---|---|---|
| 12:03:07 | 1 | correct? |
| 12:03:07 | 2 | THE DEFENDANT: Yes, Your Honor. |
| 12:03:08 | 3 | THE COURT: Mr. Rion, you have talked with Mr. Jones |
| 12:03:10 | 4 | about the Plea Agreement. Do you believe he fully understands |
| 12:03:12 | 5 | all of the provisions of the Plea Agreement and that the Plea |
| 12:03:14 | 6 | Agreement is acceptable to him? |
| 12:03:16 | 7 | MR. RION: Yes, Your Honor. |
| 12:03:17 | 8 | THE COURT: Do you believe that any questions or |
| 12:03:20 | 9 | concerns that he has expressed have been answered? |
| 12:03:26 | 10 | MR. RION: Yes. |
| 12:03:26 | 11 | THE COURT: Mr. Patel, the Plea Agreement is |
| 12:03:27 | 12 | acceptable to the government? |
| 12:03:29 | 13 | MR. PATEL: It is, Your Honor. |
| 12:03:29 | 14 | THE COURT: Back to you, Mr. Jones. We have talked |
| 12:03:31 | 15 | about the Plea Agreement now and its provisions. We have |
| 12:03:35 | 16 | talked about your understanding of it, your review of it with |
| 12:03:38 | 17 | the help of Mr. Rion. Is this Plea Agreement acceptable to |
| 12:03:42 | 18 | you, and do you wish it to be filed along with the Court's |
| 12:03:47 | 19 | acceptance of your pleas? |
| 12:03:48 | 20 | MR. RION: Yes, Your Honor. |
| 12:03:49 | 21 | THE COURT: What I'd like to do, if it has not |
| 12:03:51 | 22 | already been accomplished, although it appears it may have, |
| 12:03:54 | 23 | that we acknowledge Mr. Jones' acceptance of the Plea |
| 12:03:58 | 24 | Agreement and its provisions by having Mr. Jones, Mr. Rion, |
| 12:04:03 | 25 | and Mr. Patel sign the Plea Agreement -- it appears they all |

12:04:06  1    have done so -- on page 7 of the Plea Agreement.  And then

12:04:10  2    initial the bottom of each of the first six pages.

12:04:17  3        Now, my copy only has your initials at the bottom of page

12:04:22  4    1, Mr. Patel.

12:04:23  5            MR. PATEL:  Your Honor, that has been rectified.

12:04:25  6    All pages now have been initialed by all parties.  The

12:04:29  7    defendant has signed and dated the Plea Agreement, along with

12:04:33  8    his counsel, and it has been fully executed.

12:04:40  9            THE COURT:  Mr. Jones, has anyone promised you

12:04:42  10   anything other than is contained within this Plea Agreement in

12:04:46  11   return for your plea?

12:04:48  12           THE DEFENDANT:  No, Your Honor.

12:04:48  13           THE COURT:  Has anyone done anything, said anything

12:04:53  14   that gives you the impression that something's going to happen

12:04:57  15   or not going to happen in return for your plea that is not

12:05:01  16   contained within this Plea Agreement?

12:05:02  17           THE DEFENDANT:  No, Your Honor.

12:05:05  18           THE COURT:  Is there anyone forcing you, compelling

12:05:07  19   you against your will to enter these pleas of guilty?

12:05:12  20           THE DEFENDANT:  No.

12:05:14  21           THE COURT:  You have discussed this case, these

12:05:16  22   charges with counsel.  You have weighed your options.  You

12:05:20  23   have weighed each and every one of these charges.  And you

12:05:24  24   have decided that you wish to enter pleas of guilty to these

12:05:30  25   counts and that that decision is a voluntary decision on your

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

| | | |
|---|---|---|
| 12:05:32 | 1 | part; is that correct? |
| 12:05:33 | 2 | THE DEFENDANT:  Yes, Your Honor. |
| 12:05:34 | 3 | THE COURT:  Have you had any kind of drugs, alcohol, |
| 12:05:39 | 4 | medication within the last 24 hours? |
| 12:05:42 | 5 | THE DEFENDANT:  No, Your Honor. |
| 12:05:43 | 6 | THE COURT:  Clear-headed here this morning? |
| 12:05:45 | 7 | THE DEFENDANT:  I am. |
| 12:05:47 | 8 | THE COURT:  Understand everything the Court has |
| 12:05:49 | 9 | talked with you about? |
| 12:05:50 | 10 | THE DEFENDANT:  Yes, Your Honor. |
| 12:05:50 | 11 | THE COURT:  Everything that Mr. Rion's talked to you |
| 12:05:52 | 12 | about? |
| 12:05:53 | 13 | THE DEFENDANT:  Yes. |
| 12:05:53 | 14 | THE COURT:  Mr. Jones, are you entering these pleas |
| 12:06:01 | 15 | contained within this Superseding Indictment because you are, |
| 12:06:07 | 16 | in fact, guilty as charged? |
| 12:06:09 | 17 | THE DEFENDANT:  Yes, Your Honor. |
| 12:06:10 | 18 | THE COURT:  Mr. Rion, do you consider Mr. Jones |
| 12:06:13 | 19 | competent to enter these pleas? |
| 12:06:16 | 20 | MR. RION:  I do. |
| 12:06:16 | 21 | THE COURT:  Do you believe he understands everything |
| 12:06:16 | 22 | that we have discussed? |
| 12:06:18 | 23 | MR. RION:  Yes. |
| 12:06:19 | 24 | THE COURT:  Well, then, back to you, Mr. Jones, one |
| 12:06:21 | 25 | final time.  You understand the facts that have been alleged |

12:06:25  1    against you?

12:06:26  2             THE DEFENDANT:  Yes, Your Honor.

12:06:26  3             THE COURT:  Do you wish to proceed with your pleas?

12:06:28  4             THE DEFENDANT:  Yes, Your Honor.

12:06:28  5             THE COURT:  Mr. Jones, how do you wish to plead to

12:06:32  6    Count 1, which charges you with the production of child

12:06:35  7    pornography, in violation of 18, United States Code, 2251(a)

12:06:40  8    and (e)?

12:06:41  9             THE DEFENDANT:  Guilty, Your Honor.

12:06:42  10            THE COURT:  How do you wish to plead to Count 2,

12:06:46  11   which charges you with production of child pornography, in

12:06:50  12   violation of 18, United States Code, 2251(a) and (e)?

12:06:53  13            THE DEFENDANT:  Guilty.

12:06:54  14            THE COURT:  Mr. Jones, how do you wish to plead to

12:06:57  15   Count 4, which charges you with production of child

12:06:59  16   pornography, a violation of 18, United States Code, 2251(a)

12:07:04  17   and (e)?

12:07:05  18            THE DEFENDANT:  Guilty.

12:07:05  19            THE COURT:  How do you wish to plead to Count 5,

12:07:08  20   which charges you with production of child pornography, a

12:07:11  21   violation of 18, United States Code, 2251(a) and (e)?

12:07:16  22            THE DEFENDANT:  Guilty.

12:07:16  23            THE COURT:  How do wish to plead to Count 7, which

12:07:18  24   charges you with production of child pornography, a violation

12:07:20  25   of 18, United States Code, 2251(a) and (e)?

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

```
12:07:24   1              THE DEFENDANT:  Guilty.

12:07:25   2              THE COURT:  How do you wish to plead to Count 9,

12:07:27   3    which charges you with production of child pornography, a

12:07:30   4    violation of 18, United States Code, 2251(a) and (e)?

12:07:34   5              THE DEFENDANT:  Guilty.

12:07:34   6              THE COURT:  How do you wish to plead to Count 10,

12:07:38   7    which charges you with production of child pornography, a

12:07:40   8    violation of 18, United States Code, 2251(a) and (e)?

12:07:44   9              THE DEFENDANT:  Guilty.

12:07:45  10              THE COURT:  And how do you wish to plead to Count

12:07:47  11    11, which charges you with production of child pornography, a

12:07:50  12    violation of 18, United States Code, 2251(a) and (e)?

12:07:54  13              THE DEFENDANT:  Guilty.

12:07:55  14              THE COURT:  Mr. Jones, how do you wish to plead to

12:07:58  15    Count 3, which charges you with coercion and enticement of a

12:08:01  16    minor, a violation of 18, United States Code, 2422(b)?

12:08:05  17              THE DEFENDANT:  Guilty.

12:08:05  18              THE COURT:  How do you wish to plead to Count 6,

12:08:07  19    which charges you with coercion and enticement of a minor, in

12:08:10  20    violation of 18, United States Code, 2422(b)?

12:08:13  21              THE DEFENDANT:  Guilty.

12:08:13  22              THE COURT:  And, finally, how do you wish to plead

12:08:16  23    to Count 13, which charges you with commission of a felony

12:08:19  24    offense involving a minor by a person required to register as

12:08:22  25    a sex offender, a violation of 18, United States Code, 2260A?
```

12:08:29  1           THE DEFENDANT:  Guilty.

12:08:29  2           THE COURT:  Thank you.

12:08:34  3      Based upon the Court's discussion with Mr. Jones over the

12:08:37  4  last hour, the Court makes the following findings -- and based

12:08:45  5  upon his appearance and demeanor in the courtroom, the Court

12:08:48  6  does make the following findings:

12:08:49  7      I find that he is in full possession of his faculties and

12:08:52  8  is competent to enter his pleas of guilty.

12:08:55  9      The Court finds that he is not under any apparent

12:08:57  10  influence of narcotics, hallucinogens, alcohol, or medication.

12:09:00  11      The Court finds that he understands the nature of these

12:09:03  12  charges to which he has pled and the penalties that are

12:09:07  13  provided by law for these violations.

12:09:10  14      The Court finds that he understands all of his

12:09:13  15  constitutionally guaranteed processes and rights.

12:09:16  16      The Court finds that he knowingly, intelligently, and

12:09:20  17  voluntarily by entering these pleas of guilty gives up those

12:09:24  18  processes and rights.

12:09:27  19      The Court finds that he is aware of the Plea Agreement to

12:09:31  20  which he has entered and the provisions of that Plea

12:09:37  21  Agreement, and I further find that the Plea Agreement and

12:09:40  22  those provisions are acceptable to him.

12:09:43  23      The Court finds that based upon the reading of the

12:09:46  24  factual statement upon the record, attachment to the Plea

12:09:51  25  Agreement, that there is a factual basis for his pleas of

| | | |
|---|---|---|
| 12:09:54 | 1 | guilty to all charges. |
| 12:09:56 | 2 | And the Court finds that he has pled guilty to those |
| 12:09:59 | 3 | charges voluntarily because as he's indicated here upon the |
| 12:10:03 | 4 | record, he is, in fact, guilty as charged. |
| 12:10:06 | 5 | Therefore, the Court does accept his pleas of guilty, and |
| 12:10:09 | 6 | they will be made a permanent part of the record in this case. |
| 12:10:13 | 7 | Based upon those pleas that the Court has now accepted, |
| 12:10:16 | 8 | the Court does find this defendant, Robert Steven Jones, |
| 12:10:21 | 9 | guilty in Counts 1, 2, 4, 5, 7, 9, 10, and 11 of production of |
| 12:10:32 | 10 | child pornography, a violation of 18, United States Code, |
| 12:10:36 | 11 | 2251(a) and (e). |
| 12:10:38 | 12 | The Court further finds this defendant, Robert Steven |
| 12:10:42 | 13 | Jones, guilty of coercion and enticement of a minor, in |
| 12:10:47 | 14 | violation of 18, United States Code, 2422(b), in Counts 3 and |
| 12:10:53 | 15 | 6 of the Superseding Indictment. |
| 12:10:56 | 16 | And, finally, the Court does find this defendant, Robert |
| 12:10:59 | 17 | Steven Jones, guilty of commission of a felony offense |
| 12:11:02 | 18 | involving a minor by a person required to register as a sex |
| 12:11:05 | 19 | offender, a violation of 18, United States Code, 2260A, as |
| 12:11:11 | 20 | charged in Count 13 of the Superseding Indictment. |
| 12:11:15 | 21 | Now, Mr. Jones, the Court has accepted your pleas. I've |
| 12:11:27 | 22 | made findings of guilty. I am going to refer the matter for a |
| 12:11:30 | 23 | presentence investigation. However, the Court is considering |
| 12:11:32 | 24 | at this time determining whether or not to send you to have an |
| 12:11:35 | 25 | evaluation done as part of the dispositional process. The |

| | | |
|---|---|---|
| 12:11:40 | 1 | Court will be setting -- or will be contacting counsel and |
| 12:11:44 | 2 | will be setting an appropriate disposition date as soon as we |
| 12:11:47 | 3 | understand what the parameters of the evaluation will be and |
| 12:11:53 | 4 | what we are looking at. |
| 12:11:56 | 5 | MR. RION: Your Honor, we are orally requesting. |
| 12:11:59 | 6 | Would you prefer something in writing as to that evaluation? |
| 12:12:02 | 7 | THE COURT: No, I don't think it's necessary. |
| 12:12:04 | 8 | MR. RION: Okay. |
| 12:12:05 | 9 | THE COURT: I think the Court can order that on its |
| 12:12:08 | 10 | own. |
| 12:12:08 | 11 | MR. RION: Thank you. |
| 12:12:09 | 12 | THE COURT: There is no objection from the |
| 12:12:10 | 13 | government, is there? |
| 12:12:11 | 14 | MR. PATEL: No, Your Honor. |
| 12:12:12 | 15 | THE COURT: So I guess what I am saying to you, |
| 12:12:14 | 16 | Mr. Jones, is we are going to try to get you to disposition as |
| 12:12:17 | 17 | quickly as we can. But I really, truly believe that the Court |
| 12:12:21 | 18 | needs maybe some more information, and I believe that it's |
| 12:12:25 | 19 | always -- I never believe the Court can have too much |
| 12:12:29 | 20 | information, and so I am going to -- I am seriously |
| 12:12:37 | 21 | considering doing it. If for some reason the Court doesn't do |
| 12:12:39 | 22 | that, I guess I will let counsel know and if you want to file |
| 12:12:42 | 23 | a motion to that effect, but my plan is at this point in time, |
| 12:12:45 | 24 | I am going to refer the matter for an evaluation. |
| 12:12:48 | 25 | Mr. Jones, what that may entail, or will probably entail, |

| | | |
|---|---|---|
| 12:12:52 | 1 | that you will be transferred to a facility within the Bureau |
| 12:12:55 | 2 | of Prisons for that evaluation.  Do you understand? |
| 12:12:57 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 12:12:57 | 4 | THE COURT:  Do you have any questions about that? |
| 12:13:00 | 5 | THE DEFENDANT:  No, Your Honor. |
| 12:13:01 | 6 | THE COURT:  Counsel, any objections to the |
| 12:13:06 | 7 | disposition that have not been previously raised? |
| 12:13:14 | 8 | MR. PATEL:  May I -- |
| 12:13:18 | 9 | THE COURT:  Do you want to approach? |
| 12:13:21 | 10 | MR. PATEL:  Yeah. |
| 12:13:22 | 11 | (Sidebar off the record.) |
| 12:13:43 | 12 | THE COURT:  Mr. Jones, we were talking about |
| 12:13:44 | 13 | disposition, so I went a little bit astray there.  We are |
| 12:13:49 | 14 | going to refer this, we are going to get these reports.  We |
| 12:13:52 | 15 | are going to -- there will be reports and recommendations then |
| 12:13:56 | 16 | issued by probation.  They are going to be sent to both you |
| 12:14:00 | 17 | and the government, copies. |
| 12:14:02 | 18 | The Court will get a report with any evaluations that we |
| 12:14:08 | 19 | may have ordered, and so the Court will then review that.  You |
| 12:14:13 | 20 | will have an opportunity to review those as well as the |
| 12:14:15 | 21 | government will, and will have an opportunity to respond, |
| 12:14:18 | 22 | reply, object to any portions of those things.  And the Court, |
| 12:14:24 | 23 | based upon the information that the Court receives -- and, of |
| 12:14:29 | 24 | course, counsel will have the opportunity to contribute or to |
| 12:14:36 | 25 | suggest how we may want to proceed at the time of disposition. |

| | | |
|---|---|---|
| 12:14:40 | 1 | But we will be setting the matter for disposition at the |
| 12:14:43 | 2 | earliest possible date once we have received the evaluation, |
| 12:14:48 | 3 | once we have received the report and recommendations from |
| 12:14:50 | 4 | probation and counsel have had an opportunity to respond or |
| 12:14:55 | 5 | reply. |
| 12:14:55 | 6 | Do you have any questions about that? |
| 12:14:57 | 7 | THE DEFENDANT:  No, Your Honor. |
| 12:14:58 | 8 | THE COURT:  Mr. Rion? |
| 12:14:59 | 9 | MR. RION:  Your Honor, will we do the presentence |
| 12:15:07 | 10 | investigation before or after the evaluation the Court orders? |
| 12:15:09 | 11 | THE COURT:  I am not sure of that.  But I will make |
| 12:15:11 | 12 | sure that everyone has an opportunity to see everything that |
| 12:15:13 | 13 | the Court is considering with regard to disposition and will |
| 12:15:15 | 14 | have an opportunity to respond or reply with regard to that. |
| 12:15:20 | 15 | MR. RION:  Nothing further.  Thank you, Judge. |
| 12:15:22 | 16 | THE COURT:  Mr. Patel? |
| 12:15:23 | 17 | MR. PATEL:  Nothing further, Your Honor.  Thank you. |
| 12:15:25 | 18 | THE COURT:  So we will be setting a date as quickly |
| 12:15:28 | 19 | as we can, Mr. Jones, all right?  Do you have any questions? |
| 12:15:32 | 20 | THE DEFENDANT:  No, Your Honor. |
| 12:15:33 | 21 | THE COURT:  That will be all.  Thank you. |
| 12:15:35 | 22 | THE COURTROOM DEPUTY:  All rise.  This court stands |
| 12:15:37 | 23 | in recess. |
| 12:15:38 | 24 | (Proceedings concluded at 12:15 p.m.) |
| | 25 | |

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1                    CERTIFICATE OF REPORTER

2

3          I, Mary A. Schweinhagen, Federal Official Realtime

4     Court Reporter, in and for the United States District Court

5     for the Southern District of Ohio, do hereby certify that

6     pursuant to Section 753, Title 28, United States Code that the

7     foregoing is a true and correct transcript of the

8     stenographically reported proceedings held in the

9     above-entitled matter and that the transcript page format is

10    in conformance with the regulations of the Judicial Conference

11    of the United States.

12

13    s/Mary A. Schweinhagen

14    _____ March 20, 2018

15    MARY A. SCHWEINHAGEN, RDR, CRR
      FEDERAL OFFICIAL COURT REPORTER
16

17

18

19

20

21

22

23

24

25