IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | | Case No. 3:16 CR 026 |
| **Plaintiff** | : | |
| | | |
| vs. | : | |
| | | **UNITED STATES' RESPONSE IN** |
| **ROBERT STEVEN JONES,** | : | **OPPOSITION TO DEFENDANT'S** |
| | | **PRO SE MOTION TO WITHDRAW** |
| | : | **HIS GUILTY PLEA AND MOTION TO** |
| **Defendant.** | | **DISMISS DEFENSE COUNSEL** |

Now comes the United States and respectfully requests that the Court deny Defendant's motion to withdraw his guilty plea (R. 96) for the reasons set forth in the attached memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Amy M. Smith
VIPAL J. PATEL (156212 CA)
First Assistant United States Attorney
AMY M. SMITH (0081712)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
vipal.patel@usdoj.gov
amy.smith2@usdoj.gov

1

## FACTS

On September 25, 2017, Defendant Robert Jones ("Jones") entered a plea of guilty to Counts 1 through 7, 9 through 11, and 13 of the Superseding Indictment. (R. 92 *Change of Plea Transcript*). Counts 1, 2, 4, 5, 7, 9, 10, and 11 charged Jones with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (R. 92 at PageID 1063). Counts 3 and 6 charged Jones with coercion and enticement of a minor in violation of 18 U.S.C. 2422(b). (Id.). Count 13 charged Jones with the commission of a felony offense involving a minor by a person required to register as a sex offender in violation of 18 U.S.C. § 2260A. (Id.). Jones was represented by Jon Paul Rion throughout the change of plea. (Id.).

A Rule 11 colloquy was conducted by the Court with Jones and counsel on September 25, 2017, and Defendant was placed under oath at beginning of the hearing. (Id. at 1065). During the proceedings, the Court inquired if Jones understood all of the charges in the Superseding Indictment. (Id. at 1068-1069). The Court completed the Rule 11 colloquy, and Jones' confirmed his desire to plead guilty. (Id. at 1071-1110).

A presentence report was ordered. (Id. at 1110). This Court ordered a mental health evaluation of Jones to be completed through the Bureau of Prisons. (R. 87). On January 5, 2018, a report of the mental health evaluation was completed. On March 9, 2018, the final presentence report was issued; the U.S. Probation Office recommended a life sentence. Three days later, on March 12, 2018, Jones, through counsel, filed his first motion to withdraw his guilty plea. (R. 91). The government responded in opposition to his motion to withdraw arguing, among other reasons, that Jones failed to provide a valid reason justifying his request to withdraw the guilty plea. (R. 93). On April 11, 2018, the Court overruled Jones' first motion

2

to withdraw his guilty plea. (R. 94).

On June 21, 2018, Jones sent a letter to the Court requesting this Court allow Jones to withdraw his guilty plea and to dismiss his attorney; the letter was filed. (R. 96).

## **ARGUMENT**

I. Motion to Withdraw Guilty Plea

As an initial matter, Jones' latest motion to withdraw his guilty pleas should not be entertained at all. He is represented by counsel. No reason exists for allow for "hybrid" representation.

Jones' latest motion to withdraw his guilty plea should be denied on the merits as well. When a defendant enters a guilty plea, he does not have an absolute right to withdraw the plea; rather, he bears the burden of showing a "fair and just reason" to withdraw his plea. Criminal Rule 11(d)(2)(B); *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). As set forth below, Jones cannot establish a fair and just reason to justify his motion to withdraw his guilty plea.

The Court considers several factors to determine whether a fair and just reason exists to withdraw a plea: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994); *see also United States v.*

3

*Catchings*, 708 F.3d 710, 717-718 (6th Cir. 2013). These factors are "a general, non-exhaustive list, and no one factor is controlling." *United States v. Quinlan*, 473 F.3d 273, 277 (6th Cir. 2007). Because the defendant bears the burden of production and persuasion, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d 275, 287-86 (6th Cir. 2006); *see also Catchings*, 708 F.3d at 719.

    A.    <u>Jones has not provided a valid reason for the lengthy delay in moving to withdraw his guilty plea.</u>

With regard to the first two *Bashara* factors, Jones has waited an unnecessary period of time to submit his second request to withdraw his plea and lacks a reasonable basis justifying the delay. Therefore, these two factors weigh against his motion.

In this matter, Jones first filed to withdraw his plea on March 12, 2018, approximately six months after Defendant's guilty plea (September 25, 2017). Jones filed his second request to withdraw his plea on June 21, 2018, approximately three months after his first withdrawal motion and approximately nine months after the plea hearing. Furthermore, Jones' first motion to withdraw his plea was filed two days prior to the sentencing hearing, which had been scheduled for March 14, 2018. This second motion to withdraw his plea was filed six days prior to the current sentencing hearing, which has been scheduled for June 27, 2018. Both were filed only after the U.S. Probation Office issued its final PSR, including its recommendation for a life sentence.

Delays far shorter than the Jones' nearly now nine month lapse have been found unjustified. *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (75 day delay <u>alone</u> made motion to withdraw unjustified); *Catchings*, 708 F.3d at 718 (approximately two month delay

4

weighed against withdrawal); *United States v. Rankin*, 94 F. 3d 645, *2 (6th Cir. 1996) (denial after 3 day delay); *United States v. Jannuzzi*, 2009 WL 579331,*3 (6th Cir. 2009) (finding 30 day delay at the "boundary line between what is acceptable and what is not"); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 days a "lengthy delay"); *United States v. Spencer*, 836 F.2d 236, 239 (denial after 35 days and citing 5th Circuit case involving 22 day denial with approval); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 days); *United States v. Durham*, 178 F.3d 796, 798-799 (6th Cir. 1999) (77 day delay strongest factor in denying motion to withdraw plea).

Much like in his first motion to withdraw, Jones makes a claim that it was not until recently that he became aware of the facts that support his motion to withdraw. Jones now claims that he "uncovered new information suggesting that the FBI both illegally trespassed and illegally seized information from the PC involved in this case, prior to the NIT deployment, which resulted in the seizure of identifying information."  (R. 96 *Motion to Withdraw Guilty Plea,* page 1).  Jones claims that the new information was released on October 25, 2017 and January 29, 2018. (R. 96, page 1).  Notably, the dates which Jones claims the new information was released both predate Jones' first motion to withdraw his plea (March 21, 2018).  Jones has not provided an explanation for why he failed to make this argument in his prior motion to withdraw his plea nor has he set forth why he waited until six days prior to sentencing to file this second motion to withdraw his plea.  Moreover, Jones provides no explanation of how he came to learn of this information or when he learned of this information other than stating the source was "the prosecution and FBI in another case".  (R. 96 at page 1).

More importantly, Jones fails to provide or attach the new information for the

5

government or the Court to review.   Jones has not shared how any of the information he has obtained affects his plea or justifies his request to withdraw the guilty plea.   Other than claiming to have certain information and broadly asserting it establishes illegal conduct by the FBI, Jones fails to provide sufficient information to establish a valid reason to justify this Court granting his request.

Jones "cites" to two cases in which other defendants were allowed to withdraw their pleas after new information was learned.   Based on the limited information Jones provided, the government believes Jones' reference to US v Lough is *United States v. Lough*, 221 F.Supp.3d 770 (N.D. West Virginia, November 18, 2016).   In *Lough*, the district court allowed Lough to withdraw his initial guilty plea due to a recent opinion in another district, in which that district court had granted a motion to suppress evidence gathered through the NIT warrant.   *Id.* at *773.   After Lough withdrew his guilty plea, he filed a motion to suppress. *Id.*   The district court ultimately denied the motion to suppress.   *Id.*, affirmed on appeal, *United States v. Lough*, 721 Fed. Appx. 21 (4th Cir. 2018).   The government was unable to locate a case entitled *United States v. Harms* which dealt with the NIT warrant.

*Lough* does not support Jones' motion to withdraw.   *Lough* had a specific, recent case decision that justified his request to withdraw his guilty plea so as to pursue a motion to suppress.   Jones has already pursued a motion to suppress.   Jones has failed to provide anything other than untimely, broad characterizations of information that he fails to provide.

Moreover, as this Court is aware, the jurisprudence on NIT-related cases continues to grow, in the government's favor.   Several courts have held that the NIT warrant was properly authorized as a tracking device pursuant to Rule 41(b)(4).   *See United States v. Bateman*, No.

17-CR-156, 2018 WL 1904674 (S.D. Ohio Apr. 23, 2018); *United States v. Leonard*, No. 17-cr-135, 2017 WL 4478330 (E.D. Va. Oct. 6, 2017); *United States v. Caswell*, No. 16-cr-134 (M.D. Fla. Jul. 11, 2017) (magistrate's report and recommendation); *United States v. Hart*, No. 16-cr-110 (M.D. Fla. June. 30, 2017) (adopting magistrate's report and recommendation); *United States v. Moorehead*, No. 15-cr-10077 (W.D. Tenn. Jun. 6, 2017); *United States v. Austin*, 230 F. Supp. 3d 26 (M.D. Tenn. 2017); *United States v. Bee*, No. 16-cr-002, 2017 WL 424889 (W.D. Mo. Jan. 31, 2017) (adopting magistrate's report and recommendation at 2017 WL 424905); *United States v. Sullivan*, F. Supp. 3d 732 (N.D. Ohio 2017); *United States v. McLamb*, 220 F. Supp. 3d 663 (E.D. Va. 2016); *United States v. Lough*, 221 F. Supp. 3d 770 (N.D. W.Va. 2016); *United States v. Kienast*, No. 16-CR-103, 2016 WL 6683481 (E.D. Wisc. Nov. 14, 2016); *United States v. Mascetti*, No. 16-cr-308 (M.D.N.C. Oct. 24, 2016); *United States v. Johnson*, No. 15-cr-00340, 2016 WL 6136586 (W.D. Mo. Oct. 20, 2016); *United States v. Smith*, No. 15-CR-00467 (S.D. Tex. Sept. 28, 2016); *United States v. Jean*, 207 F. Supp. 3d 920 (W.D. Ark. 2016); *United States v. Eure*, No. 2:16-CR-43, 2016 WL 4059663 (E.D. Va. Jul. 28, 2016) (incorporating *Darby*, authored by same judge); *United States v. Matish*, 193 F. Supp. 3d 585 (E.D. Va. 2016); *United States v. Darby*, F. Supp. 3d 520 (E.D. Va. 2016).  *See also United States v. Laurita*, No. 8:13CR107, 2016 WL 4179365 (D. Neb. Aug. 5, 2016) (finding similar 2012 NIT warrant deployed on Tor network child pornography website properly authorized under tracking device provision of Rule 41(b)(4)).  And, of course, Rule 41 has now been amended specifically to allow for this type of warrant.

Other courts have ruled that the *Leon* "good faith" exception applies to bar suppression of evidence derived from the NIT warrant, even if the issuance of the NIT warrant did not comply

7

with Rule 41, was *void ab initio*, and/or resulted in a constitutional violation. *See, e.g., United States v. Levin*, 874 F.3d 316 (1st Cir. 2017); *United States v. Werdene*, 883 F.3d 204 (3rd Cir. 2018); *United States v. McLamb*, 880 F.3d 685 (4th Cir. 2018); *United States v. Horton*, 863 F.3d 1041 (8th Cir. 2017); *United States v. Workman*, 863 F.3d 1313 (10th Cir. 2017).

Based on the above, the first two *Bashara* factors weigh against Jones' motion. Jones simply has not identified any valid reasons behind his request to withdraw.

### B. Jones pleaded guilty after the Court conducted a proper Rule 11 guilty plea colloquy.

With regard to the third and fourth *Bashara* factors, Jones admitted his guilt after a proper Rule 11 colloquy, and even now, he does not appear to be claiming "innocence," though he still seeks to withdraw his guilty pleas and thus no longer is accepting responsibility for his offenses.

At his plea hearing, Jones repeatedly told the Court that he understood the charges to which he was pleading guilty, the facts behind the charges, that the factual statement was accurate, he was pleading guilty voluntarily, that he understood the maximum possible penalties, and that he felt he was guilty of the charges. (R. 92, throughout). Much of the Rule 11 colloquy is also encapsulated in the plea form Jones signed, which he testified that he had reviewed with his attorney prior to the plea. (R. 92 at PageID 1100). In short, the record supports a finding that Jones was informed about the charge and facts to which he pleaded guilty. Nothing the Court stated at the hearing was inaccurate, and the Rule 11 requirements were met.

Because Jones was properly advised of the rights waived and the consequences of his guilty plea, the third and fourth *Bashara* factors weigh against Jones' motion.

8

  C. <u>Jones competently entered a guilty plea and has prior experience with the criminal justice system.</u>

With regard to the fifth and sixth *Bashara* factors, Jones understood his actions in pleading guilty and the potential consequences of his plea. Additionally, he has prior experience with the criminal justice system.

Jones does not suggest that he failed to understand what he was doing when he entered the guilty plea. Furthermore, a review of the circumstances underlying a defendant's plea can be evidence that a defendant understood what he was doing. *See, United States v. Stevenson*, 659 Fed. Appx. 221, 225 (6th Cir. 2016). As evidenced by the plea colloquy, Jones told this Court that he understood the charges and plea agreement terms, that he understood what he was doing, that he had discussed the matter with counsel, and that he understood his attorney's calculations of the potential sentencing guideline range. (R. 92, throughout).

Additionally, Jones has previously been adjudicated delinquent of aggravated sexual abuse in 2003 and convicted of Sale of Tobacco to a Minor in 2008, Title//Registration Possession Offense in 2010, and Receiving or Transferring Stolen Motor Vehicles in 2012. (PSR at 26-27). Experience within the state criminal justice system is substantially the same as federal, both involve waiving rights. *United States v. Goodloe*, 393 Fed. Appx. 250 at \*6 (6th Cir. 2010); *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (concluding one prior state conviction made the defendant familiar with the criminal justice system).

Because Jones understood his actions and the consequences of his guilty plea, and because he has prior criminal justice experience, the fifth and sixth *Bashara* factors weigh against Jones' motion.

9

      D.      <u>The United States will suffer prejudice if Jones' request is granted.</u>

With regard to the seventh *Bashara* factor, "The government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Ellis*, 470 F.3d 275, 285–86 (6th Cir. 2006) quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Based on the argument above, the government does not believe that Jones has established a fair and just reason for allowing the withdrawal of his guilty plea.

However, assuming *arguendo* that this Court disagrees, the United States will suffer prejudice. In negotiating this particular plea, the government sought finality for the victims and witnesses who may have been called to testify at trial. In exchange for those benefits to the government, the government dismissed two counts (Counts 8 and 12). Additionally, the government agreed to a conditional plea with Jones that reserved his right to have an appellate court review this Court's denial of the Motion to Suppress, Motion for a Franks Hearing, and Motion to Compel Discovery. (R. 84, *Plea Agreement*). Allowing Jones to withdraw his guilty plea would result in the government losing the benefit of its bargain. Moreover, the significant time that has elapsed has worked to prejudice the government, in that simple logical and experience suggests that every day that goes by, memories fade, details become generalities, and records become harder to authenticate and introduce into evidence. Thus, the seventh *Bashara* factor also weighs against Jones' motion.

    II.      <u>Motion for new counsel</u>.

In his motion, the defendant also requests a change of counsel. The request should be

denied. The defendant selected his current counsel in the first place, having retained counsel initially. Only after the defendant ran out of funds was counsel appointed under the CJA. The defendant received the benefit of that appointment notwithstanding counsel not being CJA counsel in this District. The defendant's counsel is considered amongst the top attorneys in this District, and the defendant should consider himself fortunate that the Court allowed counsel to continue even after the defendant's fund ran out. In short, the Court went out of its way to accommodate the defendant in his choice of counsel, by making an exception to its usual practice (and to this District's CJA Plan, which provides that "[a]ll appointments of counsel in CJA cases are to be made from the list of attorneys who comprise the CJA Panel in each Seat of Court." (CJA Plan, § VI.A.10)) in allowing non-CJA retained counsel to continue as appointed counsel. The defendant's 11th hour "about-face" should be rejected.

The Sixth Amendment promises a defendant facing incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

The defendant has not demonstrated "good cause." First, his request is untimely. It was made at the 11th hour, if not after that. It literally was made on the eve of final disposition, *years* after the fact, and only after seeing a recommendation that a life sentence be imposed. Second, there has not been a complete breakdown in communication between the defendant and

11

his counsel.   Indeed, the defendant's *pro se* filing reveals that the two are communicating extensively.   They, according to the defendant, simply are not agreeing on a course of action.  Third, the public's interest in the prompt and efficient administration of justice in this matter is great.   The defendant was arrested in November of 2015, and this case is approaching the three-year point.   The victims (and society) have waited patiently for this matter to conclude.   The defendant's motion for new counsel should be denied.

## CONCLUSION

Defendant has failed to produce a fair and just reason to withdraw his valid guilty plea.  Furthermore, Jones has failed demonstrate good cause for a change of counsel, especially at this 11th hour stage of the proceedings.   Therefore, the Court should deny both requests.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Amy M. Smith
VIPAL J. PATEL (156212 CA)
First Assistant United States Attorney
AMY M. SMITH (0081712)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
vipal.patel@usdoj.gov
amy.smith2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this response was served on Jon Paul Rion, counsel for defendant Robert Steven Jones, via electronic filing on the date of filing.

s/Amy M. Smith
AMY M. SMITH (0081712)
Assistant United States Attorney
