# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America**,

    *Plaintiff*,

v.        Case No. 3:16-cr-026
        Judge Thomas M. Rose

**Robert S. Jones,**

    *Defendant*.

---

## ENTRY AND ORDER DENYING MOTION FOR WITHDRAW OF PLEA AND FOR APPOINTMENT OF NEW COUNSEL. ECF 96.

---

Pending before the Court is Defendant's Motion for Withdraw of Plea and for Appointment of New Counsel. ECF 96.

After a defendant enters a guilty plea, he does not have an absolute right to withdraw the plea; rather, he bears the burden of showing a "fair and just reason" to withdraw his plea. Criminal Rule 11(d)(2)(B); *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). A court considers several factors to determine whether a fair and just reason exists to withdraw a plea: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or

maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994); see also *United States v. Catchings*, 708 F.3d 710, 717-718 (6th Cir. 2013). These factors are "a general, non-exhaustive list, and no one factor is controlling." *United States v. Quinlan*, 473 F.3d 273, 277 (6th Cir. 2007). The Court held a hearing on June 27, 2018 to allow Defendant to establish these factors.

None of the factors weigh in favor of granting Defendant's motion. Defendant pleaded guilty on September 25, 2017. ECF 85. On June 21, 2018, he sought to withdraw that plea. This is a substantial amount of time. He points to no valid reason for the failure to move for withdrawal earlier in the proceedings; he has not asserted his innocence; there are no abnormalities in the circumstances underlying the entry of the guilty plea; the Court is not aware of anything in the defendant's nature and background that warrants withdrawing his guilty plea; and the defendant has had multiple prior experiences with the criminal justice system, including guilty pleas. As regards potential prejudice to the government if the motion to withdraw is granted, this appears no greater than again preparing for trial. In light of these findings, Defendant's Motion for Withdraw of Plea, ECF 96, is **DENIED**.

Asked in open court if he wished to continue with his motion for appointment of new counsel, Defendant withdrew that motion.

Final disposition in this case is set for July 26, 2018 at 10:30 a.m.

**DONE** and **ORDERED** in Dayton, Ohio on Friday, July 13, 2018.

s/Thomas M. Rose

───────────────────────────────
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE