```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                      AT DAYTON


_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
             Plaintiff,            ) CASE NO. 3:16-CR-026-TMR
                                   )
             -vs-                  )
                                   )
ROBERT STEVEN JONES,               ) MOTION TO WITHDRAW
                                   ) GUILTY PLEA
             Defendant.            )
_____) VOLUME I


            TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE THOMAS M. ROSE,
   UNITED STATES DISTRICT JUDGE, PRESIDING
             MONDAY, APRIL 9, 2018
                   DAYTON, OH
```

**APPEARANCES:**

| | |
|---|---|
| **For the Plaintiff:** | **VIPAL J. PATEL, ESQ.** |
| | **AMY M. SMITH, ESQ.** |
| | U.S. Attorney's Office |
| | P.O. Box 280 |
| | 200 W. Second Street |
| | Dayton, OH  45402 |
| | |
| **For the Defendant:** | **JON PAUL RION, ESQ.** |
| | Rion, Rion and Rion |
| | 130 West Second Street |
| | Suite 2150 |
| | Dayton, OH  45402 |

Proceedings recorded by mechanical stenography, transcript produced by computer.

**Mary A. Schweinhagen, RDR, CRR**
Federal Official Court Reporter
200 West Second Street
Dayton, OH  45402
*** *** *** ***

```
1          P-R-O-C-E-E-D-I-N-G-S                      9:55 A.M.
2              THE COURT:  We are before the Court this morning in
3    the matter of the United States of America versus Robert
4    Jones.  This is Case Number 16-cr-26.  The Court, after a
5    pretrial conference, has set the matter here today for a
6    hearing of any supplemental presentation or argument with
7    regard to Mr. Jones's motion to withdraw his guilty plea that
8    was filed on March the 12th, 2018.  That was docket document
9    91.
10       And, further, as part of the dispositional process, there
11   was a request for the Court to view as part of the
12   disposition -- I believe it's -- a tape or a CD or something,
13   and the Court agreed to view that presentation at this time.
14   The basis for the Court's position with regard to those two
15   matters is that it's my understanding the motion to withdraw
16   the guilty plea is not necessarily connected with the tape.
17       Is that right?  Am I correct on that?
18              MR. PATEL:  Your Honor, our understanding was that
19   we were going to proceed today on the motion to withdraw only.
20              THE COURT:  Okay.
21              MR. PATEL:  And that the presentation would be at
22   the next sentencing hearing.
23              THE COURT:  That's fine with me then.
24       Is that all right with you?
25              MR. RION:  Yes, Your Honor.
```

1  THE COURT: Well, that having been said, would
2  counsel enter their appearance for the record?
3  MS. SMITH: Amy Smith and Vipal Patel on behalf of
4  the United States.
5  MR. RION: Jon Paul Rion for Mr. Jones.
6  THE COURT: Mr. Rion, it's your motion.
7  MR. RION: Your Honor, the only information that I
8  wanted to give to the Court in addition to what we filed is to
9  give the Court an understanding of how we came to the new
10 information as relates in time to the time of the plea itself.
11  Prior to the plea, efforts were made to try to determine
12 what the status of the registration requirement was. Counsel
13 from -- of his from the juvenile case was contacted. Police
14 departments, probation departments, prosecutors offices,
15 clerks offices were all contacted with the hope of getting the
16 documents that we wanted.
17  Oddly enough in this case, in the juvenile proceeding,
18 there is no transcript of the plea or the sentencing as
19 confirmed by the court reporter that typically does it. Also,
20 the documentation that we were able to get through the
21 juvenile court of a case of that age was somewhat limited.
22  So when we are here at the time of the plea, this concern
23 was raised to the Court, and there was a sidebar in addition
24 to what was stated on the record, indicating that we had a
25 belief that the registration was not for life and was limited,

1   although we had no evidence to show that that was the case,
2   and so therefore we were left with what may have been the
3   record at the time.
4         Since that time, I guess what happened, we were preparing
5   the objections to the PSI and the probation department
6   somehow -- I don't know if it was through the U.S. Attorney's
7   Office or on their own -- was able to get an actual copy of
8   one of the sentencing -- sorry -- one of the registration
9   documents that finally indicated in writing what the
10  requirements were.  And it was clear from the paperwork that
11  it was only a 10-year requirement.  It was not a requirement
12  for life as the government had alleged in their case.
13        So now with that new document, it sort of changes the --
14  in our mind, the concern that we had has been validated, and
15  so there was no delay.  I think within a week and really maybe
16  even a few days of finding documentation that would assert the
17  point of Mr. Jones, we relayed, through our motion to vacate
18  the plea.
19        The one concern or the one thing the government points to
20  is if it was only a 10-year requirement, why did Mr. Jones
21  register past that date in the state of Ohio.  And I think
22  that needs to be put in context just from a factual point of
23  view.  If the Court recalls, there was a felony charge of
24  failing to register that would have been after the date in
25  question through another county, through state court in Ohio.

1  Mr. Jones had counsel for that, and they worked out a deal, I
2  think, in that case essentially where the felony was
3  dismissed, a misdemeanor would be pled to.  But then before
4  the case could proceed, the sheriff essentially told him he
5  had to register.
6      And Mr. Jones complied, although not believing that that
7  was a necessity that he had to do so.  And not able at that
8  point to fix the problem because it was -- it is complex with
9  a limited record on the case, without any transcripts, without
10 any -- even the original court records that we were able to
11 gain possession of.  We weren't involved at that time in the
12 case.  But seeing what we had to do, just to show the Court it
13 was 10 years as opposed to a life requirement, I don't think
14 that he at that point had the wherewithal to fix the problem.
15     So I think what happened in this case, since it was a
16 pre-Adam Walsh case, that there was a determination as far as
17 him just being obligated to register his 10 years.  And then
18 once that terminated, there were no hearings to convert it
19 over.  There were no findings made.  There was no notification
20 given.  There were no court or administrative actions taken to
21 extend Mr. Jones's case beyond the 10-year requirement that
22 had -- in the juvenile court proceeding.
23     So given that, it is significant in this case.  It
24 affects this case on a lot of different levels.  It affects
25 the, obviously, additional mandatory minimum time.  And it

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1  affects maybe the Court's calculations as it determines the
2  sentence in the case.  So that's the basis for us to withdraw
3  the plea, and we'd ask the Court to withdraw the plea in this
4  case.
5       And I suppose the question then becomes, do we just
6  withdraw the plea to Count 13 or does it affect the overall
7  structure of the case?  And I think on that point, Mr. Jones's
8  hope is that, well, we'll be asking that the Court allow the
9  plea to be withdraw in its entirety because it changes the
10 whole -- it changes everything.  It changes the mandatory
11 minimums.  It changes the maximums.  It changes some of the
12 guideline calculations.  And so with that, we'd ask for this
13 to be withdrawn.
14          THE COURT:  Okay.  The Court may have questions at
15 the end, but I want to hear it.
16          MR. RION:  Okay.
17          MS. SMITH:  Your Honor, Mr. Rion points out that the
18 document that he attached to his motion answers it clearly
19 that registration is only 10 years, and I disagree.  Because
20 what Mr. Rion has overlooked is the fact that by operation of
21 law, no hearing required, no special findings need to be made.
22 By operation of law, as set forth in my response memo, he was
23 a sexual predator.  At the time he entered his plea to that
24 charge, he became a sexual predator.  And under Illinois law
25 at that time, a sexual predator was required to register for

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1 life.

2     The document that he attached to his response has one
3 line that says if you are a sex offender, it's 10 years. But
4 at the very bottom, it says if you are a sexual predator, it
5 is for life. Mr. Jones initialed that.

6     So I think that Mr. Rion has failed to meet his burden of
7 production in showing that there is a 10-year limitation.

8     Moreover, after that 10 years expired, Mr. Jones
9 continued to register in Illinois. And Mr. Rion acknowledged
10 at our plea hearing that he knew there was this issue. He
11 knew that every 10 years he had the opportunity to stop the
12 registration by filing documentation. He did not do that.
13 Mr. Jones never filed that. And when he came into Ohio, yes,
14 Ohio said, you are a pre-Adam Walsh sexual predator and you
15 are required to register for life. And it was very clearly in
16 the documentation which is attached as multiple government's
17 exhibits.

18     THE COURT: When you say "they said," Ohio said
19 that?

20     MS. SMITH: In the sex offender registration
21 paperwork from Ohio, attached as Government's Exhibits -- I
22 believe it starts with Government's Exhibit 4. In the middle
23 of the Government's Exhibit 4, page 1, it says "Pending sex
24 offender for a" -- I'm sorry. Government Exhibit's 4 is where
25 they were still trying to classify him.

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1          Government's Exhibit 5 tells him clearly in the middle of
2   the page he is a pre-Adam Walsh sexual predator for a period
3   of lifetime with verification every 90 days.  It's at the end
4   of paragraph 3, right before paragraph number 4, on
5   Government's Exhibit Number 5.  Mr. Jones obtained that.  He
6   signed that.  He acknowledged that.  Ohio said you are
7   required to register in Ohio for life.  And there is no
8   indication that Mr. Jones did anything to challenge that.
9          During the time period of when the charges occurred,
10  Count 1, even if we went on Mr. Jones's premise and Mr. Rion's
11  suggestion that he was only required to register for a period
12  of 10 years, even if we did that, because of the time frame on
13  which he entered his plea in juvenile court, which was on
14  September the 5th of 2003, even if we went with the 10 years,
15  that would have ended on September the 5th of 2013.  Count 1
16  was committed on September the 4th of 2013.  One day within
17  the time frame.  So he was still in his 10-year registration
18  time frame even if we went with that at the time he committed
19  Offense Number 1.
20         And in the time frame that Ohio said you are required to
21  register in Ohio as a lifetime registrant, that's Counts 3, 4,
22  5, and so on.  But Mr. Jones was also registering in Illinois
23  after that 10 years expired and never challenged it, and that
24  covers Count 2.  So the entire time that these offenses were
25  committed, that what he pled guilty to, he was registering in

1    Illinois or in Ohio.

2        So we do not believe that there is a valid reason for him
3    to withdraw this plea.  Nothing in our position has changed
4    from the date he entered that plea until he filed the motion
5    to withdraw other than probation's report.  Because probation
6    came out with their report recommending that Mr. Jones get a
7    life sentence, and it was after that report came out that he
8    filed his motion to withdraw.

9        So we believe that the timeliness of this is more because
10   of probation's report and their recommendations.  We believe
11   that the basis, the valid reason for filing this motion is
12   without merit.  He clearly committed Count 1 during the
13   initial 10-year registration period, and again continued to
14   register without objection, despite there being mechanisms to
15   do so, for the remaining counts.  So at all times he was a
16   registering person, registering sex offender during the
17   commission of these offenses.

18            THE COURT:  So your position is, is that he was --
19   your position is that he was required to register for life?

20            MS. SMITH:  For life by operation of law.

21            THE COURT:  Unless, unless, unless he applied for
22   and was granted relief from that --

23            MS. SMITH:  My understanding is that Illinois --

24            THE COURT:  -- making it 10 years.

25            MS. SMITH:  -- at the end of the 10 years -- my

1    understanding is at the end of the 10-year period in Illinois

2    there was a mechanism by which you could file a motion to seek

3    relief from that to not be considered a lifetime registrant,

4    to only register for 10 years.

5           THE COURT:  And your argument then is also that he

6    did nothing other -- did nothing to do that, but he did

7    continue to register as though it was a lifetime requirement?

8           MS. SMITH:  In Illinois.  And then when he got to

9    Ohio, I agree with Mr. Rion, there was a time when Ohio came

10    in -- law enforcement in Ohio came into contact with him.  He

11    had not made his initial registration.  He was then provided

12    notice that Ohio was classifying him as a lifetime registrant,

13    and at that point in time, from there on forward, he continued

14    to register.

15           THE COURT:  Your second or alternative -- I will use

16    the word "alternative."  I don't know whether it's alternative

17    or not -- alternative argument is that even if you did go with

18    the 10 years, that the offense was committed one day before

19    that 10 years expired?

20           MS. SMITH:  Correct.

21           THE COURT:  Thank you.

22           MS. SMITH:  Very well.

23           THE COURT:  Mr. Rion.

24           MR. RION:  Your Honor, I think we laid out fairly

25    clearly in our brief what Illinois law was at the time this

1  was, this crime was committed in the juvenile court system
2  there, and the sentence at that time would have been 10 years.
3  The statutory provisions would not have allowed for, in this
4  instance, without certain findings of applications of violence
5  or other triggers in the statute, it wouldn't be more than 10
6  years. And that's clearly stated on the document itself. The
7  factors that would make it more than 10 years are listed on
8  the entry that was provided to us by the probation department,
9  which we then provided to you, to lay out what it takes to
10 make it more than 10 years.
11     In this instance, that wasn't the case. It was a pre-
12 Adam Walsh determination. The government's right, after Adam
13 Walsh would have applied, at some point there could have been
14 a modification of that and then it would have converted into
15 something with a life tail on it, but it was not that way.
16          THE COURT: So you are saying, you are saying
17 completely the opposite from what the government's saying.
18 You are saying that it was 10 years and that there was nothing
19 in the law that could make it life and no amendment or no
20 request to modify or amend that to a life occurred?
21          MR. RION: Correct. And we checked. So, for
22 example, there is a provision that if during the 10-year
23 period someone fails to register, that it could extend the
24 period of registration past the 10 years. And there was
25 evidence that in some instances on the day that he was

1    supposed to register, and even during that 10-year period that
2    he failed to -- I am not talking about the Ohio problems.
3    These are things in Illinois.  So we called the police
4    department where they dealt with this issue, and they claim
5    that it was like a procedural issue, like a day late or an
6    hour late or something.  They didn't act on it.  If it were to
7    be extended, they had to give him a letter that would have
8    then extended it to another -- another definite period.  And
9    the police department's indicated that they took no action to
10   extend the time past the 10 years.
11              THE COURT:  So your argument is inaction keeps it at
12   10; their argument is inaction makes it life.
13              MR. RION:  Correct.  Which is why even before the
14   plea we were trying to find an answer to this other than what
15   the statute said, and the best evidence we were able to get
16   with -- through any form was the document that probation
17   provided.  Given that there was no transcript of this
18   whatever, the lawyer said the file doesn't exist --
19              THE COURT:  Let's go to Ms. Smith's second argument,
20   the 10 years, the fact that this occurred one day before he
21   was -- that 10 years would have expired.
22              MR. RION:  Well, first of all, it would have -- it
23   wouldn't have expired on -- that would have been the next day,
24   so the 10 years would have been up on the 4th, not on the 5th.
25              THE COURT:  That would have been the last day.

1  MR. RION: In other words -- right. In other words,
2  you are into the next year.
3  THE COURT: The next day would be the next year.
4  MR. RION: September 5th would have been not --
5  would have not applied. So it would have terminated at some
6  point on the 4th. I don't know if it terminates at midnight
7  or otherwise.
8  Mr. Jones is indicating to me that though the video
9  indicates that it was -- that the video says it occurred on
10  September 4th, that if any metadata is looked into, that it
11  actually occurred after that date. But I am just hearing this
12  understanding, so I don't have any documents on that. So he
13  would be of the opinion that the only evidence they had that
14  it occurred on that day is because the video says it was on
15  that day.
16  THE COURT: So when do you think it occurred? When
17  did it terminate? When did that reporting period terminate?
18  When was the -- let me ask this: When was the last day of the
19  reporting?
20  MR. RION: If he had to register -- if Court was on
21  September 5th in 2003, then I don't know if the last day is
22  September 3rd or September 4th. It's going to be right in
23  that range somewhere.
24  THE COURT: All right.
25  MR. RION: And, if so, I don't know what time. Is

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1  it the time that court occurred on that day?  Is it till
2  midnight on that day?  I mean, I don't know when.
3         THE COURT:  Well, I think the Court has guidance
4  with regard to calculations.  All right.  Anything else?
5         MR. RION:  No, Your Honor.  Thank you.
6         THE COURT:  Okay.  We'll look at it.  We'll rule --
7  I don't know when our schedule is.  We will try to get it
8  resolved as quickly as we can so that we know where we are at
9  with regard to this.  And once we get it resolved, depending
10 on how we are proceeding, we possibly would set other
11 get-togethers before the final hearing.  But I don't know that
12 yet.  All right?  Is everybody clear?
13    All right.  That will be all.
14         MR. PATEL:  Your Honor, before we adjourn.
15         THE COURT:  Oh, sure.
16         MR. PATEL:  We had, co-counsel and I, Ms. Smith and
17 I had a scheduling problem with the next scheduled court date,
18 which is May 4th.  Your Honor, we had had discussions with the
19 court clerk earlier.  Would Your Honor prefer to have a motion
20 filed if we need to seek an extension of that day?  That date
21 is currently available on the Court's calendar.  There are
22 some other dates potentially in June that are also available.
23 We can deal with this on our own, submit our motion --
24         THE COURT:  I tell you what.  Usually I do, and I
25 appreciate you offering to do that, but we are going to have

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

```
 1   to rule on this.  This is going to be -- this is very
 2   important to everybody.  We are going to have to rule on this.
 3   In all reality, what we will do is -- let's just -- we will
 4   keep it on the calendar at this point in time, but the
 5   likelihood is that you won't need to file a motion.  What we
 6   would do once we rule, we will reset the -- we will reset the
 7   schedule.
 8              MR. PATEL:  Thank you, Your Honor.
 9              THE COURT:  Do you have any objection to that,
10   Mr. Rion?
11              MR. RION:  No, Your Honor.  Thank you.
12              THE COURT:  All right.  Thank you.
13              THE COURTROOM DEPUTY:  All rise.  This court stands
14   in recess.
15         (Proceedings concluded at 10:16 a.m.)
```

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

CERTIFICATE OF REPORTER

I, Mary A. Schweinhagen, Federal Official Realtime Court Reporter, in and for the United States District Court for the Southern District of Ohio, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

s/Mary A. Schweinhagen

_____  November 5, 2018
MARY A. SCHWEINHAGEN, RDR, CRR
FEDERAL OFFICIAL COURT REPORTER

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*