```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                       AT DAYTON


_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           ) CASE NO. 3:16-CR-026-TMR
                                   )
              -vs-                 ) MOTION TO APPOINT NEW
                                   ) COUNSEL
ROBERT STEVEN JONES,               ) MOTION TO WITHDRAW
                                   ) GUILTY PLEA
              Defendant.           )
_____)


             TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE THOMAS M. ROSE,
      UNITED STATES DISTRICT JUDGE, PRESIDING
              WEDNESDAY, JUNE 27, 2018
                     DAYTON, OH
```

**APPEARANCES:**

**For the Plaintiff:**  **VIPAL J. PATEL, ESQ.**
                       **AMY M. SMITH, ESQ.**
                       U.S. Attorney's Office
                       P.O. Box 280
                       200 W. Second Street
                       Dayton, OH  45402


**For the Defendant:**  **JON PAUL RION, ESQ.**
                        Rion, Rion and Rion
                        130 West Second Street
                        Suite 2150
                        Dayton, OH  45402


   Proceedings recorded by mechanical stenography, transcript produced by computer.

                **Mary A. Schweinhagen, RDR, CRR**
                Federal Official Court Reporter
                     200 West Second Street
                       Dayton, OH  45402
                       *** *** *** ***

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1       P-R-O-C-E-E-D-I-N-G-S                          12:11 P.M.

2              THE COURT:  We're before the Court this afternoon in

3       the matter of the United States of America versus Robert

4       Steven Jones, Case Number 3-16-cr-26.  And we are here -- the

5       matter was originally scheduled for this afternoon for

6       sentencing and disposition.  However, the Court did receive

7       and had filed a piece of correspondence from Mr. Jones which

8       the Court considers a motion to withdraw a plea and motion to

9       dismiss counsel or have new counsel appointed, which the Court

10      believes it needs to take care of before and if we proceed

11      with disposition.

12           So the Court has scheduled this matter to convene here

13      early this afternoon, prior to the originally scheduled

14      sentencing.  So would counsel enter their appearance for the

15      record.

16              MR. PATEL:  Good afternoon, Your Honor.  Vipal Patel

17      and Amy Smith for the United States.  We are accompanied by

18      the case agent, FBI Special Agent Andrea Kinzig.

19              MR. RION:  Jon Paul Rion for Mr. Jones.

20              THE COURT:  All right.  Mr. Jones, we are here for

21      the purposes and because of your letter to the Court with

22      regard to what the Court considers is your motion to withdraw

23      the plea and dismiss your attorney.  So what do you have to

24      say, and what do you want to present, or what do you want to

25      tell me?

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1	THE DEFENDANT: Well, I would like to withdraw my
2	counsel because I don't feel that I've been represented
3	adequately.
4	THE COURT: Well, now, you know we have been at this
5	for now two years and eight months. Do you understand?
6	THE DEFENDANT: I understand. I've --
7	THE COURT: Numerous motions, numerous motions have
8	been filed by your attorney. Do you understand that?
9	THE DEFENDANT: Yes.
10	THE COURT: The Court has conducted numerous
11	hearings with regard to all different types of defenses and
12	motions that have been filed. Do you understand that?
13	THE DEFENDANT: I understand.
14	THE COURT: Do you understand that we are two years
15	and nine months away from the time that this case started, and
16	we were six days, when you filed this motion, six days from
17	sentencing? Do you understand that?
18	THE DEFENDANT: Yes, sir.
19	THE COURT: Go ahead.
20	THE DEFENDANT: I understand that a lot of time has
21	passed and we are very late into this, but it's been well over
22	a year and a half since I have been trying to get certain
23	motions filed, certain types of arguments and defenses filed.
24	We haven't -- my counsel and I haven't seen eye to eye, and --
25	THE COURT: Well, now, we have been in court in the

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1  last year and how long did you say?
2             THE DEFENDANT:  We have been in court for two and a
3  half years.
4             THE COURT:  No.  But how long -- you said that you
5  had been trying to get motions filed in this Court for how
6  long?
7             THE DEFENDANT:  Over a year and a half.
8             THE COURT:  We have been in court since then.
9             THE DEFENDANT:  I understand.  If you will allow me
10 to clarify.  For instance, my Franks hearing.  My Franks
11 hearing was filed on the -- it covered the completely wrong
12 warrant.  It didn't even cover the right search warrant.  My
13 counsel hired an investigator to investigate my computer for
14 evidence of the nit after I told him that Tor doesn't leave --
15 the Tor browser doesn't leave evidence in it.  It uses a -- it
16 uses what's called disc avoidance feature, which means it
17 never writes anything to the hard drive unless you purposely
18 save something.  So it would never save any evidence, and yet
19 we still made that argument.  We still spent $7,500 for an
20 expert for that argument, and that argument would lead
21 nowhere.  And I told him this ahead of time, that it would
22 lead nowhere.
23            THE COURT:  Did you ever communicate that to the
24 Court?
25            THE DEFENDANT:  I did not communicate it to the

1  Court.  I wasn't aware that --
2         THE COURT:  What's the difference now?  What's the
3  difference now that you are communicating to the Court?  And
4  when all of this was happening, if things weren't going the
5  way that you said that they were going, if you were having
6  such a disagreement with your counsel, why didn't you say
7  something?
8         THE DEFENDANT:  I just didn't know what to do.
9         THE COURT:  Let's do this.  Let's go to your plea.
10  Remember your plea?
11         THE DEFENDANT:  Yes.
12         THE COURT:  Do you remember me asking you all those
13  questions with regard to your plea?
14         THE DEFENDANT:  I remember some of them.
15         THE COURT:  You remember some of them?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Do you remember me going over your Plea
18  Agreement?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Do you remember me asking whether or not
21  you understand and whether it's acceptable to you?
22         THE DEFENDANT:  Yes.
23         THE COURT:  Do you remember when I asked you if
24  anyone promised you anything, has anyone compelled you to do
25  this, is this your true -- have you weighed -- I think my

1  words were: Have you weighed all your options? Have you
2  discussed the case with counsel? Have you decided that you
3  wish to enter the pleas of guilty to this these counts, and
4  this decision is a voluntary decision on your part?
5       And you said, "Yes, Your Honor"?
6            THE DEFENDANT: Yes.
7            THE COURT: Why in the world -- what was going on
8  then? Why didn't you bring it up then? If you believed that
9  so many things were, say, missed or done wrong, why didn't you
10 bring it up?
11           THE DEFENDANT: I brought it up with counsel.
12           THE COURT: Why didn't you bring it up to me?
13           THE DEFENDANT: I wasn't aware that I could.
14           THE COURT: We were having a conversation. We were
15 standing right here.
16           THE DEFENDANT: I understand, Your Honor. But this
17 is the first time that I have ever been in this situation. I
18 didn't understand that I could just talk directly to you,
19 explain the situation.
20           THE COURT: We were talking to each other.
21           THE DEFENDANT: I understand --
22           THE COURT: We were talking directly. We were
23 having a discussion. Mr. Rion wasn't even involved in this
24 discussion. He was not involved in my discussion with you
25 with regard to your plea. And I do that specifically because

1  that is your plea.  You have to understand everything.
2       You told me that you have understood everything that he
3  discussed with you.  Is not that correct?
4           THE DEFENDANT:  I understood what he discussed with
5  me.  But I was unaware that I had any other options.  If I
6  would have known that I could just dismiss him at that point,
7  I would have.
8       I -- ever since I have gone to Butner, everything seemed
9  to be a little bit more clear.  They put me on a new
10 medication, and ever since then, I've kind of seen everything
11 differently.  So --
12          THE COURT:  You have kind of seen everything
13 differently.
14          THE DEFENDANT:  Yeah.
15          THE COURT:  I don't understand that.
16          THE DEFENDANT:  I hate confrontation.  I've
17 always -- I've always been a very submissive person.  I hate
18 confrontation, and I am not good at confronting people or just
19 saying what my problems are.  I am not good at confronting my
20 problems or my issues directly.
21          THE COURT:  You understand, Mr. Jones, that -- and
22 we have talked.  We have dealt with a motion to withdraw a
23 plea filed by your counsel.
24          THE DEFENDANT:  It didn't contain all the
25 information I gave him.

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1      THE COURT:  So all of these steps he's done
2 something wrong?  Every step that he's taken he's done
3 something wrong?
4      THE DEFENDANT:  The original motion to suppress was
5 sufficient.  I believe that the original motion to suppress
6 was all right.
7      THE COURT:  You understand a defendant doesn't have
8 an absolute right to withdraw his or her plea any time that --
9      THE DEFENDANT:  I understand.
10      THE COURT:  -- he wants to?  Do you understand that?
11      THE DEFENDANT:  Yes, sir.
12      THE COURT:  And the rules that I go by provide a
13 standard for withdrawing of a plea.  And after the Court
14 accepts a plea but before it imposes a sentence, a defendant
15 has to show the Court a fair and just reason for requesting
16 that withdrawal.  Do you understand that?
17      THE DEFENDANT:  Yes, Your Honor.
18      THE COURT:  The rule's really designed to allow
19 someone who has hastily entered a plea, who was unsure, who
20 was confused, who was doubtful at the time for that decision
21 to be undone.  That is why the Court goes through redundant
22 questioning.  That's why the Court asks question after
23 question after question after question with regard to a
24 defendant's understanding, with regard to a defendant's
25 thought process, as to regards to a defendant wanting to do

1    what he is doing -- he or she is doing.  Have you weighed all
2    the options.  That's why I asked you those questions.  Do you
3    understand that?
4            THE DEFENDANT:  Yes, sir.
5            THE COURT:  Not, not to allow a defendant, him or
6    her, to make a tactical decision to enter a plea, wait several
7    weeks, and then obtain a withdrawal of that plea.  But it's
8    been way over several weeks here.  We've been -- we're nine
9    months, or something like that.  Nine months.  Nine months.
10   If something was going on with regard to the adjudication of
11   these cases, these charges, isn't the time to bring that up
12   during the adjudication process prior to the plea, prior to
13   going through an hour or two-hour plea hearing in which the
14   Court has systematically asked you over and over and over and
15   over again whether you understood and whether you wanted to go
16   forward and whether you weighed that option and whether that
17   was your decision, your decision -- not Mr. Rion's decision --
18   your decision to enter pleas, correct?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Not for someone to change their mind if
21   they finally decide, based upon whatever, maybe a review of a
22   presentence investigation, maybe a review of recommendations,
23   that he or she has made a bad choice.  Do you understand?
24           THE DEFENDANT:  Yes, Your Honor.  I originally
25   decided to withdraw my plea not because of the PSI.  I hadn't

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1  even gotten it at that point.  I sent a letter to Mr. Rion
2  while I was at Butner trying to withdraw my plea.  The reason
3  was because I found new information regarding this case that
4  we were not able to address at pretrial motions.  So even
5  though he hadn't addressed what I previously wanted, there is
6  new information that I would like to address that has come out
7  since my plea.
8              THE COURT:  Your letter to me was dated June the
9  15th.
10             THE DEFENDANT:  Yes.
11             THE COURT:  2018.
12             THE DEFENDANT:  Yes.  That's when I --
13             THE COURT:  Not before you went to Butner.
14             THE DEFENDANT:  That's when I wrote you.  I wrote
15 Jon Paul while I was at Butner, though, trying to get him to
16 withdraw.  And we were in correspondence.  I was never able to
17 contact him the entire time I was in Butner.  We set up
18 conferences.  I would call on time.  He wouldn't be there.  I
19 never spoke to him the entire time I was there.  That's why I
20 wrote a letter.
21             THE COURT:  Well, obviously a defendant who wants to
22 withdraw a plea carries a burden of proving that a withdrawal
23 of the plea is justified, and the matter is left to my
24 discretion.  Do you understand that, Mr. Jones?
25             THE DEFENDANT:  Yes, Your Honor.  That's why I

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1  brought some paperwork with me.

2  THE COURT: The -- you brought some paperwork with
3  you?

4  THE DEFENDANT: Yeah. The new information I spoke
5  about in the letter, I brought it with me.

6  THE COURT: Well, what the Court looks at,
7  Mr. Jones, is the amount of time that elapsed between a plea
8  and the motion to withdraw. Of course, the presence and
9  absence of a valid reason and a failure, the reason why you
10 failed to move earlier, whether or not you are maintaining or
11 asserting your innocence as a reason to withdraw, I am not
12 quite sure I hear that. Circumstances underlying the entry of
13 the plea of guilty and, you know, I went back through. That
14 is the transcript of your plea of guilty (indicating). That
15 is every question I can even image asking a defendant to
16 determine whether or not he understands what has happened and
17 whether or not he knows what he's doing.

18    Mr. Rion, do you want to say anything?

19  MR. RION: No, Your Honor.

20  THE COURT: Mr. Patel? Ms. Smith, I'm sorry.
21 Either one.

22  MS. SMITH: With regard to the motion to withdraw,
23 Your Honor, I feel deeply I think our position is well set
24 forth in the filing that we prepared the Court, that Mr. Jones
25 just has not met his burden in establishing a valid reason to

1       do so at this time.
2               THE COURT: You know, Mr. Jones, I made a calendar
3       of everything that has happened in this case from November of
4       2015 when a criminal complaint was filed until your motion to
5       withdraw. I understand what you are saying. Do you
6       understand the number of motions that Mr. Rion filed on your
7       behalf?
8               THE DEFENDANT: Yes, I understand. My position is
9       that there was not adequate research for these motions ahead
10      of time. And I apologize that I filed this motion myself so
11      late, but I did my best to try to get my counsel to file it
12      ahead of time, file it timely. The only reason that I even
13      sent a letter myself was because I didn't believe that it
14      would ever get filed.
15              THE COURT: Filed what timely?
16              THE DEFENDANT: The motion to withdraw.
17              THE COURT: He filed his motion to withdraw.
18              THE DEFENDANT: I understand, but he did not include
19      any of the new evidence that --
20              THE COURT: He didn't include everything that you
21      wanted to include.
22              THE DEFENDANT: Yes. There is two other cases that
23      are identical to mine, same nit, same search warrant,
24      everything. They were able to withdraw their pleas because
25      they took their pleas before they knew about the Rule 41(b)

```
 1    violation.
 2              THE COURT:  Now, wait a minute.  Now before you tell
 3    me that, are you sure those cases are identical to you?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  You are sure they are identical?
 6              THE DEFENDANT:  100 percent.
 7              THE COURT:  Now, you weren't able to give me any
 8    citations?
 9              THE DEFENDANT:  No.
10              THE COURT:  Did you review the cases?
11              THE DEFENDANT:  I have reviewed them.
12              THE COURT:  How did you review them if you didn't
13    have the citation?
14              THE DEFENDANT:  I lost all the paperwork I had when
15    I went to Butner but --
16              THE COURT:  So you had those before Butler.
17              THE DEFENDANT:  I had those -- they were able to
18    withdraw their plea because they took their plea before they
19    knew about the Rule 41(b) violation.  The new information I
20    have is the special agent in charge of the investigation
21    admitting that the exploit searched the computer and sent
22    information back.  That information would not have been
23    included in the Pcap stream, which means that there was a
24    search before the nit search.  And we never received any
25    information from that.  I have the testimony in here.
```

1        THE COURT:  But you have lost all that paperwork.
2        THE DEFENDANT:  No, I have that here.  I don't have
3   Luerharms [phonetic], the withdrawals, the plea withdrawals.
4   I can get them.  I mean, I am sure you could look them up.
5        THE COURT:  Well, I am sure.  Well, you have got to
6   have the information to look them up, and we have attempted to
7   look them up.
8      Anything else, Mr. Jones?
9        THE DEFENDANT:  I mean, I can give other examples,
10  but, I mean, I don't really have anything else to say.
11       THE COURT:  Well, the Court, in reviewing all the
12  factors as set out by the *United States versus Bashara*, 27
13  Federal 3d, 1174-1181, Sixth Circuit, 1994, and pursuant to
14  all the Federal Rules of Criminal Procedure, find that the
15  motion to withdraw your plea is not well founded and therefore
16  it's denied.
17     In light of that decision, then, Mr. Jones, do you still
18  want to pursue your request for new counsel?
19       THE DEFENDANT:  No, Your Honor.
20       THE COURT:  Counsel, is that withdrawn?  I don't
21  want to make you withdraw that.  If you want to pursue it, the
22  Court will deal with it.
23       THE DEFENDANT:  Well, honestly, I don't see a point
24  if I am not able to withdraw my plea because after sentencing,
25  I mean, all that's going to be filed is a motion to appeal --

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1   a notice of appeal, so --
2           THE COURT: Do you want to be heard on that,
3   Mr. Rion?
4           MR. RION: No, Your Honor.
5           THE COURT: Mr. Patel, anything?
6           MR. PATEL: No, Your Honor.
7           THE COURT: All right. We will stand in recess for
8   about 15 minutes. Then we will proceed with the disposition.
9           THE COURTROOM DEPUTY: All rise. This court stands
10   in recess.
11       (Proceedings recessed from 12:31 p.m. until 12:31 p.m.)

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

CERTIFICATE OF REPORTER

I, Mary A. Schweinhagen, Federal Official Realtime Court Reporter, in and for the United States District Court for the Southern District of Ohio, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

s/Mary A. Schweinhagen

_____ November 5, 2018
MARY A. SCHWEINHAGEN, RDR, CRR
FEDERAL OFFICIAL COURT REPORTER