# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                    Plaintiff,      :      Case No. 3:16-cr-026

                                        District Judge Thomas M. Rose
- vs -                          Magistrate Judge Michael R. Merz

ROBERT JONES,

                     Defendant.     :

## DECISION AND ORDER

This case is before the Court on Motions of Defendant Robert Jones captioned (1) Defendant's *pro se* Motion & Memorandum for Reconsideration of the Magistrate's Order on 1/16/2020 (Denying) Motions (ECF No. 123, 124, 125, & 126)(ECF No. 128); (2) Defendant's Motion to Preserve . . .(ECF No. 129); (3) Defendant's *pro se* Motion for a Copy/CD of Any and All Trial Discovery Records (ECF No. 130); (4) Motion to Compel the united States Attorney (ECF No. 131); and (5) Defendant's Ex Parte Motion to Order Third Party Defense Expert to Secure . . . (ECF No. 132).

**Request for Recusal**

As a preliminary matter, Defendant requests that the undersigned recuse himself "from ruling on (this) motion for reconsideration based on an abuse of discretion, a record bias, and an arbitrarily capricious predisposition for denial of post-conviction remedies." (ECF No. 128, PageID 1421). Defendant reports:

> A search of (NEXIS-LEXIS) legal reporting index shows that this named magistrate has summarily and arbitrarily denied or recommended [sic] denial of more than (1,500) post conviction motions by prisoners/defendants that have passed his desk. Only one pleading was found that was granted. It is incredulous [sic] to accept that out of over 1500 motions, only ONE was found to have meritorious issues. This named magistrate has thereby demonstrated a clear and convicing [sic], if not suspicious record of an abuse of discretion when measured by a required arbitrary and capricious test; as well as ignoring issue precedent.

*Id.*

Jones does not give the reader any way to check his research, e.g, by stating what search terms he used. However, his conclusion from that research is incorrect. The undersigned frequently orders either the State (in § 2254 cases) or the federal government (in § 2255 cases) to file an answer responding to a petitioner's claims. Of course before doing so the Court must engage in initial screening under Rule 4 of the Habeas Rules or the § 2255 Rules; the Supreme Court in adopting those Rules commanded that that be done. But at the present time there are literally dozens of § 2254 or § 2255 cases pending in this Court where the undersigned ordered an answer. And for all of his research, Jones has failed to cite a single occasion when either a District Judge of this Court or a panel of the Sixth Circuit has reversed a decision of the undersigned for abuse of discretion, display of bias, or arbitrary and capricious action. In the only case the

undersigned has ever had heard in the Supreme Court of the United States, the undersigned recommended relief be granted in a capital habeas corpus case. *Bies v. Bobby*, 556 U.S. 825 (2009).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

28 U.S.C. § 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned. "This statute embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Ligon v. City of New York (In re Reassignment of Cases)*, 736 F.3d 119, 123 (2nd Cir. 2013), *vacated on other grounds* 743 F.3d 362 (2nd Cir. 2014), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

If Defendant's asserted facts were correct -- that I had recommended for summary dismissal over fifteen hundred post-conviction petitions or motions and only found one that had arguably meritorious issues – he would have a colorable case for recusal. But his statement of facts is incorrect. The request to recuse is DENIED.

**Motion for Reconsideration**

Defendant moves the Court to reconsider its Decision and Order (ECF No. 127) denying his previous motions for discovery prior to, and in preparation for, filing his motion to vacate under 28 U.S.C. § 2255.

Although courts have the authority to reconsider interlocutory (pre-judgment) decisions, they disfavor such motions because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

The Magistrate Judge denied Defendant's prior motions for pre-filing discovery for a number of reasons.

First of all, the above-captioned case is not presently pending: final judgment has been entered and affirmed. *United States v. Jones*, Case No. 18-3743, 2019 U.S. App. LEXIS 19503, 2019 WL 3764628 (6th Cir. Jun. 27, 2019)(copy at ECF No. 121). Until and unless Jones files a § 2255 Motion, he has no standing to invoke the discovery process provided in the Rules Governing § 2255 Motions. Jones cites no law in his Motion for Reconsideration which is to the contrary; much less does he show a "manifest error of law."

Second, Jones argued before and argues again that he cannot properly prepare a motion to vacate without this discovery. But he cites absolutely no authority under which this Court can compel

4

his prior lawyer, the United States Attorney, and a retained expert who is beyond the subpoena power of this Court to produce that discovery.

Third Jones claims that because he is indigent, it would "impos[e] on a liberty interest," violate "due process," and "obstruct justice" to require him to pay the fees required by the Judicial Conference of the United States for copies of court records. Aside from incantation of these constitutional phrases, Jones has offered no authority for this proposition. Surely if such authority exists, an incarcerated litigant who purports to have found more than 1,500 cases where the undersigned has summarily dismissed post-conviction matters could have found at least one case supporting his position that he is entitled to court records for free.

As authority for his Motion, Jones relies on *Maxwell v. Florida*, 479 U.S. 972 (1986) and *Spivey v. Zant,* 683 F.2d 881 (5th Cir. 1982). There is no majority opinion in *Maxwell*. Justices Brennan and Marshall dissented from the denial of certiorari based on their continuing view that the death penalty "is in all circumstances cruel and unusual punishment." In his dissent, Justice Marshall opined that habeas corpus counsel should have been given access to the trial attorney's file. The Magistrate Judge agrees. This Court has frequently granted habeas corpus counsel access to a trial attorney's files in pursuit of a habeas corpus claim of ineffective assistance of trial counsel. But that is within the context of a pending case in pursuit of a specific claim. If and when Jones actually files a § 2255 motion, he will be entitled to the Court's consideration of a motion for discovery under the § 2255 Rules.

Although *Spivey* is a Fifth Circuit case and therefore not binding on this Court, the Magistrate Judge considers it for its persuasive value. In that case a new habeas corpus attorney served the prior habeas attorney with a subpoena for his file. The circuit court reversed a district court order quashing the subpoena because it found the attorney's file might have materials that would resolve the question of the petitioner's competency. Again, the subpoena was served in a pending case.

5

Neither *Maxwell* nor *Spivey* shows that there was a manifest error of law in the Magistrate Judge's Decision and Order denying pre-filing discovery. The Motion for Reconsideration is therefore DENIED.

Defendant's contemporaneously filed motions restating his requests for pre-filing discovery (ECF Nos. 129, 130, 131, and 132) are DENIED for the same reasons given for denying the previously-filed cognate motions (ECF Nos. 123, 124, 125, and 126).

The Order is entered under authority of Fed.R.Civ.P. 72(a). If Defendant wishes to obtain review by a District Judge, he must file objections not later than seventeen days after being served with this Order.

February 7, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge