# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                      Plaintiff,      :        Case No. 3:16-cr-026
                                                      Also Case No. 3:20-cv-397

-   vs -

                                                      District Judge Thomas M. Rose
                                                      Magistrate Judge Michael R. Merz

ROBERT JONES,

                      Defendant.      :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 134). On the Court's order (ECF No. 135), the Government has filed an Answer (ECF No. 136) and Defendant has filed a Reply (ECF No. 137). Defendant's § 2255 Motion is therefore ripe for decision.

**Litigation History**

On November 2, 2015, a criminal complaint was filed in Case No. 3:15-mj-470 (docketed in this case at ECF No. 3) charging that the Defendant, between August 2 and 21, 2015, committed offenses in violation of 18 U.S.C. § 2251(a) & (e), 18 U.S.C. § 2422(b)(three counts), 18 U.S.C. § 2252(a)(2) & (b)(l)), and 18 U.S.C. § 2252(a)(4)(B) & (b)(2). Based on the Affidavit of FBI Special Agent Andrea Kinzig, the undersigned, acting on behalf of Chief Magistrate Judge Sharon Ovington, found there

1

was probable cause to believe Jones had committed these offenses. Judge Ovington issued a warrant for his arrest. He was brought before the Court for initial appearance on November 4, 2015, and counsel appointed (ECF No. 6).

On February 25, 2016, a grand jury for this District returned an Indictment charging Defendant in eleven counts with violations of 18 U.S.C. § 225l(a) & (e), 18 U.S.C. § 2252(a)(2) & (b)(l), 18 U.S.C. § 2252(a)(4)(B) & (b)(2), 18 U.S.C. § 24 22(b), and 18 U.S.C. § 2260A (ECF No. 20). At this point Jones discharged appointed counsel and retained Jon Paul Rion and Nathaniel Stuckey (ECF Nos. 22 and 24). Appearing at arraignment again before Judge Ovington, he entered a plea of not guilty (Minutes, ECF No. 23).

Attorney Rion filed a Motion to Suppress on May 23, 2015 (ECF No. 33). Before a hearing could be held on that motion, the grand jury returned a Superseding Indictment adding charges arising from use of Infant Male A in the production of child pornography in 2013 (ECF No. 43). On February 2, 2017, District Judge Rose denied the Motion to Suppress and Amended Motion to Suppress insofar as they sought to suppress evidence obtained by use of the Network Investigative Technique (NIT) authorized by a warrant issued by a Magistrate Judge in the Eastern District of Virginia (ECF No. 60).

On June 12, 2017, after the balance of the motions to suppress had been withdrawn or denied, Attorney Rion filed a Motion to Compel Discovery (ECF No. 67) and a Motion for a *Franks* Hearing (ECF No. 68), both of which the Court overruled (ECF Nos. 76 and 77).

On September 25, 2017, Jones entered into a written Plea Agreement with the United States 85; Transcript, ECF No. (ECF No. 84) and Judge Rose conducted a plea colloquy hearing (Minutes, ECF No. 85; Transcript, ECF No. 92). On March 12, 2018, Attorney Rion filed a Motion to Withdraw Guilty Plea on Jones' behalf (ECF No. 91) which Judge Rose denied after hearing (ECF No. 94). On June 21, 2018, Jones filed a *pro se* Motion to Withdraw Guilty Plea and for the

appointment of new counsel (ECF No. 96) which Judge Rose also denied (ECF No. 100). Jones was then sentenced to imprisonment as follows:

> 360 months on each of Counts 1, 2, 4, 5, 7, 9, 10, and 11 to be served concurrently to each other; Life on Counts 3 and 6 to be served concurrently with each other and with Counts 1, 2, 4, 5, 7, 9, 10 and 11; 120 months on Count 13 to be served consecutively with each other to all Counts.

(Judgment, ECF No. 102, PageID 1201.) Jones appealed and the Sixth Circuit affirmed. *United States v. Jones*, Case No. 18-3743 (6th Cir. Jun. 28, 2019)(unpublished; copy at ECF No. 121). Jones did not seek review by the United States Supreme Court, but filed his § 2255 Motion within one year of the expiration of the time within which he could have sought certiorari, making his filing timely under 28 U.S.C. § 2255(f).

**Positions of the Parties**

**Defendant's Motion**

Jones pleads the following four grounds for relief:

> **Ground One**: Counsel was ineffective by misrepresenting plea negotiations & plea offers, as well as inaccurately & untruthfully advising how to proceed during plea negotiations. Counsel also failed to properly prepare for trial.
>
> **Ground Two**: Counsel was ineffective by failing to raise substantive grounds & arguments available & known to counsel during pretrial motions phase. Counsel also raised multiple invalid arguments and/or meritless arguments during this phase, which further prejudiced the defendant: Counsel also hired an "expert" to examine the wrong discovery materials.

3

> **Ground Three**: Counsel was ineffective by failing to present timely evidence before the court demonstrating the petitioner's mental health history and history as a victim of severe physical & sexual abuse from Satanic cult activity and ritualistic abuse as an infant and toddler. This precluded the defendant from presenting a defense.
>
> **Ground Four**: Counsel was ineffective by failing to investigate or "vet" experts hired, resulting in hiring a non-credible computer forensic "expert" and an "expert" of psychology who couldn't even remember where she obtained her PhD, & then revealed to have obtained it from a college which was shut down due to issuing fraudulent diplomas.

*Id.* at PageID 1456. Although Jones was represented by a number of different attorneys in this Court and on appeal, his claims are directed only at the actions or omissions of Attorney Jon Paul Rion.

Jones begins his Motion with three pages of facts about the federal investigation of the Playpen website before coming to facts about his own case (ECF No. 134, PageID 1452-54). He then recites purported[1] facts relating to his particular case. *Id.* at PageID 1454-55.

Jones then offers what he labels as an Analysis Of Counsel's Ineffective Assistance Throughout Plea Negotiations, Notice Of Insanity Defense, & Withdrawl [sic] Of Plea. *Id.* at PageID 1457-66. He follows with a section analyzing his claims of ineffective assistance of trial counsel in presenting the Motions to Suppress (PageID 1466-78) including sub-sections on Failure to Include Relevant Evidence to Establish Bad Faith Behaviors of the DOJ & NIT Affiants (PageID 1467-74), Failure to Address Trial Court Errors (PageID 1474-75), Failure to Raise Motion to Suppress on Illegally Seized Phone (PageID 1476-78). Next he argues ineffective assistance of trial counsel relating to the Motion to Compel (PageID 1478-83). Then he complains about Attorney Rion's handling of the Motion for a *Franks* Hearing (PageID 1483-92).

---

[1] The Motion does not cite sources for these facts.

Defendant concludes by asking for an evidentiary hearing and then a restart of the whole criminal process (PageID 1492-93). Alternatively he requests re-sentencing to the mandatory minimum of twenty-five years.[2]

**The United States' Answer**

The Government begins by asserting no evidentiary hearing is needed because Jones's claims are refuted by the existing record (ECF No. 136, PageID 1524).

The Answer then describes the background of the Playpen investigation *Id.* at PageID 1524-25. Although Jones was not prosecuted for anything related to his access to the Playpen site, the Government concedes that the NIT led to Jones. *Id.* at PageID 1525. The Answer then describes the ensuing FBI investigation of Jones through the grand jury indictment *Id.* at PageID 1525-28. It concedes that thereafter it began plea negotiations by "convey[ing] in general terms a Rule 11(c)(1)(C) plea "offer" of either 24 years or a range of 20-30 years, with an expiration of May 20, 2016." *Id.* at PageID 1528.

Jones did not accept the plea offer and filed a Motion to Suppress which claimed the NIT warrant from the Eastern District of Virginia was void *ab initio*, the search warrant for his residence was fruit of the poisonous NIT tree, and his statements during the search should also be suppressed. *Id.* at PageID 1529. The FBI was able to unlock several devices seized in the initial search warrant execution which revealed additional child pornography images, resulting in the Superseding Indictment. The Answer then continues to describe the litigation history in a manner consistent with what has been set forth above. *Id.* at PageID 1529-36.

---

[2] In requesting this alternative sentence, Jones acknowledges that twenty-five years is the mandatory minimum for the crimes to which he pleaded guilty, even though he earlier in the Motion claims the benefit of a twenty-four year plea agreement which he claims the Government offered.

As to Jones' claim that Attorney Rion told him he could still accept the twenty-four year deal after it had expired if negotiations for an eighteen-year deal proved fruitless, the United States notes Jones was fully aware that the twenty-four year deal was no longer available when he signed the Plea Agreement sixteen months later in September 2017. *Id.* at PageID 1536-37. While Jones claims Attorney Rion incorrectly told him told him he could raise new issues on appeal, he does not identify what those issues are. *Id.* at PageID 1537-39[3]. As to the claim that Attorney Rion provided ineffective assistance of trial counsel by not claiming that 18 U.S.C. § 2260A violates the Double Jeopardy and Ex Post Facto clauses, the United States defends that claim on the merits. *Id.* at PageID 1539. Jones claims Attorney Rion did not properly challenge the time stamp on the video that formed the basis for Count I or the "exploit" component of the NIT; the United States also defends this claim on the merits. *Id.* at PageID 1539-40. Finally, in response to Jones' argument that Attorney Rion should have done more to litigate the motions to suppress, to compel, and for a *Franks* hearing, the Government notes that all of Jones's arguments have been rejected by the federal circuit courts. *Id.* at PageID 1541-43.

**Defendant's Reply**

Regarding the twenty-four year possible plea, Defendant continues to insist Attorney Rion wanted him to take it because he was not prepared for trial and also assured Jones it would still be available if the Government turned down the eighteen-year offer (Reply, ECF No. 137, PageID 1545-48.

Regarding the "new issues" claim, Defendant says that what he wanted to raise were issues about the Government's bad faith in obtaining the NIT warrant. *Id.* at PageID 1548-49.

---

[3] But see discussion of this issue *infra* in the summary of Jones's Reply.

Regarding the Government's claim in Count 13 that Jones committed the other offenses in the Indictment while under an obligation to register as a sex offender, Jones states "It will always be the Defendant's firm position that his original sentence for his 2003 conviction was 3 years of probation and 10 years of registration." *Id.* at PageID 1549-50.

Regarding his claims about the "exploit" part of NIT, Jones claims that seizing information about "exploit" from his computer and then not turning it over in discovery constitutes a Fourth Amendment violation which Attorney Rion should have raised. *Id.* at PageID 1551.

As to inclusions in the pre-trial motions, Jones argues that the systemic bad faith of Government agents has never been considered to this day. *Id.* at PageID 1551-52. In his conclusion, Jones withdraws his Double Jeopardy and Ex Post Facto claims, his claim that he was offered a ten-year sentence for cooperation in solving a murder, and any claim relating to a seized iPhone 5. *Id.* at PageID 1552.

## Analysis

Defendant's four Grounds for Relief all allege he received ineffective assistance of trial counsel from trial attorney Jon Paul Rion in various ways.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a

7

> defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

Recognizing the applicability of *Strickland*, Jones also relies on *Rodriguez-Penton v. United States*, 905 F.3d 481 (6th Cir. 2018).  In that case the Sixth Circuit held a defendant can satisfy the prejudice prong of *Strickland* in other ways than showing he would otherwise likely have gone to trial.  905 F.3d at 488.  For example, he can show that he would have bargained for

8

a different plea agreement and show its probability by pointing to plea agreements the Government has made with similarly situated defendants. *Id.* At the end of the process, however, "he must present evidence sufficient to undermine confidence in the outcome of the plea-negotiation process. 905 F. 3d at 489.

**Decision on Appeal**

When Jones appealed, he was appointed new counsel, C. Ransom Hudson, a well-experienced Assistant Federal Defender for this District. Having reviewed the record, Attorney Hudson filed a brief in the Sixth Circuit pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Sixth Circuit accepted the *Anders* brief, allowed Attorney Hudson to withdraw, and noted that Jones had not filed a brief *pro se* despite notice of the opportunity. *United States v. Jones*, Case No. 18-3743, slip opinion at ECF No. 121, PageID 1377. It analyzed the three arguable issues about pre-trial motions and found that this Court did not err in denying the motion to suppress, the motion for a *Franks* hearing, and the motion to compel discovery. *Id.* at PageID 1377-81.

The Sixth Circuit decision on appeal precludes Jones' arguments that he received ineffective assistance of trial counsel from Attorney Rion in filing the motions to suppress, for a *Franks* hearing, and to compel. It cannot constitute deficient performance or be prejudicial for an attorney to fail to file motions or support them in other imaginable ways when the Court of Appeals has determined those arguments are without merit. Although claims of trial court error and ineffective assistance of trial counsel are analytically distinct, it cannot be ineffective assistance of trial counsel to fail to raise meritless claims. To the extent Jones' Motion to Vacate relies on

9

claims of omissions from the motions to suppress, for a *Franks* hearing, and to compel discovery, it is without merit and should be denied.

**The Unaccepted Twenty-Four Year Offer**

Jones complains that Attorney Rion told him that the twenty-four year Rule 11(c)(1)(C) offer would still be on the table if he rejected it and sought an eighteen-year deal. Jones' filings tell the Court nothing more about plea negotiations after that one conversation in May 2016, except that when he spoke with Attorney Rion's colleague, Christian Cavalier, after the Superseding Indictment was returned in July, 2016, Cavalier told him he would be lucky to get a thirty-year agreed sentence. The reason is obvious: the criminal conduct for which the grand jury found probable cause is much more serious than mere possession of child pornography. Jones does not claim that at any point in time after that conversation with Cavalier, he told Rion to attempt to accept the twenty-four year offer which he now claims he understood was still on the table.

In light of the Superseding Indictment and the eventual sentence agreed to, Attorney Rion's advice in May, 2016, to accept the twenty-four year offer was eminently good advice. Rion did not at that time know what was on the locked phone. Neither did the United States and it is possible the Government would have given up the attempt to unlock the phone once they had a sentence they could live with. But Jones knew what was on the locked phone and should have appreciated the risk the Government would have been able to unlock it, given his apparent Internet sophistication. But he gave up the opportunity to end the case without that evidence coming out.

**The Impact of the Plea Agreement**

As noted above, Jones eventually pleaded guilty pursuant to a written Plea Agreement (ECF No. 84). Paragraph 5 of the Agreement provides:

> **Oath:** Defendant understands that before the Court accepts his guilty pleas, the Court must address Defendant personally in open court, during which the Court may place Defendant under oath. Defendant further understands that the government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath.

*Id.* at PageID 1023. In Paragraph 6 Jones agreed that the attached Statement of Facts was true and accurate. *Id.* at PageID 1023-24. In Paragraph 14 he represented "that he has conferred with his attorney regarding this Plea Agreement and the facts and circumstances of this case, including the applicable law and potential defenses, and that he is fully satisfied with the representation, advice, and other assistance of his attorney in this case."

Before accepting Jones' guilty plea, Judge Rose conducted the plea colloquy required by Fed. R. Crim.P. 11. (Transcript, ECF No. 92.) Judge Rose explained the oath and the consequences of lying under oath, then swore Jones to answer questions truthfully. *Id.* at PageID 1064-65. On Jones' behalf, Attorney Rion offered a reservation about whether the registration requirement on which Count 13 depends was for life or for ten years, with Rion's opinion, after investigation, being that it was for life with the possibility of moving for relief after ten years. *Id.* at PageID 1069. Jones indicated he was prepared to plead guilty to Count 13, thereby admitting that the registration requirement was in place when he committed the offenses charged in the Superseding Indictment. *Id.* at PageID 1070. Assistant United States Attorney Patel then read the Statement of Facts and Jones agreed they were true. *Id.* at PageID 1084-85. Asked multiple times

11

if he had gone over everything with Attorney Rion, Jones answered "yes" and posed no questions or complaints about the representation he had received.

Many federal criminal defendants pursue exactly the same course as Jones has pursued here: sworn to tell the truth, they sign a plea agreement, acknowledge it to be their free and voluntary act, answer questions put to them by the Court to ensure they understand and agree, plead guilty, then try to repudiate their answers and agreement by saying they only did what their attorneys told them to say and do. To allow defendants to pursue such a course successfully would eliminate the utility of the plea negotiation process. However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the trial court findings of fact and to the judgment itself. *Id.* at 326–27.

Defendant is bound by his Plea Agreement written statement of satisfaction with Attorney Rion's representation and his confirmation of that during the plea colloquy. In particular, his "firm belief" that he was not still under a registration requirement when he committed the offenses alleged in the Superseding Indictment is contradicted by his agreement with the Statement of Facts and his complete failure to provide any documentary proof of his position. "Firm beliefs" are not facts.

**Failure to Consider Alleged Systemic Bad Faith in the Playpen Investigation**

As the Government's Answer shows, the specific claims Jones makes about the Playpen investigation and use of the NIT have been considered and uniformly rejected by district and circuit courts throughout the country. But Jones says we should go further and investigate the alleged systemic bad faith of government agents in conducting that investigation.

Whether such bad faith occurred and whether it was systemic is not material to this case. Jones was not prosecuted on the basis of any evidence obtained as a result of the Playpen investigation, thus suppression of all of the results of that investigation would have no impact on the outcome of this case. It is true that Jones' identity as a person interested in child pornography came to the Government's attention as the result of finding him as a person who accessed the Playpen website. But the evidence on which he was convicted was obtained as a result of a search warrant issued by a judge of this Court and the propriety of that warrant has been upheld by the Sixth Circuit.

**Conclusion**

Defendant's Motion to Vacate is without merit and should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 6, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.