# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:16-cr-026
                                          Also Case No. 3:20-cv-397

- vs -

                                          District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

ROBERT JONES,

                Defendant.    :

## DECISION AND ORDER

This criminal case is before the Court on Defendant's Objections (ECF No. 139) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 138) recommending denial of Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 134).

As required by Fed.R.Civ.P. 72(b)(3), the District Judge has reviewed *de novo* all portions of the Report to which Defendant has made objection and rules on those objections in this Order.

All of Jones's claims in this case assert ineffective assistance of trial counsel, Jon Paul Rion who represented Defendant from March 2, 2016, through motion practice, negotiation of the Plea Agreement, and until sentencing on July 26, 2018. On appeal Defendant was represented by C. Ransom Hudson of the Federal Public Defender's Office who filed an *Anders* brief and was permitted to withdraw. Defendant then failed to file a *pro se* brief, although offered an opportunity to do so.

1

Having said both in the written Plea Agreement (ECF No. 84, PageID 1026) and in the plea colloquy (ECF No. 92, PageID 1100, 1103-04) that he was satisfied with Attorney Rion's representation, Defendant now rests his case on complete denial of that admission.

**Ineffective Assistance:  Presenting Pre-trial Motions**

Jones' first set of issues claims Rion was ineffective in presenting the Motions to Suppress (PageID 1466-78) including sub-sections on Failure to Include Relevant Evidence to Establish Bad Faith Behaviors of the DOJ & NIT Affiants (PageID 1467-74), Failure to Address Trial Court Errors (PageID 1474-75), and Failure to Raise Motion to Suppress on Illegally Seized Phone (PageID 1476-78). Next he argues ineffective assistance relating to the Motion to Compel (PageID 1478-83). Then he complains about Attorney Rion's handling of the Motion for a *Franks* Hearing (PageID 1483-92).

Despite the *Anders* brief, the Sixth Circuit analyzed the three arguable issues about pre-trial motions and found that this Court did not err in denying the motion to suppress, the motion for a *Franks* hearing, and the motion to compel discovery. *United States v. Jones*, Case No. 18-3743, slip opinion at ECF No. 121, PageID 1377-81.  The Magistrate Judge concluded the Sixth Circuit decision was dispositive of Jones's ineffective assistance of trial counsel claims related to those issues because "[i]t cannot constitute deficient performance or be prejudicial for an attorney to fail to file motions or support them in other imaginable ways when the Court of Appeals has determined those arguments are without merit."  (Report, ECF No. 138, PageID 1564).

Jones objects that the Court of Appeals only ruled the way it did because Attorney Rion's motions were so poorly done (Objections, ECF No. 139, PageID 1571-72).  That is simply not so.

The Sixth Circuit decided these issues on the merits and says nothing about how it might have decided them differently if Attorney Rion had presented them differently.  Jones's plea, negotiated by Attorney Rion, was conditional and he preserved the right to raise these pre-trial issues on appeal.  But when his appellate attorney conceded they had no merit, Jones made no effort to file a brief himself.

**Ineffective Assistance in Plea Negotiations**

Jones' second claim is that Attorney Rion provided ineffective assistance in plea negotiations when he told Jones the Government's twenty-four sentence year offer would still be on the table if Rion tried for eighteen years and the Government would not accept that.  The Magistrate Judge found this claim implausible because shortly after Jones rejected the twenty-four year offer, the Government successfully unlocked the phone with the most offensive images and then obtained the Superseding Indictment.  In fact Jones admits Attorney Rion's partner, Attorney Cavalier, told him, shortly after the Superseding Indictment, that he would be lucky to get thirty years.

Jones continues to insist that he is not guilty of the enhancement for committing these offenses while under a registration requirement for a prior offense (Objections, ECF No. 139, PageID 1573).  This issue was thoroughly vetted during the presentence process and found to be without merit.  The Court entertained the issue even though Jones had admitted the enhancing facts in the Statement of Facts attached to the Plea Agreement.

Jones continues to believe he should be allowed to litigate in this case the asserted bad faith of the Government in obtaining permission to use the Network Investigative Technique in the

Playpen cases.  As noted in the Report, Jones was not prosecuted with any evidence obtained in the Playpen litigation, including by use of the NIT.  These claims are therefore irrelevant.

**Conclusion**

Having considered the Objections de novo, the Court finds the Magistrate Judge's Report is neither clearly erroneous nor contrary to law.  Accordingly, the Report is ADOPTED and Defendant's objections are OVERRULED.  Defendant's Motion to Vacate is ordered DISMISSED WITH PREJDUICE and the Clerk will enter judgment accordingly.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2021                                                                                      *s/Thomas M. Rose

                                                                                     _____
                                                                                     Thomas M. Rose
                                                                                     United States District Judge