# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 3:16-cr-00026 |
|  |  |  |
|  |  | District Judge Thomas M. Rose |
| -  vs  - |  | Magistrate Judge Michael R. Merz |
|  |  |  |
| ROBERT STEVEN JONES, |  |  |
|  |  |  |
| Defendant. | : |  |

---

# TRANSFER ORDER

---

This federal criminal case is before the Court on Defendant's recent Motion to Vacate under 28 U.S.C. § 2255 ("Motion," ECF No. 145). Because this is the second such motion filed by Defendant and he has produced no proof of approval to proceed from the circuit court, this Court proceeds first to determine whether the Motion is second or successive within the meaning of 28 U.S.C. § 2255(h). If it is, Jones needs circuit court permission to proceed.

**Litigation History**

A criminal complaint charging Jones was filed in this Court November 2, 2015, resulting in Jones' arrest (ECF No. 4). A grand jury for this District returned an Indictment on February 25, 2016 (ECF No. 20) and a First Superseding Indictment on July 14, 2016 (ECF No. 43).

1

Jones moved to suppress evidence obtained as a result of use of the network investigative technique ("NIT") authorized by Magistrate Judge Buchanan on May 23, 2016 (ECF No. 33) and November 21, 2016 (ECF No. 53). Judge Rose overruled those motions on February 2, 2017 (Entry and Order, ECF No. 60). His decision includes extended discussion of the NIT and cites numerous other courts which have considered this particular search. He outlined how the NIT worked and why the results of a search using it were not unconstitutionally seized. In particular he quoted *United States v. Leon*, 468 U.S. 897 (1984)("To the extent that proponents of exclusion rely on its behavioral effects on judges and magistrates...their reliance is misplaced...the exclusionary rule is designed to deter police misconduct rather than punish the errors of judges and magistrates.") *Id.* at 916; and *United States v. Master*, 614 F.3d 236, 242 (6th Cir. 2010) (The exclusionary rule is designed "to curb police rather than judicial misconduct.")(quotation marks and citation omitted).

On September 25, 2017, Jones entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, and 13 of the Superseding Indictment, reserving the right to appeal denial of suppression and discovery (ECF No. 84, PageID 1021). Pursuant to the Plea Agreement, Judge Rose accepted Defendant's guilty plea and sentenced him to the sentence he is now serving (ECF Nos. 85, 101, 102). Jones appealed but the Sixth Circuit affirmed (ECF No. 121).

Jones filed his first Motion to Vacate under 28 U.S.C. § 2255 on September 23, 2020 (ECF No. 134). Judge Rose denied that motion on January 28, 2021 (ECF No. 140) and Jones did not appeal. He filed the instant Motion on March 2, 2026 (ECF No. 145).

**Is the Motion Second or Successive?**

When a person files a second or successive motion to vacate under 28 U.S.C. § 2255, they require permission from the circuit court to proceed.  28 U.S.C. §§ 2244 2255(h).  When a second-in-time motion to vacate is filed without the required permission, the District Court must first determine if it is second or successive.

Jones asserts the Motion is not second or successive because

> The Supreme Court in *Panetti v. Quarterman*, 551 U.S. 930 (2007), held that §2244's bar on second or successive petitions does not apply where the claim was unripe at the time of the first habeas petition. Petitioner's prior §2255 (2020) could not have raised this claim because it was undiscoverable until February 26, 2025. Thus, this Court retains jurisdiction.

(Motion, ECF No. 145, PageID 1643).

Petitioner's new claim, as the undersigned understands it, is that the evidence upon which he was convicted was unconstitutionally obtained as the result of the FBI's obedience to an unlawful search warrant issued by United States Magistrate Judge Theresa Carroll Buchanan in the Eastern District of Virginia on February 20, 2015.  In issuing that warrant, Defendant claims Magistrate Judge Buchanan "wholly abandoned her judicial role" and commanded the FBI to violate a criminal statute by operating a website that displayed and disseminated child pornography.

In *Panetti*, the Supreme Court held that the habeas petitioner's claim of incompetency to be executed was not ripe at the time of his first petition under 28 U.S.C. § 2254 and therefore could be heard in a second petition after it became ripe.  Jones makes no argument for how this case comes within the exception recognized in *Panetti*.  Magistrate Judge Buchanan had already issued

3

the search warrant in question, it had been executed, and the evidence obtained had been used in this case.

"[A] numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir.2010). To determine whether a petition is second or successive, the abuse of the writ standard is applied. *In re Bowen*, 436 F.3d 699, 704 (6th Cir.2006) (collecting cases). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id*. (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)).

The Magistrate Judge concludes the instant Motion is second or successive.  Magistrate Judge Buchanan had already performed the act (issuing the search warrant authorizing the NIT) which Defendant claims placed her completely outside of the judicial role.  That act had already had its consequence of collecting evidence used against Defendant.  In fact Defendant had already challenged that act in his Motion to Suppress and Judge Rose had determined it properly came within her role as authorized by the Magistrates' Act, 28 U.S.C. §§ 636, *et seq.*

What Defendant learned on February 26, 2025, was a different way of characterizing that act, to wit, as authorizing or commanding violation of a federal criminal statute.  This way of constructing the claim was provided to Defendant by his father from a question put to Chat GPT, an artificial intelligence chatbot (See ECF No. 145-3).  While the chatbot is not licensed to practice law and it was careful to distinguish what it reported from legal advice, its output cannot be properly classified as making Defendant's claim newly ripe.  Had he retained an attorney who looked at what Chat GPT looked at and said "You need to shape what was done as the judge's having stepped outside her judicial role," that would not have made that claim newly ripe.  A

4

second-in-time § 2255 motion does not become any less second or successive because a lawyer discovers that it was there all along.

Jones does not cite any legal authority for the proposition that a judge's acting outside her judicial role is a violation of the Constitution, although the Magistrate Judge accepts that as a general proposition.  If, for example,  Jones had newly discovered in 2025 that Magistrate Judge Buchanan had assisted the FBI in executing the NIT, that could constitute a violation of separation of powers.  But that is not what happened.  All the facts that give rise to Defendant's new claim had already happened and were known to before he pleaded guilty, much less before he filed his first Motion to Vacate.

The district court must decide in the first instance whether a habeas petition or § 2255 motion is second or successive.  Upon making that finding, it must transfer the case to the circuit court for its determination in the first instance whether to allow the case to proceed.  *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re  Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case.  *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re:  Cedric E. Powell,* Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

**Order to the Clerk:**

Accordingly, the Clerk is ordered to transfer this case to the Sixth Circuit Court of Appeals for its determination of whether Defendant may proceed in this Court.

March 5, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

6